FILED
2020 May-29  PM 12:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **Michael C. Threatt,** | |
| **Plaintiff(s),** | |
| **v.** | |
| **Sylacauga Housing Authority, Commissioners James Adams, Alma Jean Cook, Matt Hubbard, Patrick Lozito, Phillip Morris, and Mayor of Sylacauga Jim Heigl** | **Civil Action No. 20-CV-00096-SGC** |
| **Defendant(s).** | |

## SYLACAUGA HOUSING AUTHORITY'S ANSWER TO AMENDED COMPLAINT

Defendant Sylacauga Housing Authority ("SHA"), submits this Answer to Plaintiff's Amended Complaint, and sets forth and assigns as follows:

### I.    INTRODUCTION

SHA is a public housing agency that provides healthy, safe, and sustainable affordable housing promoting economic self-sufficiency and homeownership programs, high-level aging in place and supportive housing services, workforce housing and workforce development opportunities.  SHA hired Plaintiff Threatt as its Executive Director on November 2, 2017.  SHA had great hopes and expectations for Mr. Threatt's administration, but was sorely disappointed.   Threatt's

administration was chaotic, disorganized, unproductive, wasteful, dishonest, and fomented discord and hostility in the community and with and among SHA's employees.  Threatt permitted SHA's properties to fall into disrepair.  He created several new, unnecessary positions for his cronies, and gave himself and his cronies exorbitant salaries and benefits, which cost SHA over Nine Hundred Thousand Dollars per year.  Threatt was combative, uncooperative, and failed to provide requested and required information to SHA's Board of Commissioners.

SHA did not discriminate against Mr. Threatt on the basis of his race, and did not retaliate against him in violation of Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1966, 42 U.S.C. § 1981, the False Claims Act, or the Fair Housing Act.  Instead, Threatt's employment was terminated for legitimate, non-discriminatory, non-retaliatory reasons.

## II.    JURISDICTION AND VENUE

1.    SHA admits 28 U.S.C. §1331 grants district courts with original jurisdiction to civil action arising under the laws of the United States.  SHA admits 31 U.S.C. § 3730(h)(2) grants district courts with jurisdiction for claims asserted under 31 U.S.C. § 3730(h).  SHA admits 31 U.S.C. § 3732(a) grants district courts with jurisdiction for claims asserted under 31 U.S.C. § 3730.  Except as expressly admitted, the allegations in paragraph 1 are denied.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Answer to Amended Complaint

2.    SHA admits Plaintiff was employed in Sylacauga, Talladega County, Alabama, which lies in the Eastern Division of the United States District Court for the Northern District of Alabama.  Except as expressly admitted, the allegations in paragraph 2 are denied.

### III.   PARTIES

3.    SHA admits Plaintiff is an African American adult United States citizen.  SHA admits upon information and belief Plaintiff is a resident of the State of Alabama.  SHA admits Plaintiff was an "employee" of SHA.  Except as expressly admitted, the allegations in paragraph 3 are denied.

4.    SHA admits it is a Municipal (governmental) entity, a public housing authority created pursuant to the Alabama Housing Authorities Law, Ala. Code § 24-1-20, *et seq.*  SHA admits it receives federal funding and subsidies from the United States Department of Housing and Urban Development ("HUD").   Except as expressly admitted, the allegations in paragraph 4 are denied.

5.    SHA admits James Adams is a SHA Board Commissioner.  SHA admits the Board of Commissioners determine policies and resolutions of SHA. Except as expressly admitted, the allegations in paragraph 5 are denied.

6.    SHA admits Alma Jane Cook is a SHA Board Commissioner.  SHA admits the Board of Commissioners determine policies and resolutions of SHA. Except as expressly admitted, the allegations in paragraph 6 are denied.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Answer to Amended Complaint

7.     SHA admits Matt Hubbard is a SHA Board Commissioner.  SHA admits the Board of Commissioners determine policies and resolutions of SHA. Except as expressly admitted, the allegations in paragraph 7 are denied.

8.     SHA admits Patrick Lozito is a SHA Board Commissioner.  SHA admits the Board of Commissioners determine policies and resolutions of SHA. Except as expressly admitted, the allegations in paragraph 8 are denied.

9.     SHA admits Phillip Morris is a SHA Board Commissioner.  SHA admits the Board of Commissioners determine policies and resolutions of SHA. Except as expressly admitted, the allegations in paragraph 9 are denied.

10.     SHA admits Jim Heigl is the Mayor of the City of Sylacauga.  SHA admits the Mayor appoints the Commissioners to SHA's Board.  Except as expressly admitted, the allegations in paragraph 10 are denied.

## IV.    ADMINISTRATIVE EXHAUSTION

11.     SHA admits Plaintiff filed charges of discrimination and retaliation with the EEOC within 180 days of purported conduct about which Plaintiff complains.  SHA denies it engaged in any acts in violation of any statute enforced by the EEOC.  Except as expressly admitted or denied, the allegations in paragraph 11 are denied.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Answer to Amended Complaint

12.    SHA admits he EEOC issued a "no cause" determination and Dismissal and Notice of Rights to Plaintiff on November 1, 2019, as to Charge No. 420-2020-00184.  Except as expressly admitted, the allegations in paragraph 12 are denied.

13.    SHA admits claims under 42 U.S.C. §1981 require no administrative exhaustion and are subject to a four-year statute of limitations.  Except as expressly admitted, the allegations in paragraph 13 are denied.

14.    SHA admits claims under retaliation provision the False Claims Act require no administrative exhaustion and are subject to a three-year statute of limitations.  Except as expressly admitted, the allegations in paragraph 14 are denied.

15.    SHA admits claims arising under the Fair Housing Act require no administrative exhaustion and are subject to a two-year statute of limitations.  Except as expressly admitted, the allegations in paragraph 15 are denied.

## V.    FACTS

16.    Admitted.

17.    Admitted.

18.    SHA admits the Board of Commissioners adopts policies and resolutions, and provides policy and guidelines to the Chief Executive Officer. Except as expressly admitted, the allegations in paragraph 18 are denied.

19.    Admitted.

20.    Admitted

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Answer to Amended Complaint

21.    SHA admits there were changes in the make-up of the Commissioners on SHA's Board during Threatt's tenure.   Except as expressly admitted, the allegations in paragraph 21 are denied.

22.    SHA admits its Bylaws require compliance with Alabama law, which provides, in pertinent part, that a municipal housing authority "shall consist of five commissioners appointed by the mayor." Ala. Code § 24-1-24(a).   Except as expressly admitted, the allegations in paragraph 22 are denied.

23.    Admitted Jim Heigl was elected Mayor of Sylacauga in November of 2016, and has served as Mayor since that time.   Except as expressly admitted the allegations in paragraph 23 are denied.

24.    Admitted Plaintiff was required to be the administrative and chief executive officer of SHA, fully answerable to the Board of Commissioners, and was required to perform all duties assigned to him under the By-Laws and established operating policies of SHA, supervise and be responsible for all public housing management, maintenance, development and construction programs undertaken by SHA and be responsible for and exercise general supervision for the proper and efficient performance of duties of all other employees within the established operating Personnel Policies of SHA, and be responsible for daily operations, including personnel matters. Except as expressly admitted, the allegations in paragraph 18 are denied.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Answer to Amended Complaint

25.     Admitted Plaintiff hired Heather Mueller as SHA's Chief Financial Officer, a position newly created by Threatt, and Mueller began her employment with SHA on August 20, 2018.  Except as expressly admitted, the allegations in paragraph 25 are denied.

26.     Admitted Plaintiff hired Daniell Womack as SHA's Chief Housing Officer, a position newly created by Threatt, and Womack began her employment with SHA on September 4, 2018.  Except as expressly admitted, the allegations in paragraph 26 are denied.

27.     Admitted Plaintiff hired Nicole Daniels as SHA's Chief Human Resources Officer, a position newly created by Threatt, and Daniels began her employment with SHA on September 18, 2018.  Except as expressly admitted, the allegations in paragraph 27 are denied.

28.     Admitted Plaintiff, Mueller, Womack, and Daniels collectively made up Threatt's newly created executive leadership team. Except as expressly admitted, the allegations in paragraph 28 are denied.

29.     Admitted.

30.     SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 30 and therefore denies same.  SHA further denies it engaged in any fraudulent billing practices.

31.    Defendant admits Mueller sought to identify potential firms to conduct a forensic review. Except as expressly admitted, the allegations in paragraph 31 are denied.

32.    Defendant admits at a SHA board meeting on or about September 26, 2019, Mueller discussed the need for a forensic audit.  Except as expressly admitted, the allegations in paragraph 32 are denied.

33.    Admitted.

34.    Denied.

35.    Denied.

36.    SHA admits the forensic audit was for a time period that ended prior to Threatt's creation of the other "Executive Leadership Team" positions. Except as expressly admitted, the allegations in paragraph 36 are denied.

37.    Admitted.

38.    SHA admits the Executive Summary of the Forensic Review states, in part, "the Board of Commissioners engaged Borland Benefield, P.C. to conduct a forensic review after the discovery of certain transactions of a dubious nature." Except as expressly admitted, the allegations in paragraph 38 are denied.

39.    SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 39 and therefore denies same.

40.    Admitted.

41.    Denied.

42.    Denied.

43.    SHA admits Threatt was responsible for mismanagement during his tenure as Executive Director and Chief Executive Director.  Except as expressly admitted, the allegations in paragraph 43 are denied.

44.    Denied.

45.    SHA admits a Forensic Audit was performed by a third-party vendor. SHA admits a Fiscal Audit was performed by a third-party vendor.  SHA admits several of its policies and procedures were revised. SHA admits a Board assessment was performed and Board Performance Enhancement Plan created.  SHA admits it utilizes e-mail addresses @sylacaugaha.com.  SHA admits it hosted a Fair Housing Symposium and provided attendees with a copy of "The Color of Law Book."  SHA admits Committee meetings were held. SHA admits its website includes a Staff Portal and Board Portal.  SHA admits it submits reports to HUD.  Except as expressly admitted, the allegations in paragraph 45 are denied.

46.    There is no affirmative allegation in paragraph 46.  To the extent a response to this incomplete sentence is required, SHA denies the allegations in paragraph 46.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Answer to Amended Complaint

47.    SHA admits a resolution to authorize the approval of the Sylacauga

Housing Authority Board Performance Enhancement Plan was presented.  Except as

expressly admitted, the allegations in paragraph 46 are denied.

48.    SHA admits Mueller represented to the Board she cut spending she

identified as unnecessary.  Except as expressly admitted, the allegations in paragraph

48 are denied.

49.    SHA admits Mueller presented Fiscal Operations Reports at Board

Meetings.  Except as expressly admitted, the allegations in paragraph 49 are denied.

50.    SHA admits Womack presented Housing Operations Reports at Board

Meetings.  Except as expressly admitted, the allegations in paragraph 50 are denied.

51.    SHA admits Daniels presented Human Resources Operations Reports

at Board Meetings.  Except as expressly admitted, the allegations in paragraph 51

are denied.

52.    SHA admits Daniels presented Human Resources Operations Reports

at Board Meetings.  Except as expressly admitted, the allegations in paragraph 52

are denied.

53.    SHA lacks information sufficient to form a belief as to the truth or

veracity of the allegations in paragraph 53 and therefore denies same.

54.    Denied.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Answer to Amended Complaint

55.     SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 55 and therefore denies same.  SHA further denies it engaged in any discriminatory practices, fraudulent billing practices, or non-compliant procurement practices.

56.     SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 56 and therefore denies same.  SHA further denies it engaged in any discriminatory housing practices or other conduct in violation of the Fair Housing Act.

57.     SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 57 and therefore denies same.  SHA further denies it engaged in any discrimination.

58.     Admitted.

59.     Denied.

60.     SHA admits Threatt hired a security company.  Except as expressly admitted, the allegations in paragraph 60 are denied.

61.     SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 61 and therefore denies same.

62.     SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 62 and therefore denies same.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Answer to Amended Complaint

63.     Except as expressly admitted or denied below as to each individual, the allegations in paragraph 63 are denied:

a.   SHA admits Threatt filed a charge with the EEOC,

b.   SHA lacks information sufficient to form a belief as to the truth or veracity of whether Mueller filed a charge with the EEOC and therefore denies same;

c.   SHA lacks information sufficient to form a belief as to the truth or veracity of whether Womack filed a charge with the EEOC and therefore denies same;

d.   SHA admits Daniels filed a charge with the EEOC;

e.   SHA admits Jennifer Harris filed a charge with the EEOC;

f.   SHA lacks information sufficient to form a belief as to the truth or veracity of whether Blake filed a charge with the EEOC and therefore denies same;

g.   SHA lacks information sufficient to form a belief as to the truth or veracity of whether Jeter filed a charge with the EEOC and therefore denies same.

64.     SHA admits Threatt filed three (3) charges with the EEOC.  Except as expressly admitted or denied, the allegations in paragraph 64 are denied.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Answer to Amended Complaint

65.    SHA denies it received Threatt's EEOC charges prior to October 24, 2019.  SHA admits it was made aware the "Executive Leadership Team's" alleged it reported the findings of the forensic audit and fiscal audit to HUD, and alleged discrimination and segregation issues to the Department of Justice.   Except as expressly admitted or denied, the allegations in paragraph 65 are denied.

66.    SHA admits Threatt took a leave of absence beginning on or about August 1, 2019.  Except as expressly admitted, the allegations in paragraph 66 are denied.

67.    SHA admits Threatt took a leave of absence beginning on or about August 2, 2019.  Except as expressly admitted, the allegations in paragraph 67 are denied.

68.    Admitted.

69.    SHA admits a letter addressed to SHA's Board from Womack and dated August 8, 2019 was sent to the Board.  Except as expressly admitted the allegations in paragraph 69 are denied.

70.    SHA admits Womack's August 8, 2019 letter indicates on its face it was e-mailed to Lozito, Cook, Adams, Hubbard, and Morris.  Except as expressly admitted, the allegations in paragraph 70 are denied.

71.    SHA admits the portion of the August 8, 2019 letter is quoted correctly. Except as expressly admitted, the allegations in paragraph 71 are denied.

72.    SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 72 regarding purported reports to the federal government and therefore denies same.  The remaining allegations in paragraph 72 are denied.

73.    SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 73 regarding purported reports to the federal government, and therefore denies same.  The remaining allegations in paragraph 73 are denied.

74.    SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 74 and therefore denies same.

75.    Denied.

76.    SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 76 and therefore denies same.

77.    Denied.

78.    SHA admits Mueller presented a Fiscal Operations Report, Plaintiff presented an Executive Operations Report, and Womack presented a Housing Operations Report at the August 16, 2019 Board meeting.  Except as expressly admitted, the allegations in paragraph 78 are denied.

79.    SHA admits at the August 16, 2019 Board meeting, Mueller discussed, in part, cutting what she believed to be wasteful spending, streamlined costs,

implemented checks and balances, and a Corrective Action Plan with HUD related to the fiscal audit.  Except as expressly admitted, the allegations in paragraph 79 are denied.

80.   Admitted.

81.   Denied.

82.   Admitted.

83.   SHA admits Plaintiff presented an Executive Operations Report at the August 16, 2019 Board meeting. Except as expressly admitted, the allegations in paragraph 83 are denied.

84.   Admitted.

85.   SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 85 and therefore denies same. SHA further denies it engaged in fraudulent billing practices and discriminatory actions.

86.   SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 86 and therefore denies same.

87.   The statement in paragraph 87 is apparently not complete, as it is unclear and does not make sense.  As such SHA lacks information sufficient to form a belief as to the truth or veracity of the allegation in paragraph 87 and therefore denies same.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Answer to Amended Complaint

88.    SHA admits Sam Royster was appointed as acting Executive Director / Chief Executive Officer and Secretary / Treasurer of the SHA on September 5, 2019.

89.    SHA admits one reason Royster placed Mueller, Womack, and Daniels on paid administrative leave was to conduct an investigation. Except as expressly admitted, the allegations in paragraph 89 are denied.

90.    Denied.

91.    SHA admits Plaintiff, Mueller, Womack, and Daniels were removed from its website and all social media accounts on or about September 10, 2019. Except as expressly admitted, the allegations in paragraph 91 are denied.

92.    Admitted.

93.    SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 93 and therefore denies same.

94.    SHA admits Royster mentioned Plaintiff, Mueller, Womack, and Daniels were on administrative leave at the September 16, 2019 Board Meeting. Except as expressly admitted, the allegations in paragraph 94 are denied.

95.    SHA admits Lozito and Royster met with SHA employees on September 27, 2019.  Except as expressly admitted, the allegations in paragraph 95 are denied.

96.    SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 96 and therefore denies same.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Answer to Amended Complaint

97.   SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 97 and therefore denies same.

98.   SHA admits Plaintiff's employment was terminated on or about October 24, 2019.

99.   Denied.

100.   SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations concerning Mayor Heigl in paragraph 100 and therefore denies same.

101.   SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations concerning Mayor Heigl in paragraph 101 and therefore denies same.  To the extent the allegations concern SHA, denied.  SHA further denies it engaged in any discriminatory housing practices or misappropriation of federal funds.

102.   SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations concerning Mayor Heigl in paragraph 102 and therefore denies same.  To the extent the allegations concern SHA, denied.

103.   SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations concerning Mayor Heigl in paragraph 103 and therefore denies same.  To the extent the allegations concern SHA, denied.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Answer to Amended Complaint

104.   SHA admits Plaintiff's title was changed from Executive Director to Chief Executive Officer.  SHA admits Plaintiff's salary was increased.  Except as expressly admitted, the allegations in paragraph 104 are denied.

105.   SHA lacks information sufficient for form a belief as to the truth or veracity of the allegations in paragraph 105 and therefore denies same.

## VI.   CLAIMS FOR RELIEF

### A.   ALLEGED DISCRIMINATION BASED ON RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 42 U.S.C. § 1981

106.   Denied.

107.   Denied.

108.   Denied.

109.   Denied.

110.   SHA admits Plaintiff filed charges of discrimination with the EEOC and received a notice of right to sue for Charge No. 420-2020-00184.  Except as expressly admitted, the allegations in paragraph 110 are denied.

111.   Denied.

112.   Denied.

113.   Denied.

114.   Denied.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Answer to Amended Complaint

## B.    ALLEGED RETALIATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT
## OF 1964 AND 42 U.S.C. § 1981

115.    SHA admits filing charges with the EEOC is considered protected activity under Title VII and further admits Plaintiff filed EEOC charges.  Except as expressly admitted, the allegations in paragraph 115 are denied.

116.    Denied.

117.    Denied.

118.    SHA admits it became aware of Threatt's EEOC charges after to the date on which his employment was terminated.  Except as expressly admitted, the allegations in paragraph 118 are denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Answer to Amended Complaint

## C.    ALLEGED RETALIATION IN VIOLATION OF
## THE FAIR HOUSING ACT

128.    SHA admits 42 U.S.C. § 3617 provides: "It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." SHA admits Ala. Code § 24-8-8 provides: "It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the enjoyment of, exercise of, or the aid or encouragement of any other person in the exercise of any right granted under this chapter." Except as expressly admitted, the allegations in paragraph 128 are denied.

129.    Denied.  SHA further denies it engaged in unlawful discriminatory housing practices.

130.    Denied.  SHA further denies it engaged in unlawful discriminatory housing practices.

131.    SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 131 and therefore denies same. SHA further denies it engaged in unlawful discriminatory housing practices.

132.    SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 132 and therefore denies same.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Answer to Amended Complaint

133.   SHA admits Womack's August 8, 2019 letter stated, in pertinent part, "the SHA Executive Leadership Team … have reported discrimination and segregation issues to the Department of Justice and Fair Housing."   Except as expressly admitted, the allegations in paragraph 133 are denied.  SHA further denies it engaged in unlawful discriminatory housing practices.

134.   SHA admits Threatt provided an Executive Operations Report at the August 16, 2019 Board of Commissioners Meeting, the Minutes for which describe the topics of that Report.  Except as expressly admitted, the allegations in paragraph 134 are denied.   SHA further denies SHA engaged in unlawful discriminatory housing practices.

135.   SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 135 and therefore deny same. SHA further denies it engaged in unlawful discriminatory housing practices.

136.   Denied.

137.   SHA admits Plaintiff was put on leave within one month of August 8, 2019.  Except as expressly admitted, the allegations in paragraph 137 are denied.

138.   SHA admits Plaintiff was discharged within three months of August 8, 2019.  Except as expressly admitted, the allegations in paragraph 138 are denied.

139.   Denied.

140.   Denied. SHA denies Plaintiff is entitled to any damages.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Answer to Amended Complaint

### D.    ALLEGED FALSE CLAIMS ACT RETALIATION

141.   SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 141 and therefore denies same.  SHA further denies it engaged in fraudulent billing practices.

142.   SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 142 and therefore denies same.  SHA further denies it engaged in fraudulent billing practices.

143.   SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 143 and therefore denies same.  SHA further denies it engaged in fraudulent billing practices.

144.   SHA admits the Board was asked to approve a third-party vendor to conduct a fiscal audit.  Except as expressly admitted the allegations in paragraph 144 are denied.  SHA further denies it engaged in fraudulent billing practices.

145.   SHA admits fiscal audit results were presented to the Board in or about February of 2019.  Except as expressly admitted, the allegations in paragraph 145 are denied.

146.   Denied.  SHA further denies it engaged in fraudulent billing practices.

147.   Denied.  SHA further denies it engaged in fraudulent billing practices.

148.   SHA admits Womack's August 8, 2019 letter stated, in pertinent part, "the SHA Executive Leadership Team, have reported the findings of the forensic

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Answer to Amended Complaint

audit and fiscal audit to HUD."   Except as expressly admitted, the allegations in paragraph 148 are denied.   SHA further denies it engaged in fraudulent billing practices.

149.   SHA admits Plaintiff delivered an Executive Operations Report at the August 16, 2019 Board meeting.   Except as expressly admitted, the allegations in paragraph 149 are denied.   SHA further denies it engaged in fraudulent billing practices.

150.   Denied.

151.   Denied.

152.   SHA admits Plaintiff was put on leave within one month of August 8, 2019.  Except as expressly admitted, the allegations in paragraph 152 are denied.

153.   SHA admits Plaintiff was put on leave on or about September 5, 2019. Except as expressly admitted, the allegations in paragraph 153 are denied.

154.   SHA admits Plaintiff was discharged on or about October 24, 2019. Except as expressly admitted, the allegations in paragraph 154 are denied.

155.   Denied.  SHA further denies it engaged in fraudulent billing practices.

156.   Denied.  SHA denies Plaintiff is entitled to any damages.

### E.   ALLEGED RACE DISCRIMINATION IN VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE 14TH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES

157.   Denied.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Answer to Amended Complaint

158.   Denied.

159.   Denied.

160.   Denied.

161.   Denied.

## VII.   PRAYER FOR RELIEF

1.     Defendant denies Plaintiff is entitled to any of the relief requested.

2.     Defendant denies Plaintiff is entitled to any of the relief requested.

3.     Defendant denies Plaintiff is entitled to any of the relief requested.

4.     Defendant denies Plaintiff is entitled to any of the relief requested.

## ADDITIONAL DEFENSES

In further defense, SHA states:

### FIRST DEFENSE

The Court lacks jurisdiction over the state law claim for Fair Housing Retaliation.

### SECOND DEFENSE

The Court lacks jurisdiction over this defendant for the state law claim for Fair Housing Retaliation.

### THIRD DEFENSE

Defendant is immune from liability based on Eleventh Amendment / sovereign immunity, governmental immunity, statutory immunity, and/or other immunity from suit.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Answer to Amended Complaint

## FOURTH DEFENSE

Plaintiff's contract, to the extent a valid contract existed, was terminated for just cause.

## FIFTH DEFENSE

Plaintiff's claims are barred by waiver.

## SIXTH DEFENSE

Plaintiff's claims are barred by his participation in the conduct about which he complains.

## SEVENTH DEFENSE

Plaintiff's claims are barred by his own fraud.

## EIGHTH DEFENSE

Plaintiff's claims are barred by illegality.

## NINTH DEFENSE

Plaintiff's claims are barred by his misconduct in modifying and falsifying official municipal documents.

## TENTH DEFENSE

Plaintiff's claims are barred by his violations of the Alabama Code of Ethics.

## ELEVENTH DEFENSE

Plaintiff's claims for damages pursuant to any purported contract are barred as void for violation of Alabama's competitive bid law.

## TWELFTH DEFENSE

Plaintiff's claim for damages under his purported contract are barred because the contract upon which Plaintiff's damages claim is based violated Alabama's competitive bid law.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Answer to Amended Complaint

## THIRTEENTH DEFENSE

Plaintiff's claims for damages pursuant to any purported contract are barred as void for lack of proper authorization.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred because he conspired with others to create the conditions about which he complains.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred because he contributed to the conditions about which he complains.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred because he was responsible for the conditions about which he complains.

## SEVENTEENTH DEFENSE

Plaintiff's claim for damages under his purported contract are barred because the contract upon which Plaintiff's damages claim is based was not authorized and is void.

## EIGHTEENTH DEFENSE

Plaintiff's claim for damages under his purported contract is barred by the statute of frauds.

## NINETEENTH DEFENSE

Plaintiff's alleged injuries were proximately caused by the intervening acts of others.

## TWENTIETH DEFENSE

Defendant reserves the right to amend this answer to add any defense which might be subsequently revealed through discovery or otherwise.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Answer to Amended Complaint

## TWENTY-FIRST DEFENSE

Defendant denies each and every material averment not previously admitted hereinabove and demands strict proof thereof.

## TWENTY-SECOND DEFENSE

Defendant denies the nature and extent of Plaintiff's alleged injuries and demands strict proof thereof.

## TWENTY-THIRD DEFENSE

Defendant's decision to place Plaintiff on administrative leave was based on legitimate non-discriminatory reasons.

## TWENTY-FOURTH DEFENSE

Defendant's decision to place Plaintiff on administrative leave was based on legitimate non-retaliatory reasons.

## TWENTY-FIFTH DEFENSE

Defendant's decision to terminate Plaintiff's employment was based on legitimate non-discriminatory reasons.

## TWENTY-SIXTH DEFENSE

Defendant's decision to terminate Plaintiff's employment was based on legitimate non-retaliatory reasons.

## TWENTY-SEVENTH DEFENSE

Defendant did not discriminate against Plaintiff on the basis of his race.

## TWENTY-EIGHTH DEFENSE

Defendant did not retaliate against Plaintiff on the basis of any protected activity.

## TWENTY-NINTH DEFENSE

Plaintiff cannot establish any retaliatory motive was the "but for" cause of the actions taken against Plaintiff.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Answer to Amended Complaint

## THIRTIETH DEFENSE

Plaintiff cannot establish any protected conduct was the "but for" cause of the actions taken against Plaintiff.

## THIRTY-FIRST DEFENSE

Plaintiff's management of SHA caused SHA to incur unnecessary financial expenses and administrative burdens.

## THIRTY-SECOND DEFENSE

Defendant denies it is indebted to Plaintiff for any further or additional compensation, wages, and/or benefits.

## THIRTY-THIRD DEFENSE

The termination of Plaintiff's contract, to the extent a valid contract existed, was for just cause.

## THIRTY-FOURTH DEFENSE

The termination of Plaintiff's contract, to the extent a valid contract existed, was for Plaintiff's misconduct.

## THIRTY-FIFTH DEFENSE

Plaintiff's claims are barred by Plaintiff's breach of his fiduciary duties.

## THIRTY-SIXTH DEFENSE

Defendant would have made the same decision to place Plaintiff on administrative leave without regard to any alleged discriminatory motive.

## THIRTY-SEVENTH DEFENSE

Defendant would have made the same decision to terminate Plaintiff's employment without regard to any alleged discriminatory motive.

## THIRTY-EIGHTH DEFENSE

Defendant would have made the same decision to place Plaintiff on administrative leave without regard to any alleged protected activity.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Answer to Amended Complaint

## THIRTY-NINTH DEFENSE

Defendant would have made the same decision to terminate Plaintiff's employment without regard to any alleged protected activity.

## FORTIETH DEFENSE

Defendant would have made the same decision to place Plaintiff on administrative leave without regard to any alleged retaliatory motive.

## FORTY-FIRST DEFENSE

Defendant would have made the same decision to terminate Plaintiff's employment without regard to any alleged retaliatory motive.

## FORTY-SECOND DEFENSE

Plaintiff's continued employment would have burdened Defendant with unnecessary and unjustifiable financial obligations.

## FORTY-THIRD DEFENSE

Placing Plaintiff on administrative leave was further justified by after-acquired evidence.

## FORTY-FOURTH DEFENSE

Termination of Plaintiff's employment was further justified by after-acquired evidence.

## FORTY-FIFTH DEFENSE

Defendant denies the nature and extent of Plaintiff's alleged injuries and demands strict proof thereof.

## FORTY-SIXTH DEFENSE

Plaintiff's claims are barred to the extent he failed to mitigate his damages.

## FORTY-SEVENTH DEFENSE

Defendant pleads the doctrine of collateral estoppel.

## FORTY-EIGHTH DEFENSE

Defendant pleads the doctrine of res judicata.

## FORTY-NINTH DEFENSE

Plaintiff's claims are barred in whole or in part by Defendant's sovereign immunity.

## FIFTIETH DEFENSE

Plaintiff's claims are barred in whole or in part by Defendant's qualified immunity.

## FIFTY-FIRST DEFENSE

Plaintiff's claims are barred in whole or in part by Defendant's Eleventh Amendment immunity.

## FIFTY-SECOND DEFENSE

Defendant is immune from suit pursuant to the Eleventh Amendment to the United States Constitution.

## FIFTY-THIRD DEFENSE

Plaintiff's claims for punitive damages are barred by Ala. Code § 6-11-26.

## FIFTY-FOURTH DEFENSE

Plaintiff's claims for intentional conduct are barred by Ala. Code § 11-47-190.

## FIFTY-FIFTH DEFENSE

Defendant is immune from liability for the intentional conduct of others.

## FIFTY-SIXTH DEFENSE

Plaintiff's claims and damages against Defendant are limited by statutory caps and Ala. Code § 11-93-2.

## FIFTY-SEVENTH DEFENSE

Plaintiff's claims are barred by his failure to exhaust statutory prerequisites to suit, Ala. Code § 11-47-23 and 11-47-192.

## FIFTY-EIGHTH DEFENSE

Plaintiff's claims are barred to the extent he failed to exhaust administrative remedies.

## FIFTY-NINTH DEFENSE

Plaintiff's claims are barred by the doctrine of secondary liability.

## SIXTIETH DEFENSE

Defendant is entitled to a set-off for Plaintiff's theft and/or conversion of Defendant's property, including without limitation, SHA's electronic data, metadata, and/or SHA's confidential and proprietary information.

## SIXTY-FIRST DEFENSE

Plaintiff's claims for equitable relief are barred by his unclean hands.

## SIXTY-SECOND DEFENSE

The Housing Authority had in place well-established anti-discrimination and anti-retaliation policies with complaint procedures and exercised reasonable care to prevent and correct promptly any allegedly discriminatory and/or retaliatory behavior, and Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided or to avoid harm otherwise.

## SIXTY-THIRD DEFENSE

Defendant denies it engaged in any conduct in violation of the False Claims Act.

## SIXTY-FOURTH DEFENSE

Defendant denies it engaged in any "fraudulent billing" under the False Claims Act.

## SIXTY-FIFTH DEFENSE

Defendant denies it engaged in any conduct that violated any federal statutes, however, to the extent any conduct that might be considered a violation occurred, Plaintiff participated in, invited, and/or perpetuated such conduct.

## SIXTY-SIXTH DEFENSE

Defendant denies Plaintiff engaged in conduct protected under the False Claims Act.

## SIXTY-SEVENTH DEFENSE

Defendant denies it engaged in any discriminatory housing practices in violation of the Fair Housing Act.

## SIXTY-EIGHTH DEFENSE

Defendants denies Plaintiff engaged in conduct protected under the Fair Housing Act.

## SIXTY-NINTH DEFENSE

Defendant is not guilty of any conduct that would warrant the imposition of punitive damages against it.

## SEVENTIETH DEFENSE

Defendant is immune from punitive damages, as an imposition of such penalties in the form of punitive damages would most likely fall upon the innocent citizen-taxpayers of the municipality.  *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 267 (1981).

## SEVENTY-FIRST DEFENSE

Defendant is a municipality and the punitive damages sought by Plaintiff may not be awarded and are not recoverable as set out in Alabama Code §6-11-26.

## SEVENTY-SECOND DEFENSE

Defendant is a governmental entity and compensatory damages sought by Plaintiff are limited by statute.  *See Ala. Code § 11-93-2.*

## SEVENTY-THIRD DEFENSE

Defendant is a governmental entity and punitive damages sought by Plaintiff are in limited by statute.  *See* Alabama Code § 11-93-2.

## SEVENTY-FOURTH DEFENSE

Defendant pleads the Alabama Code §11-93-1 in response to Plaintiff's claim including punitive damage claims.

## SEVENTY-FIFTH DEFENSE

Defendant is a municipality and the punitive damages sought by Plaintiff may not be awarded and are not recoverable as set out in Alabama Code §6-11-27.

## SEVENTY-SIXTH DEFENSE

The claim for punitive damages as sought by the complaint violates the Fourteenth Amendment of the Constitution of the United States in that the procedures pursuant to which punitive damages are awarded failed to provide specific standards for the amount of an award of punitive damages thereby violating this defendant's rights of substantive due process.

## SEVENTY-SEVENTH DEFENSE

Plaintiff's claim for punitive damages is limited in amount by the application of Alabama Code § 6-11-21 (1975), as in force and effect on the date this action was commenced.

## SEVENTY-EIGHTH DEFENSE

The claim for punitive damages as sought by the complaint violates the Constitution of the State of Alabama in that the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages thereby violating this defendant's rights of substantive due process.

## SEVENTY-NINTH DEFENSE

The imposition of punitive damages would violate the Fourth, Fifth, Sixth, Eighth and/or Fourteenth Amendments to the United States Constitution because (a) the standard of liability for punitive damages is inadequate, unduly vague and

subjective, permitting random, arbitrary, capricious, excessive, and/or disproportionate punishment that serves no legitimate governmental interests; (b) there is an absence of procedural safeguards accorded to defendants in civil proceedings, including lack of a reasonable doubt standard of proof; and (c) there are inadequate standards and procedures for reviewing awards of punitive damages.

## EIGHTIETH DEFENSE

Any statements allegedly made by Defendant are protected by the right to free speech guaranteed by the First Amendment to the United States Constitution.

## EIGHTY-FIRST DEFENSE

Defendant reserves the right to amend this answer to add any defense which might be subsequently revealed through discovery or otherwise.

Respectfully submitted this 29th day of May, 2020.

s/ *Brandi B. Frederick*

Richard W. Lewis (ASB-1812-L75R)
Brandi B. Frederick (ASB-4725-B59B)
Attorneys for Sylacauga Housing Authority

OF COUNSEL:

Austill Lewis Pipkin & Maddox, P.C.
600 Century Park South, Suite 100
Birmingham, AL 35226
(205) 870-3767 phone
(205) 870-3768 fax
r-lewis@maplaw.com
bfrederick@maplaw.com

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Answer to Amended Complaint

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that, on the 29th day of May, 2020, I have served a copy of the above and foregoing on counsel for all parties by:

<u>X</u>    Using the Electronic Filing system which will send notice to the following:

Richard A. Rice
The Rice Firm, LLC
420 20th Street
Suite 2200
Birmingham, AL  35203
    Attorney For: Michael C. Threatt

Roderick T. Cooks
Lee Winston
Winston Cooks, LLC
505 20th Street North, Suite 815
Birmingham, AL 35203
rcooks@winstoncooks.com
lwinston@winstoncooks.com

      s/ *Brandi B. Frederick*
      OF COUNSEL