FILED
2020 Jun-16  PM 01:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| Michael C. Threatt, | |
| **Plaintiffs,** | |
| **v.** | |
| Sylacauga Housing Authority, Commissioners James Adams, Alma Jean Cook, Matt Hubbard, Patrick Lozito, Phillip Morris, and Mayor of Sylacauga Jim Heigl | Civil Action No. 20-CV-00096-SGC |
| **Defendants.** | |

## SYLACAUGA HOUSING AUTHORITY'S AMENDED ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. 15(a)(1)(A), Defendant Sylacauga Housing Authority ("SHA"), hereby Amends its Answer to Plaintiff's Amended Complaint and asserts Counterclaims against Plaintiff as follows:

## I.    INTRODUCTION

SHA is a public housing agency that provides healthy, safe, and sustainable affordable housing promoting economic self-sufficiency and homeownership programs, high-level aging in place and supportive housing services, workforce housing and workforce development opportunities. SHA hired Plaintiff Threatt as

its Executive Director on November 2, 2017.  SHA had great hopes and expectations for Mr. Threatt's administration, but was sorely disappointed.  Threatt's administration was chaotic, disorganized, unproductive, wasteful, dishonest, and fomented discord and hostility in the community and with and among SHA's employees.  Threatt permitted SHA's properties to fall into disrepair.  He created several new, unnecessary positions for his cronies, and gave himself and his cronies exorbitant salaries and benefits, which cost SHA over Nine Hundred Thousand Dollars per year.  Threatt was combative, uncooperative, and failed to provide requested and required information to SHA's Board of Commissioners.

SHA did not discriminate against Mr. Threatt on the basis of his race, and did not retaliate against him in violation of Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1966, 42 U.S.C. § 1981, the False Claims Act, or the Fair Housing Act.  Instead, Threatt's employment was terminated for legitimate, non-discriminatory, non-retaliatory reasons.

## II.    JURISDICTION AND VENUE

1.    SHA admits 28 U.S.C. §1331 grants district courts with original jurisdiction to civil action arising under the laws of the United States.  SHA admits 31 U.S.C. § 3730(h)(2) grants district courts with jurisdiction for claims asserted under 31 U.S.C. § 3730(h).  SHA admits 31 U.S.C. § 3732(a) grants district courts

with jurisdiction for claims asserted under 31 U.S.C. § 3730.  Except as expressly

admitted, the allegations in paragraph 1 are denied.

2.      SHA admits Plaintiff was employed in Sylacauga, Talladega County,

Alabama, which lies in the Eastern Division of the United States District Court for

the Northern District of Alabama.  Except as expressly admitted, the allegations in

paragraph 2 are denied.

### III.   PARTIES

3.      SHA admits Plaintiff is an African American adult United States

citizen.  SHA admits upon information and belief Plaintiff is a resident of the State

of Alabama.  SHA admits Plaintiff was an "employee" of SHA.  Except as expressly

admitted, the allegations in paragraph 3 are denied.

4.      SHA admits it is a Municipal (governmental) entity, a public housing

authority created pursuant to the Alabama Housing Authorities Law, Ala. Code § 24-

1-20, *et seq.*  SHA admits it receives federal funding and subsidies from the United

States Department of Housing and Urban Development ("HUD").   Except as

expressly admitted, the allegations in paragraph 4 are denied.

5.      SHA admits James Adams is a SHA Board Commissioner.   SHA

admits the Board of Commissioners determine policies and resolutions of SHA.

Except as expressly admitted, the allegations in paragraph 5 are denied.

6.     SHA admits Alma Jane Cook is a SHA Board Commissioner.  SHA admits the Board of Commissioners determine policies and resolutions of SHA. Except as expressly admitted, the allegations in paragraph 6 are denied.

7.     SHA admits Matt Hubbard is a SHA Board Commissioner.  SHA admits the Board of Commissioners determine policies and resolutions of SHA. Except as expressly admitted, the allegations in paragraph 7 are denied.

8.     SHA admits Patrick Lozito is a SHA Board Commissioner.  SHA admits the Board of Commissioners determine policies and resolutions of SHA. Except as expressly admitted, the allegations in paragraph 8 are denied.

9.     SHA admits Phillip Morris is a SHA Board Commissioner.  SHA admits the Board of Commissioners determine policies and resolutions of SHA. Except as expressly admitted, the allegations in paragraph 9 are denied.

10.    SHA admits Jim Heigl is the Mayor of the City of Sylacauga.  SHA admits the Mayor appoints the Commissioners to SHA's Board.  Except as expressly admitted, the allegations in paragraph 10 are denied.

## IV.    ADMINISTRATIVE EXHAUSTION

11.    SHA admits Plaintiff filed charges of discrimination and retaliation with the EEOC within 180 days of purported conduct about which Plaintiff complains.  SHA denies it engaged in any acts in violation of any statute enforced

by the EEOC.  Except as expressly admitted or denied, the allegations in paragraph 11 are denied.

12.    SHA admits the EEOC issued a "no cause" determination and Dismissal and Notice of Rights to Plaintiff on November 1, 2019, as to Charge No. 420-2020-00184.  Except as expressly admitted, the allegations in paragraph 12 are denied.

13.    SHA admits claims under 42 U.S.C. §1981 require no administrative exhaustion and are subject to a four-year statute of limitations.  Except as expressly admitted, the allegations in paragraph 13 are denied.

14.    SHA admits claims under retaliation provision the False Claims Act require no administrative exhaustion and are subject to a three-year statute of limitations.  Except as expressly admitted, the allegations in paragraph 14 are denied.

15.    SHA admits claims arising under the Fair Housing Act require no administrative exhaustion and are subject to a two-year statute of limitations.  Except as expressly admitted, the allegations in paragraph 15 are denied.

## V.    FACTS

16.    Admitted.

17.    Admitted.

18.   SHA admits the Board of Commissioners adopts policies and resolutions, and provides policy and guidelines to the Chief Executive Officer. Except as expressly admitted, the allegations in paragraph 18 are denied.

19.   Admitted.

20.   Admitted

21.   SHA admits there were changes in the make-up of the Commissioners on SHA's Board during Threatt's tenure.   Except as expressly admitted, the allegations in paragraph 21 are denied.

22.   SHA admits its Bylaws require compliance with Alabama law, which provides, in pertinent part, that a municipal housing authority "shall consist of five commissioners appointed by the mayor." Ala. Code § 24-1-24(a).   Except as expressly admitted, the allegations in paragraph 22 are denied.

23.   SHA admits Jim Heigl was elected Mayor of Sylacauga in November of 2016, and has served as Mayor since that time.  Except as expressly admitted the allegations in paragraph 23 are denied.

24.   SHA admits Plaintiff was required to be the administrative and chief executive officer of SHA, fully answerable to the Board of Commissioners, and was required to perform all duties assigned to him under the By-Laws and established operating policies of SHA, supervise and be responsible for all public housing management, maintenance, development and construction programs undertaken by

SHA and be responsible for and exercise general supervision for the proper and efficient performance of duties of all other employees within the established operating Personnel Policies of SHA, and be responsible for daily operations, including personnel matters. Except as expressly admitted, the allegations in paragraph 18 are denied.

25.     SHA admits Plaintiff hired Heather Mueller as SHA's Chief Financial Officer, a position newly created by Threatt, and Mueller began her employment with SHA on August 20, 2018.  Except as expressly admitted, the allegations in paragraph 25 are denied.

26.     SHA admits Plaintiff hired Daniell Womack as SHA's Chief Housing Officer, a position newly created by Threatt, and Womack began her employment with SHA on September 4, 2018.  Except as expressly admitted, the allegations in paragraph 26 are denied.

27.     SHA admits Plaintiff hired Nicole Daniels as SHA's Chief Human Resources Officer, a position newly created by Threatt, and Daniels began her employment with SHA on September 18, 2018.  Except as expressly admitted, the allegations in paragraph 27 are denied.

28.     SHA admits Plaintiff, Mueller, Womack, and Daniels collectively made up Threatt's newly created executive leadership team. Except as expressly admitted, the allegations in paragraph 28 are denied.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Amended Answer to Amended Complaint and Counterclaims

29.     Admitted.

30.     SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 30 and therefore denies same.  SHA further denies it engaged in any fraudulent billing practices.

31.     SHA admits admits Mueller sought to identify potential firms to conduct a forensic review. Except as expressly admitted, the allegations in paragraph 31 are denied.

32.     Defendant admits at a SHA board meeting on or about September 26, 2019, Mueller discussed the need for a forensic audit.  Except as expressly admitted, the allegations in paragraph 32 are denied.

33.     Admitted.

34.     Denied.

35.     Denied.

36.     SHA admits the forensic audit was for a time period that ended prior to Threatt's creation of the other "Executive Leadership Team" positions. Except as expressly admitted, the allegations in paragraph 36 are denied.

37.     Admitted.

38.     SHA admits the Executive Summary of the Forensic Review states, in part, "the Board of Commissioners engaged Borland Benefield, P.C. to conduct a

forensic review after the discovery of certain transactions of a dubious nature." Except as expressly admitted, the allegations in paragraph 38 are denied.

39.   SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 39 and therefore denies same.

40.   Admitted.

41.   Denied.

42.   Denied.

43.   SHA admits Threatt was responsible for mismanagement during his tenure as Executive Director and Chief Executive Director.   Except as expressly admitted, the allegations in paragraph 43 are denied.

44.   Denied.

45.   SHA admits a Forensic Audit was performed by a third-party vendor. SHA admits a Fiscal Audit was performed by a third-party vendor.  SHA admits several of its policies and procedures were revised. SHA admits a Board assessment was performed and Board Performance Enhancement Plan created.  SHA admits it utilizes e-mail addresses @sylacaugaha.com.  SHA admits it hosted a Fair Housing Symposium and provided attendees with a copy of "The Color of Law Book."  SHA admits Committee meetings were held. SHA admits its website includes a Staff Portal and Board Portal.  SHA admits it submits reports to HUD.  Except as expressly admitted, the allegations in paragraph 45 are denied.

46.     There is no affirmative allegation in paragraph 46.   To the extent a response to this incomplete sentence is required, SHA denies the allegations in paragraph 46.

47.     SHA admits a resolution to authorize the approval of the Sylacauga Housing Authority Board Performance Enhancement Plan was presented.  Except as expressly admitted, the allegations in paragraph 46 are denied.

48.     SHA admits Mueller represented to the Board she cut spending she identified as unnecessary.  Except as expressly admitted, the allegations in paragraph 48 are denied.

49.     SHA admits Mueller presented Fiscal Operations Reports at Board Meetings.  Except as expressly admitted, the allegations in paragraph 49 are denied.

50.     SHA admits Womack presented Housing Operations Reports at Board Meetings.  Except as expressly admitted, the allegations in paragraph 50 are denied.

51.     SHA admits Daniels presented Human Resources Operations Reports at Board Meetings.   Except as expressly admitted, the allegations in paragraph 51 are denied.

52.     SHA admits Daniels presented Human Resources Operations Reports at Board Meetings.  Except as expressly admitted, the allegations in paragraph 52 are denied.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Amended Answer to Amended Complaint and Counterclaims

53.   SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 53 and therefore denies same.

54.   Denied.

55.   SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 55 and therefore denies same.  SHA further denies it engaged in any discriminatory practices, fraudulent billing practices, or non-compliant procurement practices.

56.   SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 56 and therefore denies same.  SHA further denies it engaged in any discriminatory housing practices or other conduct in violation of the Fair Housing Act.

57.   SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 57 and therefore denies same.  SHA further denies it engaged in any discrimination.

58.   Admitted.

59.   Denied.

60.   SHA admits Threatt hired a security company.  Except as expressly admitted, the allegations in paragraph 60 are denied.

61.   SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 61 and therefore denies same.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Amended Answer to Amended Complaint and Counterclaims

62.    SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 62 and therefore denies same.

63.    Except as expressly admitted or denied below as to each individual, the allegations in paragraph 63 are denied:

a.   SHA admits Threatt filed a charge with the EEOC,

b.   SHA lacks information sufficient to form a belief as to the truth or veracity of whether Mueller filed a charge with the EEOC and therefore denies same;

c.   SHA lacks information sufficient to form a belief as to the truth or veracity of whether Womack filed a charge with the EEOC and therefore denies same;

d.   SHA admits Daniels filed a charge with the EEOC;

e.   SHA admits Jennifer Harris filed a charge with the EEOC;

f.   SHA lacks information sufficient to form a belief as to the truth or veracity of whether Blake filed a charge with the EEOC and therefore denies same;

g.   SHA lacks information sufficient to form a belief as to the truth or veracity of whether Jeter filed a charge with the EEOC and therefore denies same.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Amended Answer to Amended Complaint and Counterclaims

64.     SHA admits Threatt filed three (3) charges with the EEOC.  Except as expressly admitted or denied, the allegations in paragraph 64 are denied.

65.     SHA denies it received Threatt's EEOC charges prior to October 24, 2019.  SHA admits it was made aware the "Executive Leadership Team's" alleged it reported the findings of the forensic audit and fiscal audit to HUD, and alleged discrimination and segregation issues to the Department of Justice.   Except as expressly admitted or denied, the allegations in paragraph 65 are denied.

66.     SHA admits Threatt took a leave of absence beginning on or about August 1, 2019.  Except as expressly admitted, the allegations in paragraph 66 are denied.

67.     SHA admits Threatt took a leave of absence beginning on or about August 2, 2019.  Except as expressly admitted, the allegations in paragraph 67 are denied.

68.     Admitted.

69.     SHA admits a letter addressed to SHA's Board from Womack and dated August 8, 2019 was sent to the Board.  Except as expressly admitted the allegations in paragraph 69 are denied.

70.     SHA admits Womack's August 8, 2019 letter indicates on its face it was e-mailed to Lozito, Cook, Adams, Hubbard, and Morris.  Except as expressly admitted, the allegations in paragraph 70 are denied.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Amended Answer to Amended Complaint and Counterclaims

71.     SHA admits the portion of the August 8, 2019 letter is quoted correctly. Except as expressly admitted, the allegations in paragraph 71 are denied.

72.     SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 72 regarding purported reports to the federal government and therefore denies same.  The remaining allegations in paragraph 72 are denied.

73.     SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 73 regarding purported reports to the federal government, and therefore denies same.  The remaining allegations in paragraph 73 are denied.

74.     SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 74 and therefore denies same.

75.     Denied.

76.     SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 76 and therefore denies same.

77.     Denied.

78.     SHA admits Mueller presented a Fiscal Operations Report, Plaintiff presented an Executive Operations Report, and Womack presented a Housing Operations Report at the August 16, 2019 Board meeting.  Except as expressly admitted, the allegations in paragraph 78 are denied.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Amended Answer to Amended Complaint and Counterclaims

79.     SHA admits at the August 16, 2019 Board meeting, Mueller discussed, in part, cutting what she believed to be wasteful spending, streamlined costs, implemented checks and balances, and a Corrective Action Plan with HUD related to the fiscal audit.  Except as expressly admitted, the allegations in paragraph 79 are denied.

80.     Admitted.

81.     Denied.

82.     Admitted.

83.     SHA admits Plaintiff presented an Executive Operations Report at the August 16, 2019 Board meeting. Except as expressly admitted, the allegations in paragraph 83 are denied.

84.     Admitted.

85.     SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 85 and therefore denies same. SHA further denies it engaged in fraudulent billing practices and discriminatory actions.

86.     SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 86 and therefore denies same.

87.     The statement in paragraph 87 is apparently not complete, as it is unclear and does not make sense.  As such SHA lacks information sufficient to form

a belief as to the truth or veracity of the allegation in paragraph 87 and therefore denies same.

88.     SHA admits Sam Royster was appointed as acting Executive Director / Chief Executive Officer and Secretary / Treasurer of the SHA on September 5, 2019.

89.     SHA admits one reason Royster placed Mueller, Womack, and Daniels on paid administrative leave was to conduct an investigation. Except as expressly admitted, the allegations in paragraph 89 are denied.

90.     Denied.

91.     SHA admits Plaintiff, Mueller, Womack, and Daniels were removed from its website and all social media accounts on or about September 10, 2019. Except as expressly admitted, the allegations in paragraph 91 are denied.

92.     Admitted.

93.     SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 93 and therefore denies same.

94.     SHA admits Royster mentioned Plaintiff, Mueller, Womack, and Daniels were on administrative leave at the September 16, 2019 Board Meeting. Except as expressly admitted, the allegations in paragraph 94 are denied.

95.     SHA admits Lozito and Royster met with SHA employees on September 27, 2019.  Except as expressly admitted, the allegations in paragraph 95 are denied.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Amended Answer to Amended Complaint and Counterclaims

96.   SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 96 and therefore denies same.

97.   SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 97 and therefore denies same.

98.   SHA admits Plaintiff's employment was terminated on or about October 24, 2019.

99.   Denied.

100.   SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations concerning Mayor Heigl in paragraph 100 and therefore denies same.

101.   SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations concerning Mayor Heigl in paragraph 101 and therefore denies same.  To the extent the allegations concern SHA, denied.  SHA further denies it engaged in any discriminatory housing practices or misappropriation of federal funds.

102.   SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations concerning Mayor Heigl in paragraph 102 and therefore denies same.  To the extent the allegations concern SHA, denied.

103.   SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations concerning Mayor Heigl in paragraph 103 and therefore denies same.  To the extent the allegations concern SHA, denied.

104.   SHA admits Plaintiff's title was changed from Executive Director to Chief Executive Officer.  SHA admits Plaintiff's salary was increased.  Except as expressly admitted, the allegations in paragraph 104 are denied.

105.   SHA lacks information sufficient for form a belief as to the truth or veracity of the allegations in paragraph 105 and therefore denies same.

## VI.   CLAIMS FOR RELIEF

### A.   ALLEGED DISCRIMINATION BASED ON RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 42 U.S.C. § 1981

106.   Denied.

107.   Denied.

108.   Denied.

109.   Denied.

110.   SHA admits Plaintiff filed charges of discrimination with the EEOC and received a notice of right to sue for Charge No. 420-2020-00184.  Except as expressly admitted, the allegations in paragraph 110 are denied.

111.   Denied.

112.   Denied.

113.    Denied.

114.    Denied.

### B.    ALLEGED RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 42 U.S.C. § 1981

115.    SHA admits filing charges with the EEOC is considered protected activity under Title VII and further admits Plaintiff filed EEOC charges.  Except as expressly admitted, the allegations in paragraph 115 are denied.

116.    Denied.

117.    Denied.

118.    SHA admits it became aware of Threatt's EEOC charges after to the date on which his employment was terminated.  Except as expressly admitted, the allegations in paragraph 118 are denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Amended Answer to Amended Complaint and Counterclaims

127.   Denied.

## C.   ALLEGED RETALIATION IN VIOLATION OF THE FAIR HOUSING ACT

128.   SHA admits 42 U.S.C. § 3617 provides: "It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." SHA admits Ala. Code § 24-8-8 provides: "It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the enjoyment of, exercise of, or the aid or encouragement of any other person in the exercise of any right granted under this chapter." Except as expressly admitted, the allegations in paragraph 128 are denied.

129.   Denied.  SHA further denies it engaged in unlawful discriminatory housing practices.

130.   Denied.  SHA further denies it engaged in unlawful discriminatory housing practices.

131.   SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 131 and therefore denies same. SHA further denies it engaged in unlawful discriminatory housing practices.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Amended Answer to Amended Complaint and Counterclaims

132.   SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 132 and therefore denies same.

133.   SHA admits Womack's August 8, 2019 letter stated, in pertinent part, "the SHA Executive Leadership Team … have reported discrimination and segregation issues to the Department of Justice and Fair Housing."   Except as expressly admitted, the allegations in paragraph 133 are denied.  SHA further denies it engaged in unlawful discriminatory housing practices.

134.   SHA admits Threatt provided an Executive Operations Report at the August 16, 2019 Board of Commissioners Meeting, the Minutes for which describe the topics of that Report.  Except as expressly admitted, the allegations in paragraph 134 are denied.   SHA further denies SHA engaged in unlawful discriminatory housing practices.

135.   SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 135 and therefore deny same. SHA further denies it engaged in unlawful discriminatory housing practices.

136.   Denied.

137.   SHA admits Plaintiff was put on leave within one month of August 8, 2019.  Except as expressly admitted, the allegations in paragraph 137 are denied.

138.   SHA admits Plaintiff was discharged within three months of August 8, 2019.  Except as expressly admitted, the allegations in paragraph 138 are denied.

139.   Denied.

140.   Denied. SHA denies Plaintiff is entitled to any damages.

### D.   ALLEGED FALSE CLAIMS ACT RETALIATION

141.   SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 141 and therefore denies same.  SHA further denies it engaged in fraudulent billing practices.

142.   SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 142 and therefore denies same.  SHA further denies it engaged in fraudulent billing practices.

143.   SHA lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 143 and therefore denies same.  SHA further denies it engaged in fraudulent billing practices.

144.   SHA admits the Board was asked to approve a third-party vendor to conduct a fiscal audit.  Except as expressly admitted the allegations in paragraph 144 are denied.  SHA further denies it engaged in fraudulent billing practices.

145.   SHA admits fiscal audit results were presented to the Board in or about February of 2019.  Except as expressly admitted, the allegations in paragraph 145 are denied.

146.   Denied.  SHA further denies it engaged in fraudulent billing practices.

147.   Denied.  SHA further denies it engaged in fraudulent billing practices.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Amended Answer to Amended Complaint and Counterclaims

148.   SHA admits Womack's August 8, 2019 letter stated, in pertinent part, "the SHA Executive Leadership Team, have reported the findings of the forensic audit and fiscal audit to HUD."  Except as expressly admitted, the allegations in paragraph 148 are denied.  SHA further denies it engaged in fraudulent billing practices.

149.   SHA admits Plaintiff delivered an Executive Operations Report at the August 16, 2019 Board meeting.  Except as expressly admitted, the allegations in paragraph 149 are denied.  SHA further denies it engaged in fraudulent billing practices.

150.   Denied.

151.   Denied.

152.   SHA admits Plaintiff was put on leave within one month of August 8, 2019.  Except as expressly admitted, the allegations in paragraph 152 are denied.

153.   SHA admits Plaintiff was put on leave on or about September 5, 2019. Except as expressly admitted, the allegations in paragraph 153 are denied.

154.   SHA admits Plaintiff was discharged on or about October 24, 2019. Except as expressly admitted, the allegations in paragraph 154 are denied.

155.   Denied.  SHA further denies it engaged in fraudulent billing practices.

156.   Denied.  SHA denies Plaintiff is entitled to any damages.

## E.     ALLEGED RACE DISCRIMINATION IN VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE 14TH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES

157.   Denied.

158.   Denied.

159.   Denied.

160.   Denied.

161.   Denied.

## VII.   PRAYER FOR RELIEF

1.     Defendant denies Plaintiff is entitled to any of the relief requested.

2.     Defendant denies Plaintiff is entitled to any of the relief requested.

3.     Defendant denies Plaintiff is entitled to any of the relief requested.

4.     Defendant denies Plaintiff is entitled to any of the relief requested.

## <u>ADDITIONAL DEFENSES</u>

In further defense, SHA states:

## FIRST DEFENSE

The Court lacks jurisdiction over the state law claim for Fair Housing Retaliation.

## SECOND DEFENSE

The Court lacks jurisdiction over this defendant for the state law claim for Fair Housing Retaliation.

## THIRD DEFENSE

Defendant is immune from liability based on Eleventh Amendment / sovereign immunity, governmental immunity, statutory immunity, and/or other immunity from suit.

## FOURTH DEFENSE

Plaintiff's contract, to the extent a valid contract existed, was terminated for just cause.

## FIFTH DEFENSE

Plaintiff's claims are barred by waiver.

## SIXTH DEFENSE

Plaintiff's claims are barred by his participation in the conduct about which he complains.

## SEVENTH DEFENSE

Plaintiff's claims are barred by his own fraud.

## EIGHTH DEFENSE

Plaintiff's claims are barred by illegality.

## NINTH DEFENSE

Plaintiff's claims are barred by his misconduct in modifying and falsifying official municipal documents.

## TENTH DEFENSE

Plaintiff's claims are barred by his violations of the Alabama Code of Ethics.

## ELEVENTH DEFENSE

Plaintiff's claims for damages pursuant to any purported five-year contract are barred as void to the extent the contract is in violation of Alabama's competitive bid law.

## TWELFTH DEFENSE

Plaintiff's claim for damages under any purported five-year contract are barred to the extent the contract upon which Plaintiff's damages claim is based violated Alabama's competitive bid law.

## THIRTEENTH DEFENSE

The purported five-year contract is void as nudum pactum.

## FOURTEENTH DEFENSE

Defendant is entitled to a set-off for any and all payments and benefits Threatt received over and above those outlined in the November 2, 2017 Contract after October 30, 2018.

## FIFTEENTH DEFENSE

Defendant is entitled to recover any and all payments and benefits Threatt received over and above those outlined in the November 2, 2017 Contract after October 30, 2018.

## SIXTEENTH DEFENSE

Plaintiff's claims for damages pursuant to any purported five-year contract are barred by nudum pactum.

## SEVENTEENTH DEFENSE

Plaintiff's claims for damages pursuant to any purported five-year contract are barred as void for lack of proper authorization.

## EIGHTEENTH DEFENSE

Plaintiff's claims for damages under any purported five-year contract are barred because the indefinitely and automatically renewal provisions of the contract rendered it to be of indefinite duration and therefore, it was terminable at will.

## NINETEENTH DEFENSE

Plaintiff's claims are barred because he conspired with others to create the conditions about which he complains.

## TWENTIETH DEFENSE

Plaintiff's claims are barred because he contributed to the conditions about which he complains.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred because he was responsible for the conditions about which he complains.

## TWENTY-SECOND DEFENSE

Plaintiff's claim for damages under his purported contract are barred because the purported five-year contract upon which Plaintiff's damages claim is based was not authorized and is void.

## TWENTY-THIRD DEFENSE

The purported five-year contract under which Plaintiff claims damages, is barred by the statute of frauds.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims for damages under any purported five-year contract are barred because the contract is due to be rescinded.

## TWENTY-FIFTH DEFENSE

The purported five-year contract under which Plaintiff claims damages, is due to be rescinded due to fraudulent inducement.

## TWENTY-SIXTH DEFENSE

The purported five-year contract under which Plaintiff claims damages, is due to be rescinded for inadequate consideration.

## TWENTY-SEVENTH DEFENSE

The purported five-year contract under which Plaintiff claims damages, is due to be rescinded as unconscionable.

## TWENTY-EIGHTH DEFENSE

The purported five-year contract under which Plaintiff claims damages, is due to be rescinded due to mutual mistake.

## TWENTY-NINTH DEFENSE

The purported five-year contract under which Plaintiff claims damages, is due to be rescinded due to coercion.

## THIRTIETH DEFENSE

Plaintiff's alleged injuries were proximately caused by the intervening acts of others.

## THIRTY-FIRST DEFENSE

Defendant reserves the right to amend this answer to add any defense which might be subsequently revealed through discovery or otherwise.

## THIRTY-SECOND DEFENSE

Defendant denies each and every material averment not previously admitted hereinabove and demands strict proof thereof.

## THIRTY-THIRD DEFENSE

Defendant denies the nature and extent of Plaintiff's alleged injuries and demands strict proof thereof.

## THIRTY-FOURTH DEFENSE

Defendant's decision to place Plaintiff on administrative leave was based on legitimate non-discriminatory reasons.

## THIRTY-FIFTH DEFENSE

Defendant's decision to place Plaintiff on administrative leave was based on legitimate non-retaliatory reasons.

### THIRTY-SIXTH DEFENSE

Defendant's decision to terminate Plaintiff's employment was based on legitimate non-discriminatory reasons.

### THIRTY-SEVENTH DEFENSE

Defendant's decision to terminate Plaintiff's employment was based on legitimate non-retaliatory reasons.

### THIRTY-EIGHTH DEFENSE

Defendant did not discriminate against Plaintiff on the basis of his race.

### THIRTY-NINTH DEFENSE

Defendant did not retaliate against Plaintiff on the basis of any protected activity.

### FORTIETH DEFENSE

Plaintiff cannot establish any retaliatory motive was the "but for" cause of the actions taken against Plaintiff.

### FORTY-FIRST DEFENSE

Plaintiff cannot establish any protected conduct was the "but for" cause of the actions taken against Plaintiff.

### FORTY-SECOND DEFENSE

Plaintiff's management of SHA caused SHA to incur unnecessary financial expenses and administrative burdens.

### FORTY-THIRD DEFENSE

Defendant denies it is indebted to Plaintiff for any further or additional compensation, wages, and/or benefits.

### FORTY-FOURTH DEFENSE

The termination of Plaintiff's contract, to the extent a valid contract existed, was for just cause.

### FORTY-FIFTH DEFENSE

The termination of Plaintiff's contract, to the extent a valid contract existed, was for Plaintiff's misconduct.

### FORTY-SIXTH DEFENSE

Plaintiff's claims are barred by Plaintiff's breach of his fiduciary duties.

### FORTY-SEVENTH DEFENSE

Defendant would have made the same decision to place Plaintiff on administrative leave without regard to any alleged discriminatory motive.

### FORTY-EIGHTH DEFENSE

Defendant would have made the same decision to terminate Plaintiff's employment without regard to any alleged discriminatory motive.

### FORTY-NINTH DEFENSE

Defendant would have made the same decision to place Plaintiff on administrative leave without regard to any alleged protected activity.

### FIFTIETH DEFENSE

Defendant would have made the same decision to terminate Plaintiff's employment without regard to any alleged protected activity.

### FIFTY-FIRST DEFENSE

Defendant would have made the same decision to place Plaintiff on administrative leave without regard to any alleged retaliatory motive.

### FIFTY-SECOND DEFENSE

Defendant would have made the same decision to terminate Plaintiff's employment without regard to any alleged retaliatory motive.

### FIFTY-THIRD DEFENSE

Plaintiff's continued employment would have burdened Defendant with unnecessary and unjustifiable financial obligations.

## FIFTY-FOURTH DEFENSE

Placing Plaintiff on administrative leave was further justified by after-acquired evidence.

## FIFTY-FIFTH DEFENSE

Termination of Plaintiff's employment was further justified by after-acquired evidence.

## FIFTY-SIXTH DEFENSE

Defendant denies the nature and extent of Plaintiff's alleged injuries and demands strict proof thereof.

## FIFTY-SEVENTH DEFENSE

Plaintiff's claims are barred to the extent he failed to mitigate his damages.

## FIFTY-EIGHTH DEFENSE

Defendant pleads the doctrine of collateral estoppel.

## FIFTY-NINTH DEFENSE

Defendant pleads the doctrine of res judicata.

## SIXTIETH DEFENSE

Plaintiff's claims are barred in whole or in part by Defendant's sovereign immunity.

## SIXTY-FIRST DEFENSE

Plaintiff's claims are barred in whole or in part by Defendant's qualified immunity.

## SIXTY-SECOND DEFENSE

Plaintiff's claims are barred in whole or in part by Defendant's Eleventh Amendment immunity.

### SIXTY-THIRD DEFENSE

Defendant is immune from suit pursuant to the Eleventh Amendment to the United States Constitution.

### SIXTY-FOURTH DEFENSE

Plaintiff's claims for punitive damages are barred by Ala. Code § 6-11-26.

### SIXTY-FIFTH DEFENSE

Plaintiff's claims for intentional conduct are barred by Ala. Code § 11-47-190.

### SIXTY-SIXTH DEFENSE

Defendant is immune from liability for the intentional conduct of others.

### SIXTY-SEVENTH DEFENSE

Plaintiff's claims and damages against Defendant are limited by statutory caps and Ala. Code § 11-93-2.

### SIXTY-EIGHTH DEFENSE

Plaintiff's claims are barred by his failure to exhaust statutory prerequisites to suit, Ala. Code § 11-47-23 and 11-47-192.

### SIXTY-NINTH DEFENSE

Plaintiff's claims are barred because he failed to exhaust all administrative remedies.

### SEVENTIETH DEFENSE

Plaintiff's claims are barred by the doctrine of secondary liability.

### SEVENTY-FIRST DEFENSE

Defendant is entitled to a set-off for Plaintiff's theft and/or conversion of Defendant's property, including without limitation, SHA's electronic data, metadata, and/or SHA's confidential and proprietary information.

### SEVENTY-SECOND DEFENSE

Plaintiff's claims for equitable relief are barred by his unclean hands.

### SEVENTY-THIRD DEFENSE

The Housing Authority had in place well-established anti-discrimination and anti-retaliation policies with complaint procedures and exercised reasonable care to prevent and correct promptly any allegedly discriminatory and/or retaliatory behavior, and Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided or to avoid harm otherwise.

### SEVENTY-FOURTH DEFENSE

Defendant denies it engaged in any conduct in violation of the False Claims Act.

### SEVENTY-FIFTH DEFENSE

Defendant denies it engaged in any "fraudulent billing" under the False Claims Act.

### SEVENTY-SIXTH DEFENSE

Defendant denies it engaged in any conduct that violated any federal statutes, however, to the extent any conduct that might be considered a violation occurred, Plaintiff participated in, invited, and/or perpetuated such conduct.

### SEVENTY-SEVENTH DEFENSE

Defendant denies Plaintiff engaged in conduct protected under the False Claims Act.

### SEVENTY-EIGHTH DEFENSE

Defendant denies it engaged in any discriminatory housing practices in violation of the Fair Housing Act.

### SEVENTY-NINTH DEFENSE

Defendants denies Plaintiff engaged in conduct protected under the Fair Housing Act.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Amended Answer to Amended Complaint and Counterclaims

### EIGHTIETH DEFENSE

Defendant is not guilty of any conduct that would warrant the imposition of punitive damages against it.

### EIGHTY-FIRST DEFENSE

Defendant is immune from punitive damages, as an imposition of such penalties in the form of punitive damages would most likely fall upon the innocent citizen-taxpayers of the municipality. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 267 (1981).

### EIGHTY-SECOND DEFENSE

Defendant is a municipality and the punitive damages sought by Plaintiff may not be awarded and are not recoverable as set out in Alabama Code §6-11-26.

### EIGHTY-THIRD DEFENSE

Defendant is a governmental entity and compensatory damages sought by Plaintiff are limited by statute. *See* Ala. Code § 11-93-2.

### EIGHTY-FOURTH DEFENSE

Defendant is a governmental entity and punitive damages sought by Plaintiff are in limited by statute. *See* Alabama Code § 11-93-2.

### EIGHTY-FIFTH DEFENSE

Defendant pleads the Alabama Code §11-93-1 in response to Plaintiff's claim including punitive damage claims.

### EIGHTY-SIXTH DEFENSE

Defendant is a municipality and the punitive damages sought by Plaintiff may not be awarded and are not recoverable as set out in Alabama Code §6-11-27.

### EIGHTY-SEVENTH DEFENSE

The claim for punitive damages as sought by the complaint violates the Fourteenth Amendment of the Constitution of the United States in that the procedures pursuant to which punitive damages are awarded failed to provide

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Amended Answer to Amended Complaint and Counterclaims

specific standards for the amount of an award of punitive damages thereby violating this defendant's rights of substantive due process.

## EIGHTY-EIGHTH DEFENSE

Plaintiff's claim for punitive damages is limited in amount by the application of Alabama Code § 6-11-21 (1975), as in force and effect on the date this action was commenced.

## EIGHTY-NINTH DEFENSE

The claim for punitive damages as sought by the complaint violates the Constitution of the State of Alabama in that the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages thereby violating this defendant's rights of substantive due process.

## NINETIETH DEFENSE

The imposition of punitive damages would violate the Fourth, Fifth, Sixth, Eighth and/or Fourteenth Amendments to the United States Constitution because (a) the standard of liability for punitive damages is inadequate, unduly vague and subjective, permitting random, arbitrary, capricious, excessive, and/or disproportionate punishment that serves no legitimate governmental interests; (b) there is an absence of procedural safeguards accorded to defendants in civil proceedings, including lack of a reasonable doubt standard of proof; and (c) there are inadequate standards and procedures for reviewing awards of punitive damages.

## NINETY-FIRST DEFENSE

Any statements allegedly made by Defendant are protected by the right to free speech guaranteed by the First Amendment to the United States Constitution.

## NINETY-SECOND DEFENSE

Defendant reserves the right to amend this answer to add any defense which might be subsequently revealed through discovery or otherwise.

## COUNTERCLAIMS

Defendant/Counterclaim Plaintiff Sylacauga Housing Authority ("SHA") asserts the following counterclaims against Plaintiff/Counterclaim Defendant Michael Threatt ("Threatt").  As grounds for these claims, Defendant states:

## INTRODUCTION

Threatt's claims and the damages he is seeking are based, in part, on his allegation he was employed pursuant to a purported five-year contract, dated October 30, 2018.  SHA disputes the purported October 30, 2018 was authorized or is valid.  Instead, Threatt was employed pursuant to a one-year contract, dated November 2, 2017, which, by its terms, automatically renewed on November 2, 2018.

There exists an actual controversy concerning which contract is the operative contract, and SHA seeks a declaration of the rights of and legal relations of the parties.  Additionally and alternatively, SHA claims the purported October 30, 2018 contract was obtained by and resulting from fraudulent inducement, inadequate consideration, unconscionability, mutual mistake, and/or coercion, and seeks rescission thereof.

## PARTIES

1.      Sylacauga Housing Authority ("SHA") is a municipal entity and public housing authority created pursuant to statute for the provision of safe, sanitary, and

affordable housing to low income individuals, and receives funding from the federal government in the provision of such housing.  Ala. Code §§ 24-1-20, *et seq*.

2.     Michael Threatt ("Threatt") is an adult resident of the state of Alabama and a former employee of SHA.

## JURISDICTION AND VENUE

3.     SHA's claim for declaratory judgment is brought pursuant to 28 U.S.C. §2201 and Fed. R. Civ. P. 57.

4.     This Court has jurisdiction over the claim for declaratory judgment pursuant to 28 U.S.C. § 1331.

5.     This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. §1367.

6.     The counterclaims are compulsory as they arise out of Plaintiff's employment and separation from employment with SHA, and involve an actual controversy between the parties, a determination of which will affect Plaintiff's claims, Defendant's defenses, and potential damages.

7.     The counterclaims were available to SHA at the time of filing its original Answer as evidenced by SHA's Thirteenth, Seventeenth, and Eighteenth Defenses concerning lack of authorization for contract rendering it void and the statute of frauds.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Amended Answer to Amended Complaint and Counterclaims

8.     Venue is proper pursuant to 28 U.S.C. § 1391(b), as "a substantial part of the events or omissions giving rise to the claim occurred" in this district.

## FACTS

9.     On November 2, 2017, SHA's Board of Commissioners voted to approve "Resolution 2017-12: Approval of Hiring for Executive Director Position" to offer employment to Michael Threatt pursuant to the contract attached hereto as Exhibit 1 – November 2, 2017 Contract.

10.     Threatt and the SHA signed the November 2, 2017 Contract for Threatt's employment with SHA, which was approved by SHA's Board of Commissioners.

11.     Threatt was hired as SHA's Executive Director, pursuant to the Resolution and the signatures of Threatt and the Board Chair on the November 2, 2017 Contract.

12.     The terms of the November 2, 2017 Contract provided, in pertinent part:

initial term of contract shall be for a period of <u>one (1)</u> year from the date of this Agreement of Employment.  Unless notice of termination is given by either party, as hereinafter set forth, there shall be an automatic extension of a one year term following each annual anniversary of the original one-year term and of any extension thereof. To prevent said automatic extension, either the Employee or the Employer shall give written notice of termination of employment and of this agreement to the office at least sixty days prior to the annual anniversary of said agreement.  If such notice of termination is given, it will not alter or shorten the then existing term of this Agreement, but shall only prohibit the automatic one year extension.  It is the intention

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Amended Answer to Amended Complaint and Counterclaims

of the parties that this provision shall operate as an "automatic extension clause" so that the contract will automatically be extended for one additional year as of each Agreement date and so that the agreement (if not earlier terminated by notice of either party as described herein) shall always have a remaining one year term.  In the event a notice of termination is given as outlined above, its effect will be that this Agreement will no longer automatically extend, but will expire at the end of the then existing term.

Exhibit 1 at p.1.

13.    As SHA's Executive Director, Threatt owed fiduciary duties to SHA.

14.    As SHA's Executive Director, Threatt owed SHA a duty to be honest with SHA's Commissioners in connection with matters concerning SHA and its business.

15.    As SHA's Executive Director, Threatt owed SHA a duty to be candid with SHA's Commissioners in connection with matters concerning SHA and its business.

16.    SHA's Commissioners had a reasonable expectation Threatt would be honest and candid with them in connection with his dealings concerning SHA and its business.

17.    Neither party to the contract gave written notice of termination pursuant to the contract at least sixty days prior to its first anniversary on November 2, 2018.

18.    Thus, Threatt's November 2, 2017 Contract automatically renewed on November 2, 2018, for another year, through November 2, 2019.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Amended Answer to Amended Complaint and Counterclaims

19.    Notwithstanding this automatic renewal and Threatt's obligations thereunder, Threatt's Amended Complaint alleges he was awarded a contract extension and raise on October 30, 2018.  Doc. 31 at ¶104.

20.    On October 30, 2018, SHA's Commissioners conducted a Board Meeting.

21.    On October 30, 2018, Commissioner Marvin Miller was the Board's Chairperson.

22.    On October 30, 2018, Commissioner Alma Jean Cook was the Board's Vice- Chairperson.

23.    After the Board Meeting, the Commissioners still in attendance had lunch.

24.    Following lunch, Threatt told the Commissioners still in attendance, that his contract of employment had expired.

25.    Threatt told the Commissioners still in attendance, that he no longer had a contract of employment with SHA.

26.    This statement was false, fraudulent, and misleading.

27.    The Commissioners still in attendance believed Threatt.

28.    The Commissioners reasonably relied on Threatt's fraudulent representation that his November 2, 2017 Contract was expired and he no longer had a contract of employment with SHA.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Amended Answer to Amended Complaint and Counterclaims

29.     Alternatively, Threatt's statement was due to his mistake concerning the automatic renewal of the November 2, 2017 Contract.

30.     The Commissioners also were mistaken about the status of and automatic renewal of Threatt's November 2, 2017 Contract.

31.     Threatt presented the Commissioners still in attendance with a new proposed contract for his employment.

32.     Threatt demanded the proposed contract be signed immediately.

33.     Threatt told the Commissioners still in attendance that if the proposed contract was not signed that day (October 30, 2018), he would not come back to work the next day.

34.     Threatt's November 2, 2017 Contract required that Threatt continue to perform his job duties and come back to work the next day.

35.     Despite this contractual and legal obligation to come back to work, the only consideration Threatt offered in exchange for the proposed contract of October 30, 2018, was his agreement to return to work the following day.

36.     Threatt also told the Commissioners still in attendance that if the proposed contract was not signed that day (October 30, 2018), his "team" of employees would not return to work the following day.

37.     The Commissioners still in attendance asked for an opportunity to review the proposed contract overnight.

38.    Threatt refused the Commissioners' request, and again demanded the proposed contract be signed immediately.

39.    There was no Board Resolution approving the proposed contract.

40.    The proposed contract required the Board Chair's signature.

41.    The proposed contract was not signed by Board Chair Marvin Miller.

42.    The contract Threatt proposed contained the following material changes from the November 2, 2017 contract:

| November 2, 2017 Contract | October 30, 2018 Proposed Contract |
|---|---|
| Term of one year (automatically renews if not terminated 60-days in advance of anniversary date) | Term of five years (automatically adds one year each year) |
| Provided for limited control | Significantly expanded areas of control |
| Required Threatt to move to Sylacauga on or before June 1, 2018 | Removed any requirement for Threatt to live in Sylacauga |
| $120,000 salary | $157,000 salary |
| Called for 13% of salary to be contribution to retirement | Increased salary contribution to retirement to 17% |
| No specific vesting provision for retirement plan | Provided for full vesting of retirement plan immediately |
| Provided a $600 monthly car allowance | Increased monthly car allowance to $800 |

Exhibit 1.

43.    SHA's October 30, 2018 Board Minutes, approved and signed by Threatt, are attached hereto as Exhibit 2.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Amended Answer to Amended Complaint and Counterclaims

44.     The Board Minutes do not reflect any deliberations or consideration of Threatt's proposed contract.

45.     The Board Minutes do not reflect any approval of Threatt's proposed contract.

46.     The proposed contract was signed by Vice-Chairperson Alma Jean Cook *ultra vires*.

47.     The proposed contract was signed by Vice-Chairperson Alma Jean Cook under duress.

48.     Vice-Chairperson Alma Jean Cook's signature on the proposed contract was obtained by coercion.

49.     Vice-Chairperson Alma Jean Cook was fraudulently induced to sign the proposed contract of October 30, 2018.

50.     The proposed contract was signed by Vice-Chairperson Alma Jean Cook due to reasonable reliance on Threatt's false misrepresentation that his November 2, 2017 Contract had expired.

51.     Threatt's proposed contract of October 30, 2018 was so grossly one sided as to shock the conscience.

52.     SHA and Commissioner Alma Jean Cook had no meaningful choice in connection with Threatt's demands concerning the proposed contract of October 30, 2018.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Amended Answer to Amended Complaint and Counterclaims

53.    The terms of the proposed contract of October 30, 2018 are unreasonably favorable to Threatt.

54.    The terms of the proposed contract of October 30, 2018 are unreasonably unfavorable to SHA.

55.    Because the SHA Board would have been unable to find a suitable substitute to oversee the operations of SHA on such short notice, Threatt leveraged his unequal bargaining power in coercing Cook's signature on the proposed contract of October 30, 2018.

56.    The terms in the proposed contract of October 30, 2018 were oppressively one-sided.

57.    Threatt's proposed contract of October 30, 2018 provided no compensation other than his promise to return to work the following day, which he was already legally obligated to do based on the November 2, 2017 contract.

## COUNT I
## DECLARATORY JUDGMENT

58.    SHA incorporates all allegations in paragraphs 9-57, as if fully set forth herein.  This incorporation is to avoid unnecessary duplication of facts previously stated.

59.    Threatt's November 2, 2017 Contract of one year automatically renewed when neither party gave at least 60-days' advance written notice of the intent to terminate the contract upon expiration of its term.

60.    As such, Threatt was employed under the November 2, 2017 Contract on October 30, 2018, and would have continued to be employed under the November 2, 2017 Contract, until October 30, 2019, or such time as Threatt gave written notice of resignation, a party's written notice to terminate at the end of the renewed one year term, or other cause as provided therein.

61.    On October 30, 2018, Threatt told SHA's Commissioners who were still present after the Board Meeting and lunch, that his November 2, 2017 Contract had expired.

62.    Threatt's representation was intentionally false.

63.    Threatt then told the SHA Commissioners he would not return to work absent SHA's signing the proposed contract of October 30, 2018.

64.    The proposed contract of October 30, 2018 required a SHA to extend Threatt's contract from one year to five years, pay Threatt an almost 31% increase in salary, 4% more of his increased salary in retirement contributions, a 33.3% increase in car allowance, provide for immediate vesting of retirement benefits, and relieve Threatt of his obligation to move to the City of Sylacauga.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Amended Answer to Amended Complaint and Counterclaims

65.     Alabama law prohibits a party to a valid contract from using his failure or refusal (or threats of refusal) of performance as a coercive force to extract a higher price than was originally contracted for. *See Mobile Turnkey Housing, Inc. v. Ceafco, Inc.*, *294 Ala. 707, 321 So.2d 186, 190 (1975)* ("But where one party refuses to do the work, which his contract requires him to do, ... unless he is paid more, and the other promises to pay more, the original contract still remaining subsisting, we consider it merely a promise to pay for what he was *already obliged* to do, and a nudum pactum ....") (emphasis added, internal quotes omitted); *Little v. Redditt*, 264 Ala. 371, 88 So.2d 354, 357 (1956) ("It is an established principle that the doing or undertaking to do only that which one is *already under a legal obligation* to do by his contract is no consideration for the secondary, subsequent, or new agreement.") (emphasis added, internal quotes omitted); *Griffin v. Hardin*, 456 So.2d 1113, 1116 (Ala.Civ.App.1984) ("A promise to do what one is *already under a legal obligation* to do is not a sufficient consideration for another contract.") (emphasis added); *Gloor v. BancorpSouth Bank*, 925 So.2d 984, 992 (Ala.Civ.App.1992) (*quoting Griffin*).

66.     The proposed contract of October 30, 2018 was not approved by resolution of the Board of Commissioners.

67.     Because the proposed contract of October 30, 2018 was not approved by resolution of the Board of Commissioners, Vice-Chairperson Cook's signature on the proposed contract of October 30, 2018 was *ultra vires*.

68.     The proposed contract of October 30, 2018 is void because it was not authorized by SHA.

69.     The Parties disagree about which contract was in effect and governed the rights and obligations of the Parties.

70.     WHEREFORE, SHA demands judgment declaring:

a.      the November 2, 2017 Contract remained in effect and governed the rights and obligations of the parties until Threatt's employment was termination; and

b.      the proposed contract of October 30, 2018 was void as nudum pactum, lacking consideration.

## COUNT II
## FRAUDULENT INDUCEMENT

71.     This is an alternative claim, in the event the Court determines the proposed contract of October 30, 2018 was valid and governed the rights and obligations of the parties.

72.     SHA incorporates all allegations in paragraphs 9-57, as if fully set forth herein.  This incorporation is to avoid unnecessary duplication of facts previously stated.

73.     On October 30, 2018 following the Board Meeting and lunch, Threatt falsely misrepresented to the Board Commissioners who were still present, that his November 2, 2017 Contract had expired and was no longer in effect.

74.     Threatt's misrepresentation was made intentionally, recklessly, negligently, mistakenly, or innocently.

75.     The Board Commissioners, including Commissioner Cook, reasonably relied on Threatt's false misrepresentation.

76.     Commissioner Cook signed the proposed contract of October 30, 2018 in reasonably reliance on Threatt's false misrepresentation.

77.     As a direct and proximate result of Threatt's conduct, SHA was damaged.

78.     WHEREFORE, SHA demands judgment against Threatt for:

    a.     a declaration the proposed contract of October 30, 2018 was void because Cook's was fraudulently induced to sign it; or

    b.     rescission of the proposed contract of October 30, 2018; and

    c.     repayment of all increased pay and benefits, over and above the amounts owed under the November 2, 2017 Contract; and

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Amended Answer to Amended Complaint and Counterclaims

     d.    any and all further and additional relief to which SHA is entitled

and the Court and/or trier of fact deems just.

## COUNT III
## INADEQUATE CONSIDERATION

79.    This is an alternative claim, in the event the Court determines the proposed contract of October 30, 2018 was valid and governed the rights and obligations of the parties.

80.    SHA incorporates all allegations in paragraphs 9-57, as if fully set forth herein.  This incorporation is to avoid unnecessary duplication of facts previously stated.

81.    On October 30, 2018 following the Board Meeting and lunch, Threatt falsely misrepresented to the Board Commissioners who were still present, that his November 2, 2017 Contract had expired and was no longer in effect.

82.    Threatt threatened his refusal to return to work absent SHA's acquiescence to the proposed contract of October 30, 2018, substantially increasing SHA's obligations and reducing Threatt's obligations.

83.    Threatt was already obligated to perform work pursuant to the November 2, 2017 Contract, and Threatt's offer to return to work was not consideration for the proposed contract of October 30, 2018.

84.    As a direct and proximate result of Threatt's conduct, SHA was damaged.

85.    WHEREFORE, SHA demands judgment against Threatt for:

a.    a declaration the proposed contract of October 30, 2018 was void for lack of consideration; or

b.    rescission of the proposed contract of October 30, 2018; and

c.    repayment of all increased pay and benefits, over and above the amounts owed under the November 2, 2017 Contract; and

d.    any and all further and additional relief to which SHA is entitled and the Court and/or trier of fact deems just.

## COUNT IV
## UNCONSCIONABILITY

86.    This is an alternative claim, in the event the Court determines the proposed contract of October 30, 2018 was valid and governed the rights and obligations of the parties.

87.    SHA incorporates all allegations in paragraphs 9-57, as if fully set forth herein.  This incorporation is to avoid unnecessary duplication of facts previously stated.

88.     On October 30, 2018 following the Board Meeting and lunch, Threatt falsely misrepresented to the Board Commissioners who were still present, that his November 2, 2017 Contract had expired and was no longer in effect.

89.     Threatt threatened his refusal to return to work absent SHA's acquiescence to the proposed contract of October 30, 2018, substantially increasing SHA's obligations and reducing Threatt's obligations.

90.     SHA and Commissioner Alma Jean Cook had no meaningful choice in connection with Threatt's demands concerning the proposed contract of October 30, 2018.

91.     The terms of the proposed contract of October 30, 2018 are unreasonably favorable to Threatt and unreasonably unfavorable to SHA.

92.     Threatt's threats and demands amounted to unequal bargaining power in Threatt's favor in connection with coercing Cook's signature on the proposed contract of October 30, 2018.

93.     The terms in the proposed contract of October 30, 2018 were oppressively one-sided.

94.     As a direct and proximate result of Threatt's conduct, SHA was damaged.

95.     WHEREFORE, SHA demands judgment against Threatt for:

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Amended Answer to Amended Complaint and Counterclaims

    a.    a declaration the proposed contract of October 30, 2018 was unconscionable; or

    b.    rescission of the proposed contract of October 30, 2018; and

    c.    repayment of all increased pay and benefits, over and above the amounts owed under the November 2, 2017 Contract; and

    d.    any and all further and additional relief to which SHA is entitled and the Court and/or trier of fact deems just.

## COUNT V
## MUTUAL MISTAKE

96.    This is an alternative claim, in the event the Court determines the proposed contract of October 30, 2018 was valid and governed the rights and obligations of the parties.

97.    SHA incorporates all allegations in paragraphs 9-57, as if fully set forth herein. This incorporation is to avoid unnecessary duplication of facts previously stated.

98.    On October 30, 2018 following the Board Meeting and lunch, Threatt mistakenly misrepresented to the Board Commissioners who were still present, that his November 2, 2017 Contract had expired and was no longer in effect.

99.    The Board Commissioners, including Commissioner Cook, reasonably relied on Threatt's mistaken misrepresentation.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Amended Answer to Amended Complaint and Counterclaims

100.   The Board Commissioners, including Commissioner Cook, mistakenly believed the November 2, 2017 Contract had expired.

101.   Commissioner Cook signed the proposed contract of October 30, 2018 based on a mutual mistake concerning the ongoing effect of the November 2, 2017 Contract.

102.   As a direct and proximate result of Threatt's conduct, SHA was damaged.

103.   WHEREFORE, SHA demands judgment against Threatt for:

a.   a declaration the proposed contract of October 30, 2018 was void due to mutual mistake; or

b.   rescission of the proposed contract of October 30, 2018; and

c.   repayment of all increased pay and benefits, over and above the amounts owed under the November 2, 2017 Contract; and

d.   any and all further and additional relief to which SHA is entitled and the Court and/or trier of fact deems just.

## COUNT VI
## COERCION/DURESS

104.   This is an alternative claim, in the event the Court determines the proposed contract of October 30, 2018 was valid and governed the rights and obligations of the parties.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Amended Answer to Amended Complaint and Counterclaims

105.   SHA incorporates all allegations in paragraphs 9-57, as if fully set forth herein.  This incorporation is to avoid unnecessary duplication of facts previously stated.

106.   On October 30, 2018 following the Board Meeting and lunch, Threatt falsely misrepresented to the Board Commissioners who were still present, that his November 2, 2017 Contract had expired and was no longer in effect.

107.   Threatt threatened his refusal to return to work absent SHA's acquiescence to the proposed contract of October 30, 2018, substantially increasing SHA's obligations and reducing Threatt's obligations.

108.   SHA and Commissioner Alma Jean Cook had no meaningful choice in connection with Threatt's demands concerning the proposed contract of October 30, 2018.

109.   The terms of the proposed contract of October 30, 2018 are unreasonably favorable to Threatt and unreasonably unfavorable to SHA.

110.   Threatt's threats and demands amounted to unequal bargaining power in Threatt's favor in connection with coercing Cook's signature on the proposed contract of October 30, 2018.

111.   The terms in the proposed contract of October 30, 2018 were oppressively one-sided.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Amended Answer to Amended Complaint and Counterclaims

112.   As a direct and proximate result of Threatt's conduct, SHA was damaged.

113.   WHEREFORE, SHA demands judgment against Threatt for:

a.   a declaration the proposed contract of October 30, 2018 was void due to its being obtained by coercion; or

b.   a declaration the proposed contract of October 30, 2018 was void due to its being obtained under duress; or

c.   rescission of the proposed contract of October 30, 2018; and

d.   repayment of all increased pay and benefits, over and above the amounts owed under the November 2, 2017 Contract; and

e.   any and all further and additional relief to which SHA is entitled and the Court and/or trier of fact deems just.

**SHA DEMANDS A TRIAL BY JURY
FOR ALL ISSUES TRIABLE BY JURY**

Respectfully submitted this 16th day of June, 2020.

s/ *Brandi B. Frederick*
Richard W. Lewis (ASB-1812-L75R)
Brandi B. Frederick (ASB-4725-B59B)
Attorneys for Sylacauga Housing Authority

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Amended Answer to Amended Complaint and Counterclaims

OF COUNSEL:

Austill Lewis Pipkin & Maddox, P.C.
600 Century Park South, Suite 100
Birmingham, AL 35226
(205) 870-3767 phone
(205) 870-3768 fax
r-lewis@maplaw.com
bfrederick@maplaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on the 16th day of June, 2020, I have served a copy of the above and foregoing on counsel for all parties by:

X    Using the Electronic Filing system which will send notice to the following:

Richard A. Rice
The Rice Firm, LLC
420 20th Street
Suite 2200
Birmingham, AL 35203
    Attorney For: Michael C. Threatt

Roderick T. Cooks
Lee Winston
Winston Cooks, LLC
505 20th Street North, Suite 815
Birmingham, AL 35203
rcooks@winstoncooks.com
lwinston@winstoncooks.com

s/ *Brandi B. Frederick*

OF COUNSEL