FILED

2020 Jun-24  PM 04:03
U.S. DISTRICT COURT
N.D. OF ALABAMA



**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **MICHAEL C. THREATT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No. 1:20-cv-00096-ACA** |
| | ) |
| **SYLACAUGA HOUSING AUTHORITY,** | ) |
| **SYLACAUGA HOUSING AUTHORITY** | ) |
| **COMMISSIONER JAMES ADAMS,** | ) |
| **in his official and individual capacities,** | ) |
| **SYLACAUGA HOUSING AUTHORITY** | ) |
| **COMMISSIONER ALMA JEAN COOK,** | ) |
| **in her official and individual capacities,** | ) |
| **SYLACAUGA HOUSING AUTHORITY** | ) |
| **COMMISSIONER MATT HUBBARD,** | ) |
| **in his official and individual capacities,** | ) |
| **SYLACAUGA HOUSING AUTHORITY** | ) |
| **COMMISSIONER PATRICK LOZITO,** | ) |
| **in his official and individual capacities,** | ) |
| **SYLACAUGA HOUSING AUTHORITY** | ) |
| **COMMISSIONER PHILLIP MORRIS,** | ) |
| **in his official and individual capacities,** | ) |
| **and MAYOR OF SYLACAUGA** | ) |
| **JIM HEIGL, in his official and individual** | ) |
| **capacities.** | ) |
| | ) |
| **Defendants.** | ) |

<u>**ANSWER TO FIRST AMENDED COMPLAINT BY JIM HEIGL**</u>

Comes now the Defendant, Jim Heigl, by and through his undersigned counsel

of record, and as answer to the respective numbered paragraphs of Plaintiff's First

Amended Complaint (Doc. 31) sets forth as follows:

-1-

In response to the unnumbered section of the First Amended Complaint titled "Introduction," this Defendant admits that Threatt is an African American and that he once served as the Chief Executive Officer of the Sylacauga Housing Authority. The remaining allegations of the "Introduction" are legal and conclusory in nature and, therefore, do not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

1.     The allegations of paragraph 1 are legal and conclusory in nature, and, therefore, do not require a response by this Defendant. To the extent that a response may be required, however, without in any way conceding that the Plaintiff's claims against this Defendant have merit, and certainly reserving all defenses available to the Defendant, this Defendant admits that Plaintiff has attempted to invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and § 1343(a)(4), 31 U.S.C. § 3730(h)(2), and 31 U.S.C. § 3732(a), and admits that Plaintiff's claims, as alleged, purportedly arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq., the False Claims Act ("FCA"), codified at 31 U.S.C. § 3729 et seq., the Fair Housing Act ("FHA"), codified at 42 U.S.C § 3601 et seq., the Civil Rights Act of 1866, 42 U.S.C. § 1981 (via 42 U.S.C. § 1983); and the Fourteenth Amendment to the Constitution of the United States of America (via 42 U.S.C. § 1983). This

Defendant denies that he violated Plaintiff's rights as guaranteed by the Constitution of the United States, by Federal law, by the Constitution of the State of Alabama, and by Alabama law.

2.     The allegations of paragraph 2 are legal and conclusory in nature, and, therefore, do not require a response by this Defendant. To the extent a response may be required, however, without in any way conceding that the Plaintiff's claims against this Defendant have merit, and certainly reserving all defenses available to the Defendant, this Defendant does not contest venue. This Defendant denies that he violated Plaintiff's rights as guaranteed by the Constitution of the United States, by Federal law, by the Constitution of the State of Alabama, and by Alabama law.

3.     In response to paragraph 3, this Defendant admits upon information and belief that Plaintiff is an African American adult United States citizen, a resident of the State of Alabama, and a former "employee" of SHA. Except as expressly admitted, the allegations in paragraph 3 are denied and strict proof thereof is demanded.

4.     In response to paragraph 4, this Defendant admits upon information and belief that SHA is a Municipal (governmental) entity, a public housing authority created pursuant to the Alabama Housing Authorities Law, Ala. Code § 24-1-20, et seq., and that SHA receives federal funding and subsidies from the United States Department of Housing and Urban Development ("HUD"). Except as expressly

admitted, the allegations in paragraph 4 are denied and strict proof thereof is demanded.

5.     In response to paragraph 5, this Defendant admits that James Adams is an SHA Board Commissioner. The remaining allegations of paragraph 5 are legal and conclusory in nature and, therefore, do not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

6.     In response to paragraph 6, this Defendant admits that Alma Jane Cook is an SHA Board Commissioner. The remaining allegations of paragraph 6 are legal and conclusory in nature and, therefore, do not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

7.     In response to paragraph 7, this Defendant admits that Matt Hubbard is an SHA Board Commissioner. The remaining allegations of paragraph 7 are legal and conclusory in nature and, therefore, do not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

8.      In response to paragraph 8, this Defendant admits that Patrick Lozito is an SHA Board Commissioner. The remaining allegations of paragraph 8 are legal and conclusory in nature and, therefore, do not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

9.      In response to paragraph 9, this Defendant admits that Phillip Morris is an SHA Board Commissioner. The remaining allegations of paragraph 9 are legal and conclusory in nature and, therefore, do not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

10.     Admitted that Jim Heigl is the Mayor of the City of Sylacauga. The remaining allegations of paragraph 10 are legal and conclusory in nature, and, therefore, do not require a response by this Defendant. To the extent a response may be required, however, without in any way conceding that the Plaintiff's claims against this Defendant have merit, and certainly reserving all defenses available to the Defendant, this denies that he violated Plaintiff's rights as guaranteed by the Constitution of the United States, by Federal law, by the Constitution of the State of Alabama, and by Alabama law. This Defendant also denies that he is responsible for

the administration of the Sylacauga Housing Authority or its policies or resolutions. This Defendant further denies that he "employed" the Plaintiff or that he engaged in any discriminatory conduct or "employment practices," or that any of his alleged actions or inactions resulted in any damages as claimed by the Plaintiff.

11.    Admitted, upon information and belief, that Plaintiff previously filed charges of employment discrimination with the EEOC. The remaining allegations of paragraph 11 are legal and conclusory in nature and, therefore, do not require a response by this Defendant. Furthermore, the alleged violations of Title VII do not appear to be directed to this Defendant, but to the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded. Furthermore, this Defendant denies that the Plaintiff would be entitled to any relief against him under Title VII of the Civil Rights Act of 1964.

12.    Admitted, upon information and belief, that on or about November 1, 2019, the EEOC issued a "Notice of Rights" to Plaintiff. The remaining allegations of paragraph 12 are legal and conclusory in nature and, therefore, do not require a response by this Defendant. Furthermore, this Defendant denies that the "Notice of Rights" issued by the EEOC relates to or encompasses any of the claims attempted to be asserted against this Defendant, but to the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as

requiring a further response, said allegations are denied and strict proof is demanded. Furthermore, this Defendant denies that the Plaintiff would be entitled to any relief against him under any matter relating to or encompassed by the "Notice of Rights" letter.

13.     The allegations of paragraph 13 are legal and conclusory in nature, and, therefore, do not require a response by this Defendant. To the extent that a response may be required, however, without in any way conceding that the Plaintiff's claims against this Defendant have merit, and certainly reserving all defenses available to the Defendant, this Defendant admits claims under 42 U.S.C. §1981 require no administrative exhaustion and are subject to a four-year statute of limitations. Except as expressly admitted, the allegations in paragraph 13 are denied and strict proof thereof is demanded.

14.     The allegations of paragraph 14 are legal and conclusory in nature, and, therefore, do not require a response by this Defendant. To the extent that a response may be required, however, without in any way conceding that the Plaintiff's claims against this Defendant have merit, and certainly reserving all defenses available to the Defendant, this Defendant admits claims under the FCA require no administrative exhaustion and are subject to a three-year statute of limitations. Except as expressly admitted, the allegations in paragraph 14 are denied and strict proof thereof is demanded.

15.     The allegations of paragraph 15 are legal and conclusory in nature, and, therefore, do not require a response by this Defendant. To the extent that a response may be required, however, without in any way conceding that the Plaintiff's claims against this Defendant have merit, and certainly reserving all defenses available to the Defendant, this Defendant admits claims under the FHA require no administrative exhaustion and are subject to a two-year statute of limitations. Except as expressly admitted, the allegations in paragraph 15 are denied and strict proof thereof is demanded.

16.     Admitted.

17.     Admitted, upon information and belief. To the extent that Plaintiff's allegations could be interpreted as asserting that this Defendant executed any employment agreement with the Plaintiff, same is denied and strict proof thereof is demanded.

18.     In response to paragraph 18, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

19.     In response to paragraph 19, including all subparts therein, said paragraph does not appear to assert any allegations against this Defendant, and,

therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded. Furthermore, to the extent paragraph 19 could in any way be interpreted that any SHA Board appointments made by this Defendant give rise to any claim made by the Plaintiff, same is denied and strict proof thereof is demanded.

20.    In response to paragraph 20, including all subparts therein, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded. Furthermore, to the extent paragraph 20 could in any way be interpreted that any SHA Board appointments made by this Defendant give rise to any claim made by the Plaintiff, same is denied and strict proof thereof is demanded.

21.    In response to paragraph 21, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded. Furthermore, to the extent paragraph 21 could in any way be interpreted that any SHA Board

appointments made by this Defendant give rise to any claim made by the Plaintiff, same is denied and strict proof thereof is demanded.

22.     In response to paragraph 22, this Defendant states that the SHA bylaws speak for themselves, but the remainder of said paragraph is denied as phrased.

23.     Admitted that Heigl has served and continues to serve as the Mayor of the City of Sylacauga. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

24.     In response to paragraph 24, including all subparts therein, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded. To the extent said paragraph could be interpreted as setting forth allegations that this Defendant directed or oversaw the alleged responsibilities or activities of the Plaintiff attempted to be set forth in this paragraph, the same is denied and strict proof is demanded.

25.     In response to paragraph 25, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as

asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded. To the extent said paragraph could be interpreted as setting forth allegations that this Defendant directed or oversaw the alleged responsibilities or activities of the Plaintiff attempted to be set forth in this paragraph, the same is denied and strict proof is demanded.

26.     In response to paragraph 26, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded. To the extent said paragraph could be interpreted as setting forth allegations that this Defendant directed or oversaw the alleged responsibilities or activities of the Plaintiff attempted to be set forth in this paragraph, the same is denied and strict proof is demanded.

27.     In response to paragraph 27, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded. To the extent said paragraph could be interpreted as setting forth allegations that this Defendant

directed or oversaw the alleged responsibilities or activities of the Plaintiff attempted to be set forth in this paragraph, the same is denied and strict proof is demanded.

28.    In response to paragraph 28, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded. To the extent said paragraph could be interpreted as setting forth allegations that this Defendant directed or oversaw the alleged responsibilities or activities of the Plaintiff attempted to be set forth in this paragraph, the same is denied and strict proof is demanded.

29.    In response to paragraph 29, this Defendant lacks information sufficient to form a belief as to the truth or veracity of the allegations, and therefore denies same and demands strict proof.

30.    In response to paragraph 30, this Defendant lacks information sufficient to form a belief as to the truth or veracity of the allegations, and therefore denies same and demands strict proof. This Defendant denies having been involved in any alleged fraudulent billing practices.

31.    In response to paragraph 31, this Defendant lacks information sufficient to form a belief as to the truth or veracity of the allegations, and therefore denies same and demands strict proof.

32.    In response to paragraph 32, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

33.    In response to paragraph 33, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

34.    In response to paragraph 34, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

35.    In response to paragraph 35, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

36.     In response to paragraph 36, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

37.     In response to paragraph 37, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

38.     In response to paragraph 38, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

39.     In response to paragraph 39, including all subparts therein, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or

others, or as requiring a further response, said allegations are denied and strict proof is demanded.

40.    In response to paragraph 40, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

41.    In response to paragraph 41, including all subparts therein, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

42.    This Defendant denies paragraph 42 and demands strict proof thereof.

43.    In response to paragraph 43, including all subparts therein, this Defendant denies same and demands strict proof thereof.

44.    This Defendant denies paragraph 44 and demands strict proof thereof.

45.    In response to paragraph 45, including all subparts therein, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph

could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

46.    In response to paragraph 46, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

47.    In response to paragraph 47, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

48.    In response to paragraph 48, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

49.    In response to paragraph 49, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response

by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

50.    In response to paragraph 50, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

51.    In response to paragraph 51, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

52.    In response to paragraph 52, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

53.     In response to paragraph 53, this Defendant lacks information sufficient to form a belief as to the truth or veracity of the allegations, and therefore denies same and demands strict proof.

54.     In response to paragraph 54, including all subparts therein, this Defendant denies same and demands strict proof thereof.

55.     In response to paragraph 55, this Defendant lacks information sufficient to form a belief as to the truth or veracity of the allegations, and therefore denies same and demands strict proof. This Defendant denies that he engaged in any discriminatory practices, fraudulent billing practices, or non-compliant procurement practices.

56.     In response to paragraph 56, this Defendant lacks information sufficient to form a belief as to the truth or veracity of the allegations, and therefore denies same and demands strict proof. This Defendant denies that he engaged in any discriminatory housing practices or other conduct in violation of the FHA.

57.     In response to paragraph 56, this Defendant lacks information sufficient to form a belief as to the truth or veracity of the allegations, and therefore denies same and demands strict proof. This Defendant denies that he engaged in any alleged mismanagement of federal HUD funding, discrimination, or alleged corruption.

58.     This Defendant denies paragraph 58 as phrased and demands strict proof thereof.

59.     This Defendant denies paragraph 59 and demands strict proof thereof.

60.     This Defendant admits, upon information and belief, that Plaintiff hired a security company. This Defendant denies the remainder of paragraph 60 and demands strict proof thereof.

61.     In response to paragraph 61, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

62.     In response to paragraph 62, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

63.     In response to paragraph 63, including all subparts therein, this Defendant admits, upon information and belief, that Plaintiff filed a charge with the EEOC. This Defendant lacks information sufficient to form a belief as to the truth or veracity of the remaining allegations of set forth in subsections (b) through (g) of said paragraph, and therefore denies same and demands strict proof.

64.     In response to paragraph 64, including all subparts therein, this Defendant admits, upon information and belief, that Plaintiff filed charges with the EEOC.

65.     This Defendant denies paragraph 65 and demands strict proof thereof.

66.     In response to paragraph 66, this Defendant lacks information sufficient to form a belief as to the truth or veracity of the allegations concerning Plaintiff's request for FMLA leave, but denies the Plaintiff's allegations as to any alleged medical condition or that such was allegedly caused by a hostile work environment. Except as expressly admitted herein, this Defendant denies paragraph 66 and demands strict proof.

67.     In response to paragraph 67, this Defendant admits, upon information and belief, that the Plaintiff took a purported FMLA leave of absence, but to the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

68.     In response to paragraph 68, including all subparts therein, this Defendant admits, upon information and belief, that during Plaintiff's leave of absence, the listed individuals assumed the identified titles, but to the extent said paragraph could in any way be interpreted as asserting allegations against this

Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

69.     In response to paragraph 69, this Defendant lacks information sufficient to form a belief as to the truth or veracity of the allegations, and therefore denies same and demands strict proof.

70.     In response to paragraph 70, this Defendant lacks information sufficient to form a belief as to the truth or veracity of the allegations, and therefore denies same and demands strict proof.

71.     In response to paragraph 71, this Defendant lacks information sufficient to form a belief as to the truth or veracity of the allegations, and therefore denies same and demands strict proof.

72.     In response to paragraph 72, this Defendant lacks information sufficient to form a belief as to the truth or veracity of the allegations, and therefore denies same and demands strict proof.

73.     In response to paragraph 73, this Defendant lacks information sufficient to form a belief as to the truth or veracity of the allegations, and therefore denies same and demands strict proof. This Defendant denies that he engaged in any alleged housing violations.

74.     In response to paragraph 74, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response

by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

75.     In response to paragraph 75, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

76.     In response to paragraph 76, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

77.     This Defendant denies paragraph 77 and demands strict proof thereof.

78.     In response to paragraph 78, this Defendant lacks information sufficient to form a belief as to the truth or veracity of the allegations, and therefore denies same and demands strict proof. This Defendant denies that he engaged in any alleged wrongful or discriminatory practices.

79.     In response to paragraph 79, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response

by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

80.     In response to paragraph 80, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

81.     This Defendant denies paragraph 81 and demands strict proof thereof.

82.     In response to paragraph 82, this Defendant lacks information sufficient to form a belief as to the truth or veracity of the allegations, and therefore denies same and demands strict proof.

83.     In response to paragraph 83, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

84.     In response to paragraph 84, this Defendant lacks information sufficient to form a belief as to the truth or veracity of the allegations, and therefore denies same and demands strict proof.

85.    In response to paragraph 85, this Defendant lacks information sufficient to form a belief as to the truth or veracity of the allegations, and therefore denies same and demands strict proof. This Defendant denies that he engaged in any fraudulent billing practices, mismanagement of federal resources, or discriminatory actions.

86.    In response to paragraph 86, this Defendant lacks information sufficient to form a belief as to the truth or veracity of the allegations, and therefore denies same and demands strict proof.

87.    In response to paragraph 87, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

88.    Admitted, upon information and belief, that Sam Royster was installed as acting-CEO of SHA on or about the date alleged.

89.    In response to paragraph 89, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

90.     This Defendant denies paragraph 90 and demands strict proof thereof.

91.     In response to paragraph 91, this Defendant lacks information sufficient to form a belief as to the truth or veracity of the allegations, and therefore denies same and demands strict proof.

92.     In response to paragraph 92, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

93.     In response to paragraph 93, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

94.     In response to paragraph 94, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

95.     In response to paragraph 95, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

96.     In response to paragraph 96, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

97.     In response to paragraph 97, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

98.     In response to paragraph 98, it is admitted that Plaintiff was terminated from his position with SHA on or about October 24, 2019, but, to the extent this paragraph could be interpreted as asserting that this Defendant terminated the Plaintiff, the same is denied and strict proof is demanded.

99.     This Defendant denies paragraph 99 and demands strict proof thereof.

100.   This Defendant denies paragraph 100 and demands strict proof thereof.

101.   This Defendant denies paragraph 101, including all subparts therein, and demands strict proof thereof.

102.   This Defendant denies paragraph 102, including all subparts therein, and demands strict proof thereof.

103.   This Defendant denies paragraph 103 and demands strict proof thereof.

104.   In response to paragraph 104, including all subparts therein, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

105.   In response to paragraph 105, including all subparts therein, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

## CLAIMS FOR RELIEF
## A. RACE DISCRIMINATION (TITLE VII and 42 U.S.C. § 1981) (against SHA)

106.   In response to paragraph 106, the allegations are legal and conclusory in nature and do not appear to assert any allegations against this Defendant, and, therefore, do not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

107.   In response to paragraph 107, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

108.   In response to paragraph 108, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

109.   In response to paragraph 109, the allegations are legal and conclusory in nature and do not appear to assert any allegations against this Defendant, and, therefore, do not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

110.   In response to paragraph 110, this Defendant admits, upon information and belief, that the Plaintiff filed charges with EEOC. The remaining allegations of said paragraph are legal and conclusory in nature and do not appear to assert any allegations against this Defendant, and, therefore, do not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

111.   In response to paragraph 111, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, do not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded. This Defendant denies that the Plaintiff is entitled to any damages for which he seeks and denies the Plaintiff's claims of injury and denies any wrongdoing.

112.   In response to paragraph 112, the allegations are legal and conclusory in nature and do not appear to assert any allegations against this Defendant, and, therefore, do not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded. This Defendant denies the Plaintiff is entitled to a reimbursement of his attorneys' fees and denies any wrongdoing.

113.   In response to paragraph 113, the allegations are legal and conclusory in nature and do not appear to assert any allegations against this Defendant, and, therefore, do not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded. This Defendant denies that the Plaintiff is entitled to any damages for which he seeks and denies the Plaintiff's claims of injury and denies any wrongdoing.

114.   This Defendant denies paragraph 114 and demands strict proof thereof.

## B. **RETALIATION (TITLE VII and 42 U.S.C. § 1981)**
### **(against SHA)**

115.   In response to paragraph 115, the allegations are legal and conclusory in nature and do not appear to assert any allegations against this Defendant, and, therefore, do not require a response by this Defendant. To the extent said paragraph

could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

116.   In response to paragraph 116, the allegations are legal and conclusory in nature and do not appear to assert any allegations against this Defendant, and, therefore, do not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

117.   This Defendant denies paragraph 117 and demands strict proof thereof.

118.   In response to paragraph 118, this paragraph does not appear to assert any allegations against this Defendant, and, therefore, do not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

119.   In response to paragraph 119, including all subparts therein, this paragraph does not appear to assert any allegations against this Defendant, and, therefore, do not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or

others, or as requiring a further response, said allegations are denied and strict proof is demanded.

120.   This Defendant denies paragraph 120 and demands strict proof thereof.

121.   In response to paragraph 121, this paragraph does not appear to assert any allegations against this Defendant, and, therefore, do not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

122.   This Defendant denies paragraph 122 and demands strict proof thereof.

123.   In response to paragraph 123, this paragraph does not appear to assert any allegations against this Defendant, and, therefore, do not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

124.   This Defendant denies paragraph 124 and demands strict proof thereof.

125.   In response to paragraph 125, the allegations are legal and conclusory in nature and do not appear to assert any allegations against this Defendant, and, therefore, do not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof

is demanded. This Defendant denies that the Plaintiff is entitled to any damages for which he seeks and denies the Plaintiff's claims of injury and denies any wrongdoing.

126.   This Defendant denies paragraph 126 and demands strict proof thereof.

127.   In response to paragraph 127, the allegations are legal and conclusory in nature and do not appear to assert any allegations against this Defendant, and, therefore, do not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded. This Defendant denies that the Plaintiff is entitled to any damages for which he seeks and denies the Plaintiff's claims of injury and denies any wrongdoing.

## C. <u>RETALIATION (FHA) (against SHA)</u>

128.   In response to paragraph 128, the allegations are legal and conclusory in nature and do not appear to assert any allegations against this Defendant, and, therefore, do not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

129.   In response to paragraph 129, this Defendant lacks information sufficient to form a belief as to the truth or veracity of the allegations, and therefore denies same and demands strict proof. This Defendant denies having been involved in any alleged unlawful housing practices.

130.   In response to paragraph 130, this Defendant lacks information sufficient to form a belief as to the truth or veracity of the allegations, and therefore denies same and demands strict proof. This Defendant denies having been involved in any alleged unlawful housing practices.

131.   In response to paragraph 131, this Defendant lacks information sufficient to form a belief as to the truth or veracity of the allegations, and therefore denies same and demands strict proof. This Defendant denies having been involved in any alleged unlawful housing practices.

132.   In response to paragraph 132, this Defendant lacks information sufficient to form a belief as to the truth or veracity of the allegations, and therefore denies same and demands strict proof. This Defendant denies having been involved in any alleged unlawful housing practices.

133.   In response to paragraph 133, this Defendant lacks information sufficient to form a belief as to the truth or veracity of the allegations, and therefore denies same and demands strict proof. This Defendant denies having been involved in any alleged unlawful housing practices.

134.   In response to paragraph 134, this Defendant lacks information sufficient to form a belief as to the truth or veracity of the allegations, and therefore denies same and demands strict proof. This Defendant denies having been involved in any alleged unlawful housing practices.

135.   In response to paragraph 135, this Defendant lacks information sufficient to form a belief as to the truth or veracity of the allegations, and therefore denies same and demands strict proof. This Defendant denies having been involved in any alleged unlawful housing practices.

136.   In response to paragraph 136, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, does not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

137.   In response to paragraph 137, this Defendant admits, upon information and belief, that the Plaintiff was put on leave at one time, but to the extent that this paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

138.   In response to paragraph 138, this Defendant admits, upon information and belief, that the Plaintiff was terminated from his position with SHA at some

point, but to the extent that this paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

139.   This Defendant denies paragraph 139 and demands strict proof thereof.

140.   In response to paragraph 140, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, do not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded. This Defendant denies that the Plaintiff is entitled to any damages for which he seeks and denies the Plaintiff's claims of injury and denies any wrongdoing.

### D. RETALIATION (FCA) (against SHA)

141.   In response to paragraph 141, this Defendant lacks information sufficient to form a belief as to the truth or veracity of the allegations, and therefore denies same and demands strict proof. This Defendant denies that he engaged in any fraudulent billing practices.

142.   In response to paragraph 142, this Defendant lacks information sufficient to form a belief as to the truth or veracity of the allegations, and therefore denies same and demands strict proof. This Defendant denies that he engaged in any fraudulent billing practices.

143.   In response to paragraph 143, this Defendant lacks information sufficient to form a belief as to the truth or veracity of the allegations, and therefore denies same and demands strict proof. This Defendant denies that he engaged in any fraudulent billing practices.

144.   In response to paragraph 144, this Defendant lacks information sufficient to form a belief as to the truth or veracity of the allegations, and therefore denies same and demands strict proof. This Defendant denies that he engaged in any "dubious transactions."

145.   In response to paragraph 145, this Defendant lacks information sufficient to form a belief as to the truth or veracity of the allegations, and therefore denies same and demands strict proof.

146.   This Defendant denies paragraph 146 and demands strict proof thereof.

147.   In response to paragraph 147, this Defendant lacks information sufficient to form a belief as to the truth or veracity of the allegations, and therefore denies same and demands strict proof. This Defendant denies that he engaged in any fraudulent billing practices.

148.   In response to paragraph 148, this Defendant lacks information sufficient to form a belief as to the truth or veracity of the allegations, and therefore denies same and demands strict proof. This Defendant denies that he engaged in any fraudulent billing practices.

149.   In response to paragraph 149, this Defendant lacks information sufficient to form a belief as to the truth or veracity of the allegations, and therefore denies same and demands strict proof. This Defendant denies that he engaged in any fraudulent billing practices.

150.   In response to paragraph 150, this Defendant lacks information sufficient to form a belief as to the truth or veracity of the allegations, and therefore denies same and demands strict proof. This Defendant denies that he engaged in any fraudulent billing practices.

151.   This Defendant denies paragraph 151 and demands strict proof thereof.

152.   In response to paragraph 152, this Defendant admits, upon information and belief, that the Plaintiff was placed on administrative leave at some point, but to the extent that this paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

153.   In response to paragraph 153, this Defendant admits, upon information and belief, that the Plaintiff was placed on administrative leave at some point, but to the extent that this paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

154.   In response to paragraph 154, this Defendant admits, upon information and belief, that the Plaintiff was placed terminated at some point, but to the extent that this paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded.

155.   This Defendant denies paragraph 155 and demands strict proof thereof.

156.   In response to paragraph 156, said paragraph does not appear to assert any allegations against this Defendant, and, therefore, do not require a response by this Defendant. To the extent said paragraph could in any way be interpreted as asserting allegations against this Defendant or others, or as requiring a further response, said allegations are denied and strict proof is demanded. This Defendant denies that the Plaintiff is entitled to any damages for which he seeks and denies the Plaintiff's claims of injury and denies any wrongdoing.

### E. RACE DISCRIMINATION (42 U.S.C. § 1981) (against Heigl and others)

157.   This Defendant denies paragraph 157 and demands strict proof thereof.

158.   This Defendant denies paragraph 158 and demands strict proof thereof.

159.   This Defendant denies paragraph 159 and demands strict proof thereof.

160.   This Defendant denies paragraph 160 and demands strict proof thereof.

161.   This Defendant denies paragraph 161 and demands strict proof thereof.

**NOTE**: In response to the "Prayer for Relief," these paragraphs are legal and conclusory in nature and do not require a response by this Defendant. To the extent that a response may be required, however, this Defendant denies that Plaintiff is entitled to the relief, damages, or compensation he seeks, and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

To the extent not specifically admitted in this Answer, this Defendant denies all material averments and allegations of the Plaintiff's First Amended Complaint and demands strict proof thereof.

### SECOND DEFENSE

Defendant pleads the Plaintiff failed to timely commence this action against some or all Defendants for the purposes of the statute of limitations, and the Plaintiff's claims against any such Defendant are barred by the applicable statute of limitations.  Defendant also pleads that the Plaintiff has failed to exercise due diligence to discover the identity of any parties who are incorrectly or incompletely named and reserves the right to move for dismissal of any such Defendant as a party Defendant.

## THIRD DEFENSE

The Plaintiff's First Amended Complaint, separately and severally, fails to state claims upon which proper relief can be demanded.

## FOURTH DEFENSE

This Defendant denies any wrongdoing.

## FIFTH DEFENSE

This Defendant pleads the general issue.

## SIXTH DEFENSE

This Defendant pleads lack of proximate cause.

## SEVENTH DEFENSE

There is no causal connection between any acts or omissions of this Defendant and the Plaintiff's alleged damages.

## EIGHTH DEFENSE

This Defendant asserts that he did not breach any duty owed to the Plaintiff and is not responsible for any damages allegedly incurred by the Plaintiff.

## NINTH DEFENSE

The Court lacks jurisdiction over the state law claim for Fair Housing Retaliation.

## TENTH DEFENSE

The Court lacks jurisdiction over this Defendant for the state law claim for Fair Housing Retaliation.

## ELEVENTH DEFENSE

This Defendant was and is not Plaintiff's employer and was and is not otherwise in privity of contract with Plaintiff.

## TWELFTH DEFENSE

Plaintiff's contract, to the extent a valid contract existed, was terminated for just cause.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred by waiver.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred by his participation in the conduct about which he complains.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred by his own fraud.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred by illegality.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred by his misconduct in modifying and falsifying official municipal documents.

## EIGTHTEENH DEFENSE

Plaintiff's claims are barred by his violations of the Alabama Code of Ethics.

## NINTEENTH DEFENSE

Defendant pleads that any action taken or thing not done with respect to the circumstances leading up to, arising out of, or surrounding the claims made the basis of the Plaintiff's First Amended Complaint was justified, reasonable, and done in good faith.

## TWENTIETH DEFENSE

Defendant pleads that any action taken or thing not done with respect to the circumstances leading up to, arising out of, or surrounding the claims made the basis of the Plaintiff's First Amended Complaint was done for or based on legitimate, non-retaliatory reasons.

## TWENTY-FIRST DEFENSE

Defendant did not discriminate against Plaintiff on the basis of his race or any other protected category.

## TWENTY-SECOND DEFENSE

Defendant did not retaliate against Plaintiff on the basis of any protected activity or category.

## TWENTY-THIRD DEFENSE

Plaintiff cannot establish any retaliatory motive was the "but for" cause of the actions taken against Plaintiff.

## TWENTY-FOURTH DEFENSE

Plaintiff cannot establish any protected conduct was the "but for" cause of the actions taken against Plaintiff.

## TWENTY-FIFTH DEFENSE

This Defendant asserts, to the extent the Plaintiff alleges wrongdoing against him relating to any alleged decision or decisions, this Defendant would have made the same decision or decisions without regard to any alleged discriminatory motive.

## TWENTY-SIXTH DEFENSE

This Defendant asserts, to the extent the Plaintiff alleges wrongdoing against him relating to any alleged decision or decisions, this Defendant would have made the same decision or decisions without regard to any alleged protected activity by Plaintiff.

## TWENTY-SEVENTH DEFENSE

This Defendant asserts, to the extent the Plaintiff alleges wrongdoing against him relating to any alleged decision or decisions, this Defendant would have made the same decision or decisions without regard to any alleged retaliatory motive.

## TWENTY-EIGHTH DEFENSE

Defendant pleads the doctrine of unclean hands.

## TWENTY-NINTH DEFENSE

Plaintiff's claims are barred because he conspired with others to create the conditions about which he complains.

## THIRTIETH DEFENSE

Defendant would show, upon information and belief, that such injury or damage as the Plaintiff allegedly sustained, if any, was due to and proximately caused by the Plaintiff or the intervening and superceding negligence, carelessness, unskillfulness, recklessness, willfulness, wantonness, gross negligence and/or intentional criminal acts of one or more persons or entities other than Defendant, over which Defendant had no control, and, therefore, Plaintiff may not recover against this Defendant.

## THIRTY-FIRST DEFENSE

Defendant pleads that the Plaintiff has failed to name all potential Defendants in their cause of action or otherwise plead a cause of action against necessary parties, and, as such, is barred from recovery against this Defendant.

## THIRTY-SECOND DEFENSE

Some or all of the damages claimed by Plaintiff are subject to credit, set-off, offset, or recoupment by pro tanto settlements, by superliens, by subrogation, and/or by reimbursement.

## THIRTY-THIRD DEFENSE

This Defendant pleads all immunities available to him under the laws of the State of Alabama and the United States of America, including, but not limited to, Eleventh Amendment/sovereign immunity, governmental immunity, legislative immunity, executive immunity, statutory immunity, qualified immunity, state agent immunity, or other immunity from suit.

## THIRTY-FOURTH DEFENSE

This Defendant did not violate any constitutional rights of the Plaintiff.

## THIRTY-FIFTH DEFENSE

This Defendant denies the nature and extent of Plaintiff's alleged injuries and demands strict proof thereof.

## THIRTY-SIXTH DEFENSE

Defendant pleads failure to mitigate damages as a bar to the Plaintiff's Complaint.

## THIRTY-SEVENTH DEFENSE

The Plaintiff has willfully concealed facts which therefore bars his recovery in this action.

## THIRTY-EIGHTH DEFENSE

Plaintiff has not complied with all requirements or conditions precedent to the maintenance of this lawsuit.

## THIRTY-NINTH DEFENSE

Plaintiff's claims are barred because he failed to exhaust all administrative remedies.

## FORTIETH DEFENSE

This Defendant denies any violation of the Plaintiff's rights as provided by the Alabama and United States Constitutions, or otherwise.

## FORTY-FIRST DEFENSE

The Plaintiff's claim for injunctive relief, and attorney's fees, if any, are equitable in nature, and may not be tried to jury.

## FORTY-SECOND DEFENSE

This Defendant pleads collateral estoppel, res judicata, or issue preclusion as a bar to the Plaintiff's First Amended Complaint.

## FORTY-THIRD DEFENSE

The Plaintiff, at the times and on the occasions in question, was guilty of provocation and illegal activities, which led to his alleged injuries.

## FORTY-FOURTH DEFENSE

This Defendant has no constitutional responsibility for all or some of the claims alleged in the Plaintiff's First Amended Complaint.

## FORTY-FIFTH DEFENSE

There is insufficient proof for the jury to award damages for loss of wages and income.

## FORTY-SIXTH DEFENSE

Plaintiff may not recover damages for mental anguish in this case.

## FORTY-SEVENTH DEFENSE

The intentional, reckless, careless, negligent, improper, and/or illegal actions of the Plaintiff, separately and severally, was the sole cause of his injuries.

## FORTY-EIGHTH DEFENSE

The Plaintiff's Complaint in whole or in part is brought without substantial justification under the Alabama Litigation Accountability Act.

## FORTY-NINTH DEFENSE

This Defendant pleads contributory negligence and assumption of risk as a bar to the Plaintiff's Complaint.

## FIFTIETH DEFENSE

The Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(1)     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiffs' satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(2)     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(3)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against the defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(4)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(5)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, therefore, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(6)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of maximum criminal fines for the same or similar conduct, which thereby infringes the due process clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(7)     The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

## **FIFTY-FIRST DEFENSE**

The Plaintiff's claim of punitive damages violates the Due Process Clause of Article 1, Section 6 of the Constitution of Alabama on the following grounds:

(1)    It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiffs satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(2)    The procedures pursuant to which the punitive damages are awarded fail to provide a limit on the amount of the award against these Defendants;

(3)    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(4)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

(5)    The award of punitive damages in this case would constitute a deprivation of property without due process of law.

## FIFTY-SECOND DEFENSE

To the extent that the Plaintiff seeks to recover punitive damages, the Plaintiff has failed to state a claim upon which relief may be granted in that he has not made any averments to support such relief.

## FIFTY-THIRD DEFENSE

This Defendant denies that the Plaintiff is entitled to attorney's fees under any statute, based on the events made the basis of the Plaintiff's claims.

## FIFTY-FOURTH DEFENSE

This Defendant disputes each and every item of damages alleged in the Plaintiffs' First Amended Complaint and demands strict proof thereof.

## FIFTY-FIFTH DEFENSE

To the extent such may be applicable, this Defendant adopts as his own the affirmative defenses pled by any co-Defendant.

## FIFTY-SIXTH DEFENSE

This Defendant reserves the right to file any additional affirmative defenses that may arise as a result of further discovery and investigation as to the allegations contained in the Plaintiff's First Amended Complaint.

**WHEREFORE, PREMISES CONSIDERED**, this Defendant respectfully requests that (1) the Plaintiff have and recover nothing in this action; (2) that the action be dismissed with prejudice pursuant to law; (3) that the costs of this action be taxed against the Plaintiff pursuant to law; and (4) the Court grant to the Defendant such other further relief as may seem just and proper.

Respectfully submitted,

*/s/ C. David Stubbs*
C. David Stubbs (asb-7248-u83c)
Attorney for Defendant Jim Heigl

**OF COUNSEL:**
STUBBS, SILLS & FRYE P.C.
1724 South Quintard Avenue
Post Office Box 2023
Anniston, Alabama 36202
Phone: (256)835-5050
Email: david-ssf@cableone.net

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that the following has been served a copy of the foregoing document, on June 24, 2020, by placing the same in the U.S. mail, postage prepaid and properly addressed; or, if the party being served is a registered participant in the ECF System of the United States District Court for the Northern District of Alabama, by a "Notice of Electronic Filing" pursuant to N.D. Ala. Local Rule 5.4:

Richard A. Rice
The Rice Firm, LLC
420 20th Street
Suite 2200
Birmingham, Alabama 35203
*Attorney for Plaintiff*

Roderick T. Cooks
Lee Winston
Winston Cooks, LLC
505 20th Street North, Suite 815
Birmingham, Alabama 35203
Email:  rcooks@winstoncooks.com
        lwinston@winstoncooks.com
*Attorneys for Plaintiff*

Richard W. Lewis
Brandi B. Frederick
Austill Lewis Pipkin & Maddox, P.C.
600 Century Park South, Suite 100
Birmingham, Alabama 35226
Email:  r-lewis@maplaw.com
        bfrederick@maplaw.com
*Attorneys for Co-Defendants*

_/s/ C. David Stubbs_
C. David Stubbs (asb-7248-u83c)