FILED
2020 Jul-27  PM 01:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| Michael C. Threatt, | |
| **Plaintiffs,** | |
| **v.** | |
| Sylacauga Housing Authority, Commissioners James Adams, Alma Jean Cook, Matt Hubbard, Patrick Lozito, Phillip Morris, and Mayor of Sylacauga Jim Heigl | Civil Action No. 20-CV-00096-SGC |
| **Defendants.** | |

**MATT HUBBARD'S ANSWER TO AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(a)(1)(A), Defendant Matt Hubbard ("Hubbard"), hereby Answers Plaintiff's Amended Complaint as follows:

## I.   INTRODUCTION

SHA is a public housing agency that provides healthy, safe, and sustainable affordable housing promoting economic self-sufficiency and homeownership programs, high-level aging in place and supportive housing services, workforce housing and workforce development opportunities.

SHA hired Plaintiff Threatt as its Executive Director on November 2, 2017. SHA had great hopes and expectations for Mr. Threatt's administration, but was

sorely disappointed. Threatt's administration was chaotic, disorganized, unproductive, wasteful, dishonest, and fomented discord and hostility in the community and with and among SHA's employees. Threatt permitted SHA's properties to fall into disrepair. He created several new, unnecessary positions for his cronies, and gave himself and his cronies exorbitant salaries and benefits, which cost SHA over Nine Hundred Thousand Dollars per year. Threatt was combative, uncooperative, and failed to provide requested and required information requested by Board Chairman Lozito and SHA's Board of Commissioners.

Mayor Heigl appointed Hubbard to SHA's Board of Commissioners, and Hubbard was on the Board when it hired Threatt. SHA and Hubbard did not exercise the right to terminate Threatt's one-year contract at the expiration of the first year of his employment. SHA and Hubbard did not discriminate against Mr. Threatt on the basis of his race, and SHA did not retaliate against him in violation of Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1966, 42 U.S.C. § 1981, the False Claims Act, or the Fair Housing Act. Hubbard did not discrimination against Threatt on the basis of his race and/or color, or violate his Constitutional rights. Instead, Threatt's employment was terminated for legitimate, non-discriminatory, non-retaliatory reasons.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Matt Hubbard's Answer to Amended Complaint

## II.   JURISDICTION AND VENUE

1.     Hubbard admits 28 U.S.C. §1331 grants district courts with original jurisdiction to civil action arising under the laws of the United States.   Hubbard admits 31 U.S.C. § 3730(h)(2) grants district courts with jurisdiction for claims asserted under 31 U.S.C. § 3730(h).   Hubbard admits 31 U.S.C. § 3732(a) grants district courts with jurisdiction for claims asserted under 31 U.S.C. § 3730.   Except as expressly admitted, the allegations in paragraph 1 are denied.

2.     Hubbard admits Plaintiff was employed in Sylacauga, Talladega County, Alabama, which lies in the Eastern Division of the United States District Court for the Northern District of Alabama.   Except as expressly admitted, the allegations in paragraph 2 are denied.

## III.   PARTIES

3.     Hubbard admits Plaintiff is an African American adult United States citizen.   Hubbard admits upon information and belief Plaintiff is a resident of the State of Alabama.   Hubbard admits Plaintiff was an "employee" of SHA.   Except as expressly admitted, the allegations in paragraph 3 are denied.

4.     Hubbard admits SHA is a Municipal (governmental) entity, a public housing authority created pursuant to the Alabama Housing Authorities Law, Ala. Code § 24-1-20, *et seq*.   Hubbard admits SHA receives federal funding and subsidies

from the United States Department of Housing and Urban Development ("HUD").

Except as expressly admitted, the allegations in paragraph 4 are denied.

5.     Hubbard admits James Adams is a SHA Board Commissioner.

Hubbard admits the Board of Commissioners determine policies and resolutions of

SHA.  Except as expressly admitted, the allegations in paragraph 5 are denied.

6.     Hubbard admits Alma Jane Cook is a SHA Board Commissioner.

Hubbard admits the Board of Commissioners determine policies and resolutions of

SHA.  Except as expressly admitted, the allegations in paragraph 6 are denied.

7.     Hubbard admits he is a SHA Board Commissioner.  Hubbard admits

the Board of Commissioners determine policies and resolutions of SHA.  Except as

expressly admitted, the allegations in paragraph 7 are denied.

8.     Hubbard admits Patrick Lozito is a SHA Board Commissioner.

Hubbard admits the Board of Commissioners determine policies and resolutions of

SHA.  Except as expressly admitted, the allegations in paragraph 8 are denied.

9.     Hubbard admits Phillip Morris is a SHA Board Commissioner.

Hubbard admits the Board of Commissioners determine policies and resolutions of

SHA.  Except as expressly admitted, the allegations in paragraph 9 are denied.

10.     Hubbard admits Jim Heigl is the Mayor of the City of Sylacauga.

Hubbard admits the Mayor appoints the Commissioners to SHA's Board.  Except as

expressly admitted, the allegations in paragraph 10 are denied.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Matt Hubbard's Answer to Amended Complaint

## IV.   ADMINISTRATIVE EXHAUSTION

11.    Plaintiff does not state claims against Hubbard under any statute enforced by the EEOC.  To the extent a response is due from Hubbard for this allegation, Hubbard admits Plaintiff filed charges of discrimination and retaliation with the EEOC within 180 days of purported conduct about which Plaintiff complains.  Hubbard denies he or SHA engaged in any acts in violation of any statute enforced by the EEOC.   Except as expressly admitted or denied, the allegations in paragraph 11 are denied.

12.    Plaintiff does not state claims against Hubbard under any statute enforced by the EEOC.  To the extent a response is due from Hubbard for this allegation, Hubbard admits the EEOC issued a "no cause" determination and Dismissal and Notice of Rights to Plaintiff on November 1, 2019, as to Charge No. 420-2020-00184.  Hubbard denies Plaintiff's Amended Complaint adding Hubbard as a party was filed within ninety (90) days of the date on which Plaintiff received his "Notice of Rights."  Except as expressly admitted or denied, the allegations in paragraph 12 are denied.

13.    Plaintiff does not state claims against Hubbard under 42 U.S.C. § 1981. To the extent a response is due from Hubbard for this allegation, Hubbard admits claims under 42 U.S.C. §1981 require no administrative exhaustion and are subject

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Matt Hubbard's Answer to Amended Complaint

to a four-year statute of limitations.  Except as expressly admitted, the allegations in paragraph 13 are denied.

14.    Plaintiff does not state claims against Hubbard under the False Claims Act.  To the extent a response is due from Hubbard for this allegation, Hubbard admits claims under retaliation provision the False Claims Act require no administrative exhaustion and are subject to a three-year statute of limitations. Except as expressly admitted, the allegations in paragraph 14 are denied.

15.    Plaintiff does not state claims against Hubbard under the Fair Housing Act.  To the extent a response is due from Hubbard for this allegation, Hubbard admits claims arising under the Fair Housing Act require no administrative exhaustion and are subject to a two-year statute of limitations.  Except as expressly admitted, the allegations in paragraph 15 are denied.

## V.    FACTS

16.    Admitted.

17.    Admitted upon information and belief.

18.    Hubbard admits the Board of Commissioners adopts policies and resolutions, and provides policy and guidelines to the Chief Executive Officer. Except as expressly admitted, the allegations in paragraph 18 are denied.

19.    Admitted upon information and belief.

20.    Admitted.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Matt Hubbard's Answer to Amended Complaint

21.    Hubbard admits there were changes in the make-up of the Commissioners on SHA's Board during Threatt's tenure.   Except as expressly admitted, the allegations in paragraph 21 are denied.

22.    Hubbard admits its Bylaws require compliance with Alabama law, which provides, in pertinent part, that a municipal housing authority "shall consist of five commissioners appointed by the mayor." Ala. Code § 24-1-24(a).  Except as expressly admitted, the allegations in paragraph 22 are denied.

23.    Hubbard admits Jim Heigl was elected Mayor of Sylacauga in November of 2016, and has served as Mayor since that time.  Except as expressly admitted the allegations in paragraph 23 are denied.

24.    Hubbard admits Plaintiff was required to be the administrative and chief executive officer of SHA, fully answerable to the Board of Commissioners, and was required to perform all duties assigned to him under the By-Laws and established operating policies of SHA, supervise and be responsible for all public housing management, maintenance, development and construction programs undertaken by SHA and be responsible for and exercise general supervision for the proper and efficient performance of duties of all other employees within the established operating Personnel Policies of SHA, and be responsible for daily operations, including personnel matters. Except as expressly admitted, the allegations in paragraph 24 are denied.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Matt Hubbard's Answer to Amended Complaint

25.    Hubbard admits upon information and belief, Plaintiff hired Heather Mueller as SHA's Chief Financial Officer, a position newly created by Threatt, and Mueller began her employment with SHA on August 20, 2018.  Except as expressly admitted, the allegations in paragraph 25 are denied.

26.    Hubbard admits upon information and belief, Plaintiff hired Daniell Womack as SHA's Chief Housing Officer, a position newly created by Threatt, and Womack began her employment with SHA on September 4, 2018.  Except as expressly admitted, the allegations in paragraph 26 are denied.

27.    Hubbard admits upon information and belief, Plaintiff hired Nicole Daniels as SHA's Chief Human Resources Officer, a position newly created by Threatt, and Daniels began her employment with SHA on September 18, 2018. Except as expressly admitted, the allegations in paragraph 27 are denied.

28.    Hubbard admits upon information and belief, Plaintiff, Mueller, Womack, and Daniels collectively made up Threatt's newly created executive leadership team. Except as expressly admitted, the allegations in paragraph 28 are denied.

29.    Hubbard admits that Mueller, Womack, and Daniels reported directly to Plaintiff when he was working.  Except as expressly admitted, the allegations in paragraph 29 are denied.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Matt Hubbard's Answer to Amended Complaint

30.     Hubbard lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 30 and therefore denies same.  SHA further denies SHA engaged in any fraudulent billing practices.

31.     Hubbard admits upon information and belief that Mueller sought to identify potential firms to conduct a forensic review. Except as expressly admitted, the allegations in paragraph 31 are denied.

32.     Defendant admits at a SHA board meeting on or about September 26, 2019, Mueller discussed the need for a forensic audit.  Except as expressly admitted, the allegations in paragraph 32 are denied.

33.     Admitted upon information and belief.

34.     Denied.

35.     Denied.

36.     Hubbard admits upon information and belief the forensic audit was for a time period that ended prior to Threatt's creation of the other "Executive Leadership Team" positions. Except as expressly admitted, the allegations in paragraph 36 are denied.

37.     Admitted.

38.     Hubbard admits the Executive Summary of the Forensic Review states, in part, "the Board of Commissioners engaged Borland Benefield, P.C. to conduct a

forensic review after the discovery of certain transactions of a dubious nature." Except as expressly admitted, the allegations in paragraph 38 are denied.

39.     Hubbard lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 39 and therefore denies same.

40.     Admitted upon information and belief.

41.     Denied.

42.     Denied.

43.     Hubbard admits Threatt was responsible for mismanagement during his tenure as Executive Director and Chief Executive Director.   Except as expressly admitted, the allegations in paragraph 43 are denied.

44.     Denied.

45.     Hubbard admits a Forensic Audit was performed by a third-party vendor.   Hubbard admits a Fiscal Audit was performed by a third-party vendor. Hubbard admits several of SHA's policies and procedures were revised. Hubbard admits a Board assessment was performed and Board Performance Enhancement Plan created.   Hubbard admits SHA utilizes e-mail addresses @sylacaugaha.com. Hubbard admits SHA hosted a Fair Housing Symposium and provided attendees with a copy of "The Color of Law Book."   Hubbard admits Committee meetings were held. Hubbard admits SHA's website includes a Staff Portal and Board Portal.

Hubbard admits SHA submits reports to HUD.  Except as expressly admitted, the allegations in paragraph 45 are denied.

46.    There is no affirmative allegation in paragraph 46.  To the extent a response to this incomplete sentence is required, Hubbard denies the allegations in paragraph 46.

47.    Hubbard admits a resolution to authorize the approval of the Sylacauga Housing Authority Board Performance Enhancement Plan was presented.  Except as expressly admitted, the allegations in paragraph 46 are denied.

48.    Hubbard admits Mueller represented to the Board she cut spending she identified as unnecessary.  Except as expressly admitted, the allegations in paragraph 48 are denied.

49.    Hubbard admits Mueller presented Fiscal Operations Reports at Board Meetings.  Except as expressly admitted, the allegations in paragraph 49 are denied.

50.    Hubbard admits Womack presented Housing Operations Reports at Board Meetings.  Except as expressly admitted, the allegations in paragraph 50 are denied.

51.    Hubbard admits Daniels presented Human Resources Operations Reports at Board Meetings.  Except as expressly admitted, the allegations in paragraph 51 are denied.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Matt Hubbard's Answer to Amended Complaint

52.     Hubbard admits Daniels presented Human Resources Operations Reports at Board Meetings.   Except as expressly admitted, the allegations in paragraph 52 are denied.

53.     Hubbard lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 53 and therefore denies same.

54.     Denied.

55.     Hubbard lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 55 and therefore denies same.   Hubbard further denies he or SHA engaged in any discriminatory practices, fraudulent billing practices, or non-compliant procurement practices.

56.     Hubbard lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 56 and therefore denies same.   Hubbard further denies he or SHA engaged in any discriminatory housing practices or other conduct in violation of the Fair Housing Act.

57.     Hubbard lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 57 and therefore denies same.   Hubbard further denies he or SHA engaged in any discrimination.

58.     Admitted.

59.     Denied.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Matt Hubbard's Answer to Amended Complaint

60.    Hubbard admits Threatt hired a security company.  Except as expressly admitted, the allegations in paragraph 60 are denied.

61.    Hubbard lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 61 and therefore denies same.

62.    Hubbard lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 62 and therefore denies same.

63.    Except as expressly admitted or denied below as to each individual, the allegations in paragraph 63 are denied:

a.    Hubbard admits Threatt filed a charge with the EEOC,

b.    Hubbard lacks information sufficient to form a belief as to the truth or veracity of whether Mueller filed a charge with the EEOC and therefore denies same;

c.    Hubbard lacks information sufficient to form a belief as to the truth or veracity of whether Womack filed a charge with the EEOC and therefore denies same;

d.    Hubbard admits Daniels filed a charge with the EEOC;

e.    Hubbard admits Jennifer Harris filed a charge with the EEOC;

f.    Hubbard lacks information sufficient to form a belief as to the truth or veracity of whether Blake filed a charge with the EEOC and therefore denies same;

   g.  Hubbard lacks information sufficient to form a belief as to the truth or veracity of whether Jeter filed a charge with the EEOC and therefore denies same.

64.  Hubbard admits Threatt filed three (3) charges with the EEOC.  Except as expressly admitted or denied, the allegations in paragraph 64 are denied.

65.  Hubbard denies he received Threatt's EEOC charges prior to October 24, 2019.  Hubbard admits he was made aware the "Executive Leadership Team" alleged it reported the findings of the forensic audit and fiscal audit to HUD, and alleged discrimination and segregation issues to the Department of Justice prior to October 24, 2019.  Except as expressly admitted or denied, the allegations in paragraph 65 are denied.

66.  Hubbard admits Threatt took a leave of absence beginning on or about August 1, 2019.  Except as expressly admitted, the allegations in paragraph 66 are denied.

67.  Hubbard admits Threatt took a leave of absence beginning on or about August 2, 2019.  Except as expressly admitted, the allegations in paragraph 67 are denied.

68.  Admitted.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Matt Hubbard's Answer to Amended Complaint

69.     Hubbard admits a letter addressed to SHA's Board from Womack and dated August 8, 2019, indicates on its face it was e-mailed to the Board.  Except as expressly admitted the allegations in paragraph 69 are denied.

70.     Hubbard admits Womack's August 8, 2019 letter indicates on its face it was e-mailed to Lozito, Cook, Adams, Hubbard, and Morris.  Except as expressly admitted, the allegations in paragraph 70 are denied.

71.     Hubbard admits the portion of the August 8, 2019 letter is quoted correctly.  Except as expressly admitted, the allegations in paragraph 71 are denied.

72.     Hubbard lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 72 regarding purported reports to the federal government and therefore denies same.  Hubbard further denies SHA engaged in fraudulent billing practices.  The remaining allegations in paragraph 72 are denied.

73.     Hubbard lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 73 regarding purported reports to the federal government, and therefore denies same.  Hubbard further denies SHA engaged in housing violations.  The remaining allegations in paragraph 73 are denied.

74.     Hubbard lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 74 and therefore denies same.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Matt Hubbard's Answer to Amended Complaint

75.     Hubbard admits Lozito met with Mueller, Daniels, and Womack on or about August 12, 2019.  Except as expressly admitted, the allegations in paragraph 72 are denied.

76.     Hubbard denies the quotes are exact, but admits upon information and belief Mueller made statements similar to those quoted in paragraph 76.  Except as expressly admitted, the allegations in paragraph 76 are denied.

77.     Denied.

78.     Hubbard admits Mueller presented a Fiscal Operations Report, Threatt presented an Executive Operations Report, and Womack presented a Housing Operations Report at the August 16, 2019 Board meeting.  Except as expressly admitted, the allegations in paragraph 78 are denied.

79.     Hubbard admits at the August 16, 2019 Board meeting, Mueller discussed, in part, cutting what she believed to be wasteful spending, streamlined costs, implemented checks and balances, and a Corrective Action Plan with HUD related to the fiscal audit.  Except as expressly admitted, the allegations in paragraph 79 are denied.

80.     Admitted.

81.     Denied.

82.     Admitted.

83.     Hubbard admits Threatt presented an Executive Operations Report at the August 16, 2019 Board meeting. Except as expressly admitted, the allegations in paragraph 83 are denied.

84.     Admitted.

85.     Hubbard lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 85 and therefore denies same. Hubbard further denies he or SHA engaged in fraudulent billing practices and discriminatory actions.

86.     Hubbard lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 86 and therefore denies same.

87.     The statement in paragraph 87 is apparently not complete, as it is unclear and does not make sense.  As such Hubbard lacks information sufficient to form a belief as to the truth or veracity of the allegation in paragraph 87 and therefore denies same.

88.     Hubbard admits Sam Royster was appointed as acting Executive Director / Chief Executive Officer and Secretary / Treasurer of the SHA on September 5, 2019.

89.     Hubbard admits upon information and belief one reason Royster placed Mueller, Womack, and Daniels on paid administrative leave was to review Housing

Authority operations.  Except as expressly admitted, the allegations in paragraph 89 are denied.

90.    Denied.

91.    Hubbard admits Plaintiff, Mueller, Womack, and Daniels were removed from SHA's website and all social media accounts on or about September 10, 2019.  Except as expressly admitted, the allegations in paragraph 91 are denied.

92.    Admitted.

93.    Hubbard lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 93 and therefore denies same.

94.    Hubbard admits Royster mentioned Plaintiff, Mueller, Womack, and Daniels were on administrative leave at the September 16, 2019 Board Meeting. Except as expressly admitted, the allegations in paragraph 94 are denied.

95.    Hubbard admits Lozito and Royster met with SHA employees on or about September 27, 2019.   Except as expressly admitted, the allegations in paragraph 95 are denied.

96.    Hubbard admits Lozito stated "They ain't never coming back."  Except as expressly admitted, the allegations in paragraph 96 are denied.

97.    Hubbard lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 97 and therefore denies same.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Matt Hubbard's Answer to Amended Complaint

98.    Hubbard admits Threatt's employment was terminated on or about October 24, 2019.

99.    Denied.

100.   Hubbard lacks information sufficient to form a belief as to the truth or veracity of the allegations concerning Mayor Heigl in paragraph 100 and therefore denies same.

101.   Hubbard lacks information sufficient to form a belief as to the truth or veracity of the allegations concerning Mayor Heigl in paragraph 101 and therefore denies same.  To the extent the allegations concern Hubbard, denied.  Hubbard further denies he or SHA engaged in any misconduct, discriminatory housing practices, and/or or mismanagement/misappropriation of federal funds.   The remaining allegations in paragraph 101 are denied.

102.   Hubbard lacks information sufficient to form a belief as to the truth or veracity of the allegations concerning Mayor Heigl in paragraph 102 and therefore denies same.  To the extent the allegations concern Hubbard, denied.  Hubbard further denies there was a hostile work environment, culture of discrimination, or wrongful conduct by Hubbard or SHA.

103.   Hubbard lacks information sufficient to form a belief as to the truth or veracity of the allegations concerning Mayor Heigl in paragraph 103 and therefore denies same.  To the extent the allegations concern Hubbard, denied.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Matt Hubbard's Answer to Amended Complaint

104.   Hubbard admits upon information and belief Plaintiff's title was changed from Executive Director to Chief Executive Officer.   Hubbard admits Threatt's salary increased, but denies Threatt was entitled to any pay increase. Except as expressly admitted, the allegations in paragraph 104 are denied.

105.   Hubbard lacks information sufficient for form a belief as to the truth or veracity of the allegations in paragraph 105 and therefore denies same.

## VI.   CLAIMS FOR RELIEF

### A.   ALLEGED DISCRIMINATION BASED ON RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 42 U.S.C. § 1981

106.   Denied.

107.   Denied.

108.   Denied.

109.   Denied.

110.   Hubbard admits Plaintiff filed charges of discrimination with the EEOC and received a notice of right to sue for Charge No. 420-2020-00184.   Except as expressly admitted, the allegations in paragraph 110 are denied.

111.   Denied.

112.   Denied.

113.   Denied.

114.   Denied.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Matt Hubbard's Answer to Amended Complaint

### B.   ALLEGED RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 42 U.S.C. § 1981

115.   Hubbard admits filing charges with the EEOC is considered protected activity under Title VII and further admits Plaintiff filed EEOC charges.  Except as expressly admitted, the allegations in paragraph 115 are denied.

116.   Denied.

117.   Denied.

118.   Hubbard denies SHA was aware of Threatt's EEOC charges before the date on which his employment was terminated.   The remaining allegations in paragraph 118 are denied.

119.   Denied.

120.   Denied.

121.   Denied.

122.   Denied.

123.   Denied.

124.   Denied.

125.   Denied.

126.   Denied.

127.   Denied.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Matt Hubbard's Answer to Amended Complaint

## C.    ALLEGED RETALIATION IN VIOLATION OF
## THE FAIR HOUSING ACT

128.   Hubbard admits 42 U.S.C. § 3617 provides: "It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title."  Hubbard admits Ala. Code § 24-8-8 provides: "It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the enjoyment of, exercise of, or the aid or encouragement of any other person in the exercise of any right granted under this chapter." Except as expressly admitted, the allegations in paragraph 128 are denied.

129.   Denied.    Hubbard   further   denies   SHA   engaged   in   unlawful discriminatory housing practices.

130.   Denied.    Hubbard   further   denies   SHA   engaged   in   unlawful discriminatory housing practices.

131.   Hubbard lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 131 and therefore denies same. Hubbard further denies SHA engaged in unlawful discriminatory housing practices.

132.   Hubbard lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 132 and therefore denies same.

133.   Hubbard admits Womack's August 8, 2019 letter stated, in pertinent part, "the SHA Executive Leadership Team … have reported discrimination and segregation issues to the Department of Justice and Fair Housing."   Except as expressly admitted, the allegations in paragraph 133 are denied.   Hubbard further denies SHA engaged in unlawful discriminatory housing practices.

134.   Hubbard admits Threatt provided an Executive Operations Report at the August 16, 2019 Board of Commissioners Meeting, the Minutes for which describe the topics of that Report.   Except as expressly admitted, the allegations in paragraph 134 are denied.   Hubbard further denies SHA engaged in unlawful discriminatory housing practices.

135.   Hubbard lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 135 and therefore deny same. Hubbard further denies SHA engaged in unlawful discriminatory housing practices.

136.   Denied.

137.   Hubbard admits Plaintiff was put on leave within one month of August 8, 2019.  Except as expressly admitted, the allegations in paragraph 137 are denied.

138.   Hubbard admits Plaintiff was discharged within three months of August 8, 2019.  Except as expressly admitted, the allegations in paragraph 138 are denied.

139.   Denied.

140.   Denied.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Matt Hubbard's Answer to Amended Complaint

## D.   ALLEGED FALSE CLAIMS ACT RETALIATION

141.   Hubbard lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 141 and therefore denies same.  Hubbard further denies SHA engaged in fraudulent billing practices.

142.   Hubbard lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 142 and therefore denies same.  Hubbard further denies SHA engaged in fraudulent billing practices.

143.   Hubbard lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 143 and therefore denies same.  Hubbard further denies SHA engaged in fraudulent billing practices.

144.   Hubbard admits the SHA Board was asked to approve a third-party vendor to conduct a fiscal audit.  Except as expressly admitted the allegations in paragraph 144 are denied.  Hubbard further denies SHA engaged in fraudulent billing practices.

145.   Hubbard admits fiscal audit results were presented to the SHA Board in or about February of 2019.  Except as expressly admitted, the allegations in paragraph 145 are denied.

146.   Denied.  Hubbard further denies SHA engaged in fraudulent billing practices.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Matt Hubbard's Answer to Amended Complaint

147.   Denied.   Hubbard further denies SHA engaged in fraudulent billing practices.

148.   Hubbard admits Womack's August 8, 2019 letter stated, in pertinent part, "the SHA Executive Leadership Team, have reported the findings of the forensic audit and fiscal audit to HUD."   Except as expressly admitted, the allegations in paragraph 148 are denied.   Hubbard further denies SHA engaged in fraudulent billing practices.

149.   Hubbard admits Plaintiff delivered an Executive Operations Report at the August 16, 2019 Board meeting.   Except as expressly admitted, the allegations in paragraph 149 are denied.   Hubbard further denies SHA engaged in fraudulent billing practices.

150.   Denied.

151.   Denied.

152.   Hubbard admits Plaintiff was put on leave within one month of August 8, 2019.   Except as expressly admitted, the allegations in paragraph 152 are denied.

153.   Hubbard admits Plaintiff was put on leave on or about September 5, 2019.   Except as expressly admitted, the allegations in paragraph 153 are denied.

154.   Hubbard admits Plaintiff was discharged on or about October 24, 2019. Except as expressly admitted, the allegations in paragraph 154 are denied.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Matt Hubbard's Answer to Amended Complaint

155.   Denied.   Hubbard further denies SHA engaged in fraudulent billing practices.

156.   Denied.

### E.   ALLEGED RACE DISCRIMINATION IN VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE 14TH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES

157.   Denied.

158.   Denied.

159.   Denied.

160.   Denied.

161.   Denied.

### VII.   PRAYER FOR RELIEF

1.   Defendant denies Plaintiff is entitled to any of the relief requested.

2.   Defendant denies Plaintiff is entitled to any of the relief requested.

3.   Defendant denies Plaintiff is entitled to any of the relief requested.

4.   Defendant denies Plaintiff is entitled to any of the relief requested.

### <u>ADDITIONAL DEFENSES</u>

In further defense, Hubbard states:

### FIRST DEFENSE

The Court lacks jurisdiction over the state law claim for Fair Housing Retaliation.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Matt Hubbard's Answer to Amended Complaint

## SECOND DEFENSE

The Court lacks jurisdiction over this Defendant for the state law claim for Fair Housing Retaliation.

## THIRD DEFENSE

Defendant is immune from liability based on Eleventh Amendment / sovereign immunity, governmental immunity, statutory immunity, and/or other immunity from suit.

## FOURTH DEFENSE

Plaintiff's contract, to the extent a valid contract existed, was terminated for just cause.

## FIFTH DEFENSE

Plaintiff's claims are barred by waiver.

## SIXTH DEFENSE

Plaintiff's claims are barred by his participation in the conduct about which he complains.

## SEVENTH DEFENSE

Plaintiff's claims are barred by his own fraud.

## EIGHTH DEFENSE

Plaintiff's claims are barred by illegality.

## NINTH DEFENSE

Plaintiff's claims are barred by his misconduct in modifying and falsifying official municipal documents.

## TENTH DEFENSE

Plaintiff's claims are barred by his violations of the Alabama Code of Ethics.

## ELEVENTH DEFENSE

Plaintiff's claims for damages pursuant to any purported five-year contract are barred as void to the extent the contract is in violation of Alabama's competitive bid law.

## TWELFTH DEFENSE

Plaintiff's claim for damages under any purported five-year contract are barred to the extent the contract upon which Plaintiff's damages claim is based violated Alabama's competitive bid law.

## THIRTEENTH DEFENSE

The purported five-year contract is void for nudum pactum.

## FOURTEENTH DEFENSE

Defendant was not Plaintiff's employer and was not a party to or in privity of any contract with Plaintiff.

## FIFTEENTH DEFENSE

Defendant was only one of five Commissioners, all of whom voted to terminate Plaintiff's employment.

## SIXTEENTH DEFENSE

Defendant was one of the same decisionmakers who voted to hire Threatt.

## SEVENTEENTH DEFENSE

Defendant was one of the same decisionmakers who elected not to terminate Threatt's November, 2, 2017 contract in advance of its anniversary and automatic one-year renewal date.

## EIGHTEENTH DEFENSE

Plaintiff's claims for damages pursuant to any purported five-year contract are barred by nudum pactum.

## NINETEENTH DEFENSE

Plaintiff's claims for damages pursuant to any purported five-year contract are barred as void for lack of proper authorization.

## TWENTIETH DEFENSE

Plaintiff's claims for damages under any purported five-year contract are barred because the indefinite and automatic renewal provisions of the contract rendered it to be of indefinite duration and therefore, it was terminable at will.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred because he conspired with others to create the conditions about which he complains.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred because he contributed to the conditions about which he complains.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred because he was responsible for the conditions about which he complains.

## TWENTY-FOURTH DEFENSE

Plaintiff's claim for damages under his purported contract are barred because the purported five-year contract upon which Plaintiff's damages claim is based was not authorized and is void.

## TWENTY-FIFTH DEFENSE

The purported five-year contract under which Plaintiff claims damages, is barred by the statute of frauds.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims for damages under any purported five-year contract are barred because the contract is due to be rescinded.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Matt Hubbard's Answer to Amended Complaint

## TWENTY-SEVENTH DEFENSE

The purported five-year contract under which Plaintiff claims damages, is due to be rescinded due to fraudulent inducement.

## TWENTY-EIGHTH DEFENSE

The purported five-year contract under which Plaintiff claims damages, is due to be rescinded for inadequate consideration.

## TWENTY-NINTH DEFENSE

The purported five-year contract under which Plaintiff claims damages, is due to be rescinded as unconscionable.

## THIRTIETH DEFENSE

The purported five-year contract under which Plaintiff claims damages, is due to be rescinded due to mutual mistake.

## THIRTY-FIRST DEFENSE

The purported five-year contract under which Plaintiff claims damages, is due to be rescinded due to coercion.

## THIRTY-SECOND DEFENSE

Plaintiff's alleged injuries were proximately caused by the intervening acts of others.

## THIRTY-THIRD DEFENSE

Defendant reserves the right to amend this answer to add any defense which might be subsequently revealed through discovery or otherwise.

## THIRTY-FOURTH DEFENSE

Defendant denies each and every material averment not previously admitted hereinabove and demands strict proof thereof.

## THIRTY-FIFTH DEFENSE

Defendant denies the nature and extent of Plaintiff's alleged injuries and demands strict proof thereof.

## THIRTY-SIXTH DEFENSE

Defendant's vote to place Plaintiff on administrative leave was based on legitimate non-discriminatory reasons.

## THIRTY-SEVENTH DEFENSE

Defendant's vote to place Plaintiff on administrative leave was based on legitimate non-retaliatory reasons.

## THIRTY-EIGHTH DEFENSE

Defendant's vote to terminate Plaintiff's employment was based on legitimate non-discriminatory reasons.

## THIRTY-NINTH DEFENSE

Defendant's vote to terminate Plaintiff's employment was based on legitimate non-retaliatory reasons.

## FORTIETH DEFENSE

Defendant did not discriminate or retaliate against Plaintiff on the basis of his race or color.

## FORTY-FIRST DEFENSE

Defendant did not discriminate or retaliate against Plaintiff on the basis of any protected activity.

## FORTY-SECOND DEFENSE

Plaintiff cannot establish any retaliatory motive was the "but for" cause of the actions taken against Plaintiff.

## FORTY-THIRD DEFENSE

Plaintiff cannot establish any protected conduct was the "but for" cause of the actions taken against Plaintiff.

## FORTY-FOURTH DEFENSE

Plaintiff's management of SHA caused SHA to incur unnecessary financial expenses and administrative burdens.

## FORTY-FIFTH DEFENSE

Defendant denies it is indebted to Plaintiff for any compensation, wages, and/or benefits.

## FORTY-SIXTH DEFENSE

The termination of Plaintiff's contract, to the extent a valid contract existed, was for just cause.

## FORTY-SEVENTH DEFENSE

The termination of Plaintiff's contract, to the extent a valid contract existed, was for Plaintiff's misconduct.

## FORTY-EIGHTH DEFENSE

Plaintiff's claims are barred by Plaintiff's breach of his fiduciary duties.

## FORTY-NINTH DEFENSE

Defendant would have made the same decision to vote to place Plaintiff on administrative leave without regard to any alleged discriminatory motive.

## FIFTIETH DEFENSE

Defendant would have made the same decision to vote to terminate Plaintiff's employment without regard to any alleged discriminatory motive.

## FIFTY-FIRST DEFENSE

Defendant would have made the same decision to vote to place Plaintiff on administrative leave without regard to any alleged protected activity.

## FIFTY-SECOND DEFENSE

Defendant would have made the same decision to vote to terminate Plaintiff's employment without regard to any alleged protected activity.

## FIFTY-THIRD DEFENSE

Defendant would have made the same decision to vote to place Plaintiff on administrative leave without regard to any alleged retaliatory motive.

## FIFTY-FOURTH DEFENSE

Defendant would have made the same decision to vote to terminate Plaintiff's employment without regard to any alleged retaliatory motive.

## FIFTY-FIFTH DEFENSE

Plaintiff's continued employment would have burdened SHA with unnecessary and unjustifiable financial obligations.

## FIFTY-SIXTH DEFENSE

Defendant's vote to place Plaintiff on administrative leave was further justified by after-acquired evidence.

## FIFTY-SEVENTH DEFENSE

Defendant's vote to terminate Plaintiff's employment was further justified by after-acquired evidence.

## FIFTY-EIGHTH DEFENSE

Defendant denies the nature and extent of Plaintiff's alleged injuries and demands strict proof thereof.

## FIFTY-NINTH DEFENSE

Plaintiff's claims are barred to the extent he failed to mitigate his damages.

## SIXTIETH DEFENSE

Defendant pleads the doctrine of collateral estoppel.

## SIXTY-FIRST DEFENSE

Defendant pleads the doctrine of res judicata.

## SIXTY-SECOND DEFENSE

Plaintiff's claims are barred by Plaintiff's breach of his fiduciary duties and duties of loyalty.

## SIXTY-THIRD DEFENSE

Plaintiff's claims are barred by Plaintiff's breach of the Alabama Code of Ethics.

## SIXTY-FOURTH DEFENSE

Plaintiff's claim are barred by his conduct in withholding, modifying, and/or falsifying official municipal documents.

## SIXTY-FIFTH DEFENSE

Plaintiff's alleged damages are due to be offset by amounts paid to him for salary and benefits as a result of Plaintiff's fraud, misrepresentation, mistake, coercion, unconscionability, illegality, and for a purported contract that was void due to nudum pactum.

## SIXTY-SIXTH DEFENSE

Defendant is immune from suit for any statements made in a Board Meeting, pursuant to Ala. Code § 36-25A-8.

## SIXTY-SEVENTH DEFENSE

Plaintiff's claims for intentional conduct are barred by Ala. Code § 11-47-190.

## SIXTY-EIGHTH DEFENSE

Defendant is immune from liability for the intentional conduct of others.

### SIXTY-NINTH DEFENSE

Plaintiff's claims and damages against Defendant are limited by Ala. Code § 11-47-190.

### SEVENTIETH DEFENSE

Plaintiff's claims are barred because he failed to exhaust all administrative remedies.

### SEVENTY-FIRST DEFENSE

Plaintiff's claims for equitable relief are barred by his unclean hands.

### SEVENTY-SECOND DEFENSE

The Housing Authority had in place well-established anti-discrimination and anti-retaliation policies with complaint procedures and exercised reasonable care to prevent and correct promptly any allegedly discriminatory and/or retaliatory behavior, and Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided or to avoid harm otherwise.

### SEVENTY-THIRD DEFENSE

Defendant denies it engaged in any conduct that violated any federal statutes, however, to the extent any conduct that might be considered a violation occurred, Plaintiff participated in, invited, and/or perpetuated such conduct.

### SEVENTY-FOURTH DEFENSE

Defendant did not discriminate against Plaintiff on the basis of his color, race, or any other protected characteristic.

### SEVENTY-FIFTH DEFENSE

Defendant is not guilty of any conduct that would warrant the imposition of punitive damages against him.

### SEVENTY-SIXTH DEFENSE

Defendant is immune from punitive damages, as an imposition of such penalties in the form of punitive damages would most likely fall upon the innocent

citizen-taxpayers of the municipality.  *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 267 (1981).

## SEVENTY-SEVENTH DEFENSE

Defendant is immune from suit under the laws of the State of Alabama and the United States of America, including, but not limited to, Eleventh Amendment/sovereign immunity, governmental immunity, legislative immunity, executive immunity, statutory immunity, qualified immunity, state agent immunity, or other immunity from suit.

## SEVENTY-EIGHTH DEFENSE

Defendant did not violate Plaintiff's Constitutional rights.

## SEVENTY-NINTH DEFENSE

The claim for punitive damages as sought by the complaint violates the Fourteenth Amendment of the Constitution of the United States in that the procedures pursuant to which punitive damages are awarded failed to provide specific standards for the amount of an award of punitive damages thereby violating this defendant's rights of substantive due process.

## EIGHTIETH DEFENSE

Plaintiff's claim for punitive damages is limited in amount by the application of Alabama Code § 6-11-21 (1975), as in force and effect on the date this action was commenced.

## EIGHTY-FIRST DEFENSE

The claim for punitive damages as sought by the complaint violates the Constitution of the State of Alabama in that the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages thereby violating this defendant's rights of substantive due process.

## EIGHTY-SECOND DEFENSE

The imposition of punitive damages would violate the Fourth, Fifth, Sixth, Eighth and/or Fourteenth Amendments to the United States Constitution because (a) the standard of liability for punitive damages is inadequate, unduly vague and

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Matt Hubbard's Answer to Amended Complaint

subjective, permitting random, arbitrary, capricious, excessive, and/or disproportionate punishment that serves no legitimate governmental interests; (b) there is an absence of procedural safeguards accorded to defendants in civil proceedings, including lack of a reasonable doubt standard of proof; and (c) there are inadequate standards and procedures for reviewing awards of punitive damages.

## EIGHTY-THIRD DEFENSE

Any statements allegedly made by Defendant are protected by the right to free speech guaranteed by the First Amendment to the United States Constitution.

## EIGHTY-FOURTH DEFENSE

Defendant reserves the right to amend this answer to add any defense which might be subsequently revealed through discovery or otherwise.

Respectfully submitted this 27th day of July, 2020.

s/ *Brandi B. Frederick*

Richard W. Lewis (ASB-1812-L75R)
Brandi B. Frederick (ASB-4725-B59B)
Attorneys for Matt Hubbard

OF COUNSEL:

Austill Lewis Pipkin & Maddox, P.C.
600 Century Park South, Suite 100
Birmingham, AL 35226
(205) 870-3767 phone
(205) 870-3768 fax
r-lewis@maplaw.com
bfrederick@maplaw.com

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Matt Hubbard's Answer to Amended Complaint

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the 27th day of July, 2020, I have served a copy of the above and foregoing on counsel for all parties by:

<u>X</u>    Using the Electronic Filing system which will send notice to the following:

Richard A. Rice
The Rice Firm, LLC
420 20th Street
Suite 2200
Birmingham, AL  35203
rrice@rice-lawfirm.com

Roderick T. Cooks
Lee Winston
Winston Cooks, LLC
505 20th Street North, Suite 815
Birmingham, AL 35203
rcooks@winstoncooks.com
lwinston@winstoncooks.com

C. David Stubbs
Stubbs, Sills & Frye P.C.
1724 South Quintard Avenue
Anniston, AL 36202
david-ssf@cableone.net

Barry V. Frederick
The Frederick Firm
5409 Trace Ridge Lane
Birmingham, Alabama 35244
barry@frederickfirm.net

s/ *Brandi B. Frederick*
OF COUNSEL