FILED

2020 Aug-04  PM 04:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| Michael C. Threatt, | |
| **Plaintiffs,** | |
| **v.** | |
| Sylacauga Housing Authority, Commissioners James Adams, Alma Jean Cook, Matt Hubbard, Patrick Lozito, Phillip Morris, and Mayor of Sylacauga Jim Heigl | **Civil Action No. 20-CV-00096-SGC** |
| **Defendants.** | |

## DEFENDANT ALMA JEAN COOK'S ANSWER TO AMENDED COMPLAINT

Pursuant to informal agreements between counsel for Defendant Alma Jean Cook ("Cook") and Plaintiff's counsel, by which said counsel agreed Cook had an extended time through today to respond to Plaintiff's Amended Complaint (Doc. 35), Cook so responds as follows:

## I.    INTRODUCTION

The only claim Plaintiff's First Amended Complaint asserts against Cook is in the count designated as count "E", in which Plaintiff asserts a § 1983 claim for purported race discrimination in alleged violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution (Doc. 35 count E at pp. 30-31).

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Alma Jean Cook's Answer to Amended Complaint

Against Cook, this claim of race discrimination could not be more frivolous, vexation and in bad faith.

**Same race.** Plaintiff, who's race is African American (Doc. 35 Introduction and ¶ 3), accuses Cook of race discrimination against him on the basis of his African American race (doc. 35 ¶¶ 157-58), despite Cook's race is African American too. Tellingly, in his pleading Plaintiff conspicuously does not mention and ignores that Cook's African American race is the same race as Plaintiff's race, and which also is the same race on which Plaintiff clams Cook purportedly discriminated against him. Given these "same race" circumstances. the very nature of Plaintiff's claim of race discrimination claim against Cook is not only counterintuitive, it is personally offensive to Cook in this lawsuit and is a claim Plaintiff could not have been asserted in good faith and in compliance with Rule 11.

**Same decision-maker.** Plaintiff accuses Cook of race discrimination in the termination, and various other aspects, of his employment with Defendant Housing Authority, (doc. 35 ¶¶ 157-58), despite that facts, and as Plaintiff knows, Cook is one of the same decision makers (i) who decided to hire Plaintiff to a one-year employment contract with Defendant Housing Authority only ?? years before deciding to terminate said employment; (ii) who essentially rehired Plaintiff to another one year employment contract with Defendant Housing Authority by not exercising a notice of nonrenewal in Plaintiff's first one year employment contract;

and (iii) who later at Plaintiff's demand signed a five-year employment contract that Plaintiff defrauded her into signing.  That Cook was the same decision-maker as to these actions all for Plaintiff's benefit before Cook became one of the decision makers who decided Plaintiff should be fired further makes his claim against COOK not just counterintuitive, but frivolous, vexatious and in bad faith.

SHA is a public housing agency and was not the personal fiefdom Plaintiff tried to make it, doing whatever he wanted to do regardless of the harmful consequences his conduct and decisions brought on SHA before Plaintiff was fired.

SHA first employed Plaintiff as its Executive Director on November 2, 2017. SHA, including Cook, had great hopes and expectations for Plaintiff's administration as SHA's Executive Director, but became sorely disappointed. Plaintiff's administration was chaotic, disorganized, unproductive, amazingly wasteful financially in ways that will astound the Court, downright dishonest, and fomented discord and hostility in the community and with and among SHA's employees.  Plaintiff permitted SHA's properties to fall into disrepair.  He created several new, unnecessary positions for his cronies, and gave himself and his cronies exorbitant salaries and benefits, which cost SHA an over Nine Hundred Thousand Dollars in additional expense per year.  Plaintiff became combative, uncooperative, even to the point at which Plaintiff repeatedly failed to provide information required and requested by SHA's Board Chair Lozito and SHA's Board of Commissioners.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Alma Jean Cook's Answer to Amended Complaint

It was profoundly unwise and a reflection of extremely poor judgment and incompetence on Plaintiff's part as an Executive Director to repeatedly not comply with his employer's Board Chair's and its Board's repeated requests and requirements.

Mayor Heigl appointed Cook to SHA's Board of Commissioners, on which Cook serves voluntarily.  SHA and Cook did not discriminate against Plaintiff on the basis of his African American race.  As a fellow African American, Cook can vouch to that.  Cook can also vouch that SHA and COOK did not create or tolerate any racially hostile environment in Plaintiff's workplace at SHA. Plaintiff's employment was terminated for legitimate non-discriminatory reasons that had absolutely nothing to do with his race.

## II.    JURISDICTION AND VENUE

1.      Cook admits 28 U.S.C. §1331 grants district courts with original jurisdiction to civil action arising under the laws of the United States.  Cook admits 31 U.S.C. § 3730(h)(2) grants district courts with jurisdiction over claims asserted under 31 U.S.C. § 3730(h).  Cook admits 31 U.S.C. § 3732(a) grants district courts with jurisdiction over claims asserted under 31 U.S.C. § 3730.  Except as expressly admitted, the allegations in paragraph 1 are denied.

2.      Cook admits Plaintiff was employed in Sylacauga, Talladega County, Alabama, which lies in the Eastern Division of the United States District Court for

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Alma Jean Cook's Answer to Amended Complaint

the Northern District of Alabama.  Except as expressly admitted, the allegations in paragraph 2 are denied.

## III.   PARTIES

3.      Cook admits Plaintiff is an African American adult United States citizen.  Cook lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegation Plaintiff is a resident of the State of Alabama; which is therefore denied.  Cook admits Plaintiff was an "employee" of SHA. Except as expressly admitted or otherwise denied, the allegations in paragraph 3 are denied.

4.      Cook admits SHA is a Municipal (governmental) entity, a public housing authority created pursuant to the Alabama Housing Authorities Law, Ala. Code § 24-1-20, *et seq.*  Cook admits SHA receives federal funding and subsidies from the United States Department of Housing and Urban Development ("HUD"). Except as expressly admitted, the allegations in paragraph 4 are denied.

5.      Cook admits Adams is a SHA Board Commissioner.  Cook admits the Board of Commissioners determine policies and resolutions of SHA.  Except as expressly admitted, the allegations in paragraph 5 are denied.

6.      Cook admits she is a SHA Board Commissioner.  Cook admits the Board of Commissioners determine policies and resolutions of SHA.  Except as expressly admitted, the allegations in paragraph 6 are denied.

7.     Cook admits Matt Hubbard is a SHA Board Commissioner.  Cook admits the Board of Commissioners determine policies and resolutions of SHA. Except as expressly admitted, the allegations in paragraph 7 are denied.

8.     Cook admits Patrick Lozito is a SHA Board Commissioner.  Cook admits the Board of Commissioners determine policies and resolutions of SHA. Except as expressly admitted, the allegations in paragraph 8 are denied.

9.     Cook admits Phillip Morris is a SHA Board Commissioner.  Cook admits the Board of Commissioners determine policies and resolutions of SHA. Except as expressly admitted, the allegations in paragraph 9 are denied.

10.    Cook admits Jim Heigl is the Mayor of the City of Sylacauga.  Cook admits the Mayor appoints the Commissioners to SHA's Board.  Except as expressly admitted, the allegations in paragraph 10 are denied.

## IV.    ADMINISTRATIVE EXHAUSTION

11.    Plaintiff does not state or assert claims against Cook under any statute enforced by the EEOC.  To the extent any response to this allegation is due from Cook, Cook admits Plaintiff filed charges of discrimination and retaliation with the EEOC within 180 days of purported conduct about which Plaintiff complained. Cook denies she or SHA engaged in any acts in violation of any statute enforced by the EEOC.    Except as expressly admitted or otherwise denied, the allegations in paragraph 11 are denied.

12.    Plaintiff does not state or assert claims against Cook under any statute enforced by the EEOC.  To the extent any response to this allegation is due from Cook, Cook admits the EEOC issued a "no cause" determination (*i.e.*, a determination that did not find any discrimination) and Dismissal and Notice of Rights to Plaintiff on November 1, 2019, as to Charge No. 420-2020-00184.  Cook denies Plaintiff's first Amended Complaint was filed within ninety (90) days of the date on which Plaintiff received his "Notice of Rights."   Except as expressly admitted or otherwise denied, the allegations in paragraph 12 are denied.

13.    Plaintiff does not assert claims against Cook under 42 U.S.C. § 1981. To the extent any response to this allegation is due from Cook, Cook admits under current Eleventh Circuit precedent claims asserted under 42 U.S.C. § 1981 and § 1983 do not require administrative exhaustion.  Except as expressly admitted or otherwise denied, the allegations in paragraph 13 are denied.

14.    Plaintiff does not state or assert claims against Cook under the False Claims Act.  To the extent any response to this allegation is due from Cook, Cook admits claims under retaliation provision of the False Claims Act do not require administrative exhaustion and are subject to a three-year statute of limitations. Except as expressly admitted or otherwise denied, the allegations in paragraph 14 are denied.

15.     Plaintiff does not state or assert claims against Cook under the Fair Housing Act.  To the extent any response to this allegation is due from Cook, Cook admits claims arising under the Fair Housing Act do not require administrative exhaustion and are subject to a two-year statute of limitations.  Except as expressly admitted or otherwise denied, the allegations in paragraph 15 are denied.

## V.   FACTS

16.     Admitted.

17.     Admitted upon information and belief.

18.     Cook admits the Board of Commissioners adopts policies and resolutions and provides policy and guidelines to the Chief Executive Officer. Except as expressly admitted, the allegations in paragraph 18 are denied.

19.     Admitted upon information and belief.

20.     Admitted.

21.     Cook admits there were changes in the make-up of the Commissioners on SHA's Board during Plaintiff's employment.  Except as expressly admitted, the allegations in paragraph 21 are denied.

22.     Cook admits its Bylaws require compliance with Alabama law, which provides, in pertinent part, that a municipal housing authority "shall consist of five commissioners appointed by the mayor." Ala. Code § 24-1-24(a).   Except as expressly admitted, the allegations in paragraph 22 are denied.

23.     Cook admits Jim Heigl was elected Mayor of Sylacauga in November of 2016 and has served as Mayor since that time.  Except as expressly admitted, the allegations in paragraph 23 are denied.

24.     Cook admits Plaintiff was required to be the administrative and chief executive officer of SHA, fully answerable to the Board of Commissioners, and was required to perform all duties assigned to him under the By-Laws and established operating policies of SHA, supervise and be responsible for all public housing management, maintenance, development and construction programs undertaken by SHA and be responsible for and exercise general supervision for the proper and efficient performance of duties of all other SHA employees within the established operating Personnel Policies of SHA, and be responsible for daily operations, including personnel matters. Except as expressly admitted, the allegations in paragraph 24 are denied.

25.     Cook admits upon information and belief, Plaintiff hired Heather Mueller as SHA's Chief Financial Officer, a highly paid position newly created by Plaintiff, and Mueller began her employment with SHA on August 20, 2018.  Except as expressly admitted, the allegations in paragraph 25 are denied.

26.     Cook admits upon information and belief, Plaintiff hired Daniell Womack as SHA's Chief Housing Officer, another highly paid position newly

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Alma Jean Cook's Answer to Amended Complaint

created by Plaintiff, and Womack began her employment with SHA on September 4, 2018.  Except as expressly admitted, the allegations in paragraph 26 are denied.

27.    Cook admits upon information and belief, Plaintiff hired Nicole Daniels as SHA's Chief Human Resources Officer, yet another highly paid position newly created by Plaintiff, and Daniels began her employment with SHA on September 18, 2018.  Except as expressly admitted, the allegations in paragraph 27 are denied.

28.    Cook admits upon information and belief, Plaintiff, Mueller, Womack, and Daniels collectively made up Threatt's newly created and highly paid executive leadership team. Except as expressly admitted, the allegations in paragraph 28 are denied.

29.    Cook admits that Mueller, Womack, and Daniels reported directly to Plaintiff when he was working.  Except as expressly admitted, the allegations in paragraph 29 are denied.

30.    Cook lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations about the unidentified Defendant in paragraph 30 and therefore denies same.  To Cook's knowledge and information, Cook further denies SHA engaged in any fraudulent billing practices.

31.    Upon information and belief Cook admits Mueller sought to identify potential firms to conduct a forensic review. Except as expressly admitted, the allegations in paragraph 31 are denied.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Alma Jean Cook's Answer to Amended Complaint

32.    Defendant admits at a SHA board meeting on or about September 26, 2019, Mueller discussed the need for a forensic audit.  Except as expressly admitted, the allegations in paragraph 32 are denied.

33.    Admitted upon information and belief.

34.    Denied.

35.    Denied.

36.    Upon information and belief, Cook admits the forensic audit was for a time period that ended prior to Plaintiff's creation of the other "Executive Leadership Team" positions. Except as expressly admitted, the allegations in paragraph 36 are denied.

37.    Admitted.

38.    Cook admits the Executive Summary of the Forensic Review states, in part, "the Board of Commissioners engaged Borland Benefield, P.C. to conduct a forensic review after the discovery of certain transactions of a dubious nature." Except as expressly admitted, the allegations in paragraph 38 are denied.

39.    Cook lacks information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 39 and therefore denies same.

40.    Admitted upon information and belief.

41.    Denied.

42.    Denied.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Alma Jean Cook's Answer to Amended Complaint

43.    Cook admits Plaintiff was responsible for mismanagement during his tenure as Executive Director and Chief Executive Director.  Except as expressly admitted, the allegations in paragraph 43 are denied.

44.    Denied.

45.    Cook admits a Forensic Audit was performed by a third-party vendor. Cook admits a Fiscal Audit was performed by a third-party vendor.  Cook admits several of SHA's policies and procedures were revised. Cook admits a Board assessment was performed and Board Performance Enhancement Plan was created. Cook admits SHA utilizes e-mail addresses @sylacaugaha.com.  Cook admits SHA hosted a Fair Housing Symposium and provided attendees with a copy of "The Color of Law Book."  Cook admits Committee meetings were held. Cook admits SHA's website includes a Staff Portal and Board Portal.  Cook admits SHA submits reports to HUD.  Except as expressly admitted, the allegations in paragraph 45 are denied.

46.    There is no understandable allegation in paragraph 46.  To the extent a response to the incomplete sentence in paragraph 46 is required, Cook lacks knowledge or information sufficient to form a belief as to its truth or veracity and therefore denies same.

47.    Cook admits a resolution to authorize the approval of the Sylacauga Housing Authority Board Performance Enhancement Plan was presented.  Except as expressly admitted, the allegations in paragraph 46 are denied.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Alma Jean Cook's Answer to Amended Complaint

48.   Cook admits Mueller represented to the Board she cut spending she identified as unnecessary.  Except as expressly admitted, the allegations in paragraph 48 are denied.

49.   Cook admits Mueller presented Fiscal Operations Reports at Board Meetings.  Except as expressly admitted, the allegations in paragraph 49 are denied.

50.   Cook admits Womack presented Housing Operations Reports at Board Meetings.  Except as expressly admitted, the allegations in paragraph 50 are denied.

51.   Cook admits Daniels presented Human Resources Operations Reports at Board Meetings.  Except as expressly admitted, the allegations in paragraph 51 are denied.

52.   Cook admits Daniels presented Human Resources Operations Reports at Board Meetings.  Except as expressly admitted, the allegations in paragraph 52 are denied.

53.   Cook lacks information sufficient to form a belief as to the truth or veracity of the allegations about an unidentified Defendant in paragraph 53 and therefore denies same.

54.   Denied and Cook further avers the alleged Commissioners do not talk that way.

55.   Cook lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 55 and therefore denies same.

Cook further avers to her knowledge and information SHA did not engage in discriminatory practices, fraudulent billing practices, or non-compliant procurement practices.

56.    Cook lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 56 and therefore denies same. Cook further avers to her knowledge and information SHA did not engage in discriminatory housing practices or other conduct in violation of the Fair Housing Act.

57.    Cook lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 57 and therefore denies same. Cook further avers to her knowledge and information SHA did not engaged in discrimination, corruption and mismanagement of federal funds that allegedly may have been discussed by Plaintiff with HUD-OIG investigators, and Hud-OIG never determined or found there was any such alleged discrimination, corruption or mismanagement of federal funds.

58.    Admitted.

59.    Denied.

60.    Cook admits Plaintiff hired a security company.  Except as expressly admitted, the allegations in paragraph 60 are denied.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Alma Jean Cook's Answer to Amended Complaint

61.     Cook lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 61 and therefore denies same. Cook further avers she believes Judy Maness did not make the statements Plaintiff attributes to her.

62.     Cook lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 62 and therefore denies same. Cook further avers she believes Judy Maness did not make the statements Plaintiff attributes to her

63.     Except as expressly admitted or otherwise denied below as to each individual, the allegations in paragraph 63 are denied:

      a.     Cook admits Plaintiff filed a charge with the EEOC,

      b.     Cook lacks knowledge or information sufficient to form a belief as to the truth or veracity of whether Mueller filed a charge with the EEOC and therefore denies same;

      c.     Cook lacks knowledge or information sufficient to form a belief as to the truth or veracity of whether Womack filed a charge with the EEOC and therefore denies same;

      d.     Cook admits Daniels filed a charge with the EEOC;

      e.     Cook admits Jennifer Harris filed a charge with the EEOC;

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Alma Jean Cook's Answer to Amended Complaint

      f.      Cook lacks knowledge or information sufficient to form a belief as to the truth or veracity of whether Blake filed a charge with the EEOC and therefore denies same;

      g.      Cook lacks knowledge or information sufficient to form a belief as to the truth or veracity of whether Jeter filed a charge with the EEOC and therefore denies same.

64.      Cook admits Plaintiff filed three (3) charges with the EEOC.  Except as expressly admitted, the allegations in paragraph 64 are denied.

65.      Cook denies she received Plaintiff's EEOC charges prior to October 24, 2019.  Cook admits she was made aware the "Executive Leadership Team" alleged it reported the findings of the forensic audit and fiscal audit to HUD, and alleged discrimination and segregation issues to the Department of Justice prior to October 24, 2019.  Except as expressly admitted or otherwise denied, the allegations in paragraph 65 are denied.

66.      Cook admits Plaintiff took a leave of absence beginning on or about August 1 or 2, 2019.  Except as expressly admitted, the allegations in paragraph 66 are denied.

67.      Cook admits Plaintiff took a leave of absence beginning on or about August 1or 2, 2019.  Except as expressly admitted, the allegations in paragraph 67 are denied.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Alma Jean Cook's Answer to Amended Complaint

68.     Admitted.

69.     Cook admits a letter addressed to SHA's Board from Womack and dated August 8, 2019, indicates on its face it was e-mailed to the Board.  Except as expressly admitted the allegations in paragraph 69 are denied.

70.     Cook admits Womack's August 8, 2019 letter indicates on its face it was e-mailed to Lozito, Cook, Adams, Hubbard, and Morris.  Except as expressly admitted, the allegations in paragraph 70 are denied.

71.     Cook admits the portion of the August 8, 2019 letter is quoted correctly. Except as expressly admitted, the allegations in paragraph 71 are denied.

72.     Cook lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 72 regarding purported reports to the federal government and therefore denies same.  The remaining allegations in paragraph 72 are denied.  Cook further avers to her knowledge and information SHA did not engage in fraudulent billing practices.

73. Cook lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 73 regarding purported reports to the federal government, and therefore denies same.  The remaining allegations in paragraph 73 are denied.  Cook further avers to her knowledge and information SHA did not engage in whatever unidentified housing violations are alleged in paragraph 73.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Alma Jean Cook's Answer to Amended Complaint

74.     Cook lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 74 and therefore denies same.

75.     Cook admits Lozito met with Mueller, Daniels, and Womack on or about August 12, 2019.  Except as expressly admitted, the allegations in paragraph 72 are denied.

76.     Cook denies the quotes are exact but admits upon information and belief Mueller made statements similar to those quoted in paragraph 76.  Except as expressly admitted or denied, the allegations in paragraph 76 are denied.

77.     Denied.

78.     Cook admits Mueller presented a Fiscal Operations Report, Plaintiff presented an Executive Operations Report, and Womack presented a Housing Operations Report at the August 16, 2019 Board meeting.  Except as expressly admitted, the allegations in paragraph 78 are denied.

79.     Cook admits at the August 16, 2019 Board meeting, Mueller discussed, in part, cutting what she believed to be wasteful spending, streamlined costs, implemented checks and balances, and a Corrective Action Plan with HUD related to the fiscal audit.  Except as expressly admitted, the allegations in paragraph 79 are denied.

80.     Admitted.

81.     Denied.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Alma Jean Cook's Answer to Amended Complaint

82.    Admitted.

83.    Cook admits Plaintiff presented an Executive Operations Report at the August 16, 2019 Board meeting. Except as expressly admitted, the allegations in paragraph 83 are denied.

84.    Admitted.

85.    Cook lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 85 and therefore denies same. Cook further avers to her knowledge and information SHA did not engage in fraudulent billing practices and discriminatory actions.

86.    Cook lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 86 and therefore denies same.

87.    There is no understandable allegation in paragraph 87.  To the extent a response to the incomplete sentence in paragraph 87 is required, Cook lacks knowledge or information sufficient to form a belief as to its truth or veracity and therefore denies same.

88.    Cook admits Sam Royster was appointed as acting Executive Director/ Chief Executive Officer and Secretary/Treasurer of SHA on September 5, 2019.

89.    Cook admits upon information and belief one reason Royster placed Mueller, Womack, and Daniels on paid administrative leave was to review Housing

Authority operations. Except as expressly admitted, the allegations in paragraph 89 are denied.

90.     Denied.

91.     Cook admits Plaintiff, Mueller, Womack, and Daniels were removed from SHA's website and all social media accounts on or about September 10, 2019. Except as expressly admitted, the allegations in paragraph 91 are denied.

92.     Admitted.

93.     Cook lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 93 and therefore denies same.

94.     Cook admits Royster mentioned Plaintiff, Mueller, Womack, and Daniels were on administrative leave at the September 16, 2019 Board Meeting. Except as expressly admitted, the allegations in paragraph 94 are denied.

95.     Cook admits Lozito and Royster met with SHA employees on or about September 27, 2019.  Except as expressly admitted, the allegations in paragraph 95 are denied.

96.     Cook admits Lozito stated "They ain't never coming back."  Except as expressly admitted, the allegations in paragraph 96 are denied.

97.     Cook lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 97 and therefore denies same.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Alma Jean Cook's Answer to Amended Complaint

98.     Cook admits Plaintiff's employment with SHA was terminated on or about October 24, 2019.

99.     Denied.

100.    Cook lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations concerning Mayor Heigl in paragraph 100 and therefore denies same.

101.    Cook lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations concerning Mayor Heigl in paragraph 101 and therefore denies same.  To the extent the allegations in paragraph 101 concern Cook, they are denied.  The remaining allegations in paragraph 101 are denied.  Cook further avers to her knowledge and information SHA did not engage in misconduct, discriminatory housing practices, and/or or mismanagement/misappropriation of federal funds.

102.    Cook lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations concerning Mayor Heigl in paragraph 102 and therefore denies same.  To the extent the allegations concern Cook, they denied. Cook further avers to her knowledge and information there was not a hostile work environment or culture of discrimination at SHA and SHA did not engage in wrongful acts.

103.   Cook lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations concerning Mayor Heigl in paragraph 103 and therefore denies same.  To the extent the allegations concern Cook, they are denied.

104.   Cook admits upon information and belief Plaintiff's title was changed from Executive Director to Chief Executive Officer.  Cook admits Plaintiff's salary increased, but denies Plaintiff was entitled to any pay increase.  Except as expressly admitted, the allegations in paragraph 104 are denied.

105.   Cook lacks knowledge or information sufficient for form a belief as to the truth or veracity of the allegations in paragraph 105 and therefore denies same.

## VI.   CLAIMS FOR RELIEF

### A.   ALLEGED DISCRIMINATION BASED ON RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 42 U.S.C. § 1981

106.   Denied.

107.   Denied.

108.   Denied.

109.   Denied.

110.   Cook admits Plaintiff filed charges of discrimination with the EEOC and received a notice of right to sue for Charge No. 420-2020-00184.  Except as expressly admitted, the allegations in paragraph 110 are denied.

111.   Denied.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Alma Jean Cook's Answer to Amended Complaint

112.   Denied.

113.   Denied.

114.   Denied.

### B.   ALLEGED RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 42 U.S.C. § 1981

115.   Cook admits filing charges with the EEOC is protected activity under Title VII and further admits Plaintiff filed EEOC charges.   Except as expressly admitted, the allegations in paragraph 115 are denied.

116.   Denied.

117.   Denied.

118.   Cook denies SHA was aware of Plaintiff's EEOC charges before the date on which his employment was terminated.   The remaining allegations in paragraph 118 are denied.

119.   Denied.

120.   Denied.

121.   Denied.

122.   Denied.

123.   Denied.

124.   Denied.

125.   Denied.

126.   Denied.

127.   Denied.

### C.   ALLEGED RETALIATION IN VIOLATION OF THE FAIR HOUSING ACT

128.   Cook admits 42 U.S.C. § 3617 provides: "It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." Cook admits Ala. Code § 24-8-8 provides: "It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the enjoyment of, exercise of, or the aid or encouragement of any other person in the exercise of any right granted under this chapter." Except as expressly admitted, the allegations in paragraph 128 are denied.

129.   Denied. Cook further avers to her knowledge and information SHA did not engage in unlawful discriminatory housing practices.

130.   Denied. Cook further avers to her knowledge and information SHA did not engage in unlawful discriminatory housing practices.

131.   Cook lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 131 and therefore denies same.

Cook further avers to her knowledge and information SHA did not engage in unlawful discriminatory housing practices.

132.   Cook lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 132 and therefore denies same.

133.   Cook admits Womack's August 8, 2019 letter stated, in pertinent part, "the SHA Executive Leadership Team … have reported discrimination and segregation issues to the Department of Justice and Fair Housing."   Except as expressly admitted, the allegations in paragraph 133 are denied.   Cook further avers to her knowledge and information SHA did not engage in unlawful discriminatory housing practices.

134.   Cook admits Threatt provided an Executive Operations Report at the August 16, 2019 Board of Commissioners Meeting, the Minutes for which describe the topics of that Report.   Except as expressly admitted, the allegations in paragraph 134 are denied.   Cook further avers to her knowledge and information SHA did not engage in unlawful discriminatory housing practices.

135.   Cook lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 135 and therefore deny same. Cook further avers to her knowledge and information SHA did not engage in unlawful discriminatory housing practices.

136.   Denied.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Alma Jean Cook's Answer to Amended Complaint

137.   Cook admits Plaintiff was put on leave within one month of August 8, 2019.  Except as expressly admitted, the allegations in paragraph 137 are denied.

138.   Cook admits Plaintiff was discharged within three months of August 8, 2019.  Except as expressly admitted, the allegations in paragraph 138 are denied.

139.   Denied.

140.   Denied.

## D.   ALLEGED FALSE CLAIMS ACT RETALIATION

141.   Cook lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 141 and therefore denies same. Cook further avers to her knowledge and information SHA did not engage in fraudulent billing practices.

142.   Cook lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 142 and therefore denies same. Cook further avers to her knowledge and information SHA did not engage in fraudulent billing practices.

143.   Cook lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations in paragraph 143 and therefore denies same. Cook further avers to her knowledge and information SHA did not engage in fraudulent billing practices.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Alma Jean Cook's Answer to Amended Complaint

144.   Cook admits SHA's Board was asked to approve a third-party vendor to conduct a fiscal audit.  Except as expressly admitted the allegations in paragraph 144 are denied.  Cook further avers to her knowledge and information SHA did not engage in fraudulent billing practices.

145.   Cook admits fiscal audit results were presented to SHA's Board in or about February of 2019.  Except as expressly admitted, the allegations in paragraph 145 are denied.

146.   Denied.  Cook further avers to her knowledge and information SHA did not engage in fraudulent billing practices.

147.   Denied.  Cook further avers to her knowledge and information SHA did not engage in fraudulent billing practices.

148.   Cook admits Womack's August 8, 2019 letter stated, in pertinent part, "the SHA Executive Leadership Team, have reported the findings of the forensic audit and fiscal audit to HUD."  Except as expressly admitted, the allegations in paragraph 148 are denied.  Cook further avers to her knowledge and information SHA did not engage in fraudulent billing practices.

149.   Cook admits Plaintiff delivered an Executive Operations Report at the August 16, 2019 Board meeting.  Except as expressly admitted, the allegations in paragraph 149 are denied.  Cook further avers to her knowledge and information SHA did not engage in fraudulent billing practices.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Alma Jean Cook's Answer to Amended Complaint

150.   Denied.

151.   Denied.

152.   Cook admits Plaintiff was put on leave within one month of August 8, 2019.  Except as expressly admitted, the allegations in paragraph 152 are denied.

153.   Cook admits Plaintiff was put on leave on or about September 5, 2019. Except as expressly admitted, the allegations in paragraph 153 are denied.

154.   Cook admits Plaintiff was discharged on or about October 24, 2019. Except as expressly admitted, the allegations in paragraph 154 are denied.

155.   Denied.  Cook further avers to her knowledge and information SHA did not engage in fraudulent billing practices.

156.   Denied.

## E.   ALLEGED RACE DISCRIMINATION IN VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE 14TH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES

157.   Denied.

158.   Denied.

159.   Denied.

160.   Denied.

161.   Denied.

## VII.   PRAYER FOR RELIEF

1.   Cook denies Plaintiff is entitled to any of the relief requested.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Alma Jean Cook's Answer to Amended Complaint

2.      Cook denies Plaintiff is entitled to any of the relief requested.

3.      Cook denies Plaintiff is entitled to any of the relief requested.

4.      Cook denies Plaintiff is entitled to any of the relief requested.

In further defense, Cook states:

## FIRST DEFENSE

Cook is immune from liability and suit in this action based on Eleventh Amendment and State sovereign immunity, qualified immunity and/or other immunity from suit or liability.

Cook, as a member of a Board created pursuant to and authorized by State law and acting under color of State law, has complete immunity from suit in federal court pursuant to the Eleventh Amendment to the United State Constitution.  Hence, because of this, the court lacks subject matter jurisdiction over the claim against Cook.

## SECOND DEFENSE

Plaintiff's claim against Cook in this action are barred because it is subject to mandatory arbitration pursuant to the Federal Arbitration Act.

## THIRD DEFENSE

All actions Cook allegedly or actually took and decisions Cook allegedly made or actually made as to Plaintiff and his employment were motivated by legitimate nondiscriminatory reasons.

## FOURTH DEFENSE

Cook would have taken the same actions she took and would have made the same decisions she made as to Plaintiff and his employment regardless of any alleged discriminatory motivation.

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Alma Jean Cook's Answer to Amended Complaint

## FIFTH DEFENSE

After-acquired evidence further justified the employment actions taken and decisions made against Plaintiff and cuts-off Plaintiff's claim for damages, back pay and other relief.

## SIXTH DEFENSE

Any statements allegedly made by Cook (or any other Defendant), even and **especially** any allegedly offensive speech, are protected by the right to free speech and association guaranteed by the First Amendment to the United States Constitution.

## SEVENTH DEFENSE

Plaintiff's claim for equitable relief against Cook are barred is barred by Plaintiff's unclean hands.  Plaintiff's hands are not merely smudged but are downright filthy dirty.

## EIGHTH DEFENSE

Plaintiff's claim against Cook is barred by waiver.

## NINTH DEFENSE

Defendant Housing Authority ("HA"), and other entities under whose authority and control, behavior purportedly occurred that created an allegedly racially hostile environment for Plaintiff, had in place well-established anti-discrimination and anti-harassment policies with complaint procedures and exercised reasonable care to promptly prevent and correct any allegedly discriminatory behavior that was within HA's, or the other entity's, respective authority and control, and Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided or to avoid harm otherwise.

## TENTH DEFENSE

Plaintiff otherwise unreasonably failed to take advantage of preventive or corrective opportunities available to him by which he could have avoided the alleged

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Alma Jean Cook's Answer to Amended Complaint

harm and the purported discriminatory environment of which he now complains here.

## ELEVENTH DEFENSE

Plaintiff's claim against Cook is barred to the extent he failed to mitigate his damages, if any.

## TWELFTH DEFENSE

Cook, personally, was not Plaintiff's employer and not a party to or in privity of any employment contract with Plaintiff.

## THIRTEENTH DEFENSE

Cook was only one of five Board Commissioners, a majority of whom not including Cook, voted to place Plaintiff on administrative leave, and all of whom including Cook thereafter voted to terminate Plaintiff's employment.  Thus, Cook, herself, was not the cause of Plaintiff's alleged damages, if any, and the employment actions of which Plaintiff complains, which were caused by others.

## FOURTEENTH DEFENSE

Plaintiff's claim against Cook are barred by his inability to prove unlawful racially discriminatory motive on the part of each member of a majority of the members of Board of which Cook was/is a member.

## FIFTEENTH DEFENSE

Plaintiff's claim against Cook are barred by his inability to prove unlawful racially discriminatory motive on the part of each member of a majority of the members of Board of which Cook was/is a member.

## SIXTEENTH DEFENSE

Plaintiff's claim against Cook are barred by his inability to prove unlawful racially discriminatory motive on the part of each member of a majority of the members of Board of which Cook was/is a member

### SEVENTEENTH DEFENSE        The

Plaintiff's claim against Cook are barred by his inability to prove unlawful racially discriminatory motive on the part of each member of a majority of the members of Board of which Cook was/is a member.

### EIGHTEENTH DEFENSE        The

Plaintiff's alleged injuries and damages, if any, were caused by and due to the acts of others on the Board of which Cook was/is a member.

**Also, to the extent Plaintiff bases his claims for compensatory damages and back pay and/or other relief on a purported five-year employment contract:**

### NINETEENTH DEFENSE

The purported five-year contract is void for nudum pactum.

### TWENTIETH DEFENSE

Plaintiff's claim for damages arising from the termination of his employment pursuant to any purported five-year employment contract is barred to the extent the purported contract is void in violation of federal and/or State competitive bid laws.

### TWENTY-FIRST DEFENSE

Plaintiff's employment, if any valid employment contract existed, was terminated for good and just cause

### TWENTY-SECOND DEFENSE

Plaintiff's claims for damages arising from the termination of his employment are barred by his violations of the Alabama Code of Ethics which constituted good cause for terminating his employment

### TWENTY-THIRD DEFENSE

Plaintiff's claims for damages arising from the termination of his employment are barred by his misconduct in modifying and falsifying official municipal documents, which constituted good cause for terminating his employment contract

## TWENTY-FOURTH DEFENSE

Plaintiff breached his fiduciary duties as an employee, which constituted good cause for terminating his employment contract.

## TWENTY-FIFTH DEFENSE

Plaintiff's claim for damages arising from the termination of his employment are barred by his own fraud, as plead with particularity in SHA's counterclaims, which is particularity Cook incorporates by reference herein, and which constituted good cause for terminating his employment contract.

## TWENTY-SIXTH DEFENSE

Plaintiff's claim for damages pursuant to a purported five-year contract are barred because the purported five-year contract upon which Plaintiff's damages claim is based was not properly authorized or adopted by SHA as required by Alabama law and as such is void.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims for damages pursuant to a purported five-year contract are barred because the indefinite and automatic renewal provisions of the purported contract made it a contract of indefinite duration and therefore, it was terminable at will.

## TWENTY-EIGHTH DEFENSE

The purported five-year contract under which Plaintiff claims damages is barred by the statute of frauds.

## TWENTY-NINTH DEFENSE

Plaintiff's claim for damages under a purported five-year contract is barred because the contract is unenforceable and due to be rescinded, including without limitation because it is unconscionable, there was a failure of consideration, mutual mistake, and it was obtained by plaintiff's coercion and fraudulent inducement, the latter of which is plead with particularity in SHA's counterclaims, which is particularity Cook incorporates by reference herein.

## THIRTIETH DEFENSE

The termination of Plaintiff's employment contract, to the extent a valid contract existed, was for good and just cause

## THIRTY-FIRST DEFENSE

Plaintiff's alleged damages are due to be offset by amounts paid to him for salary and benefits as a result of Plaintiff's coercion and fraud (the latter as plead in the Eighteenth Defense above), misrepresentations, mistake, unconscionability, illegality, breach of fiduciary duties, and under a purported contract that was void (due to nudum pactum and/or otherwise as pled in other defenses herein).

### As to Plaintiff's claim for punitive damages:

## THIRTY-SECOND DEFENSE

The imposition of punitive damages would violate the Fourth, Fifth, Sixth, Eighth and/or Fourteenth Amendments to the United States Constitution because (a) the standard of liability for punitive damages is inadequate, unduly vague and subjective, permitting random, arbitrary, capricious, excessive and disproportionate punishment that serves no government interest; (b) there is an absence of procedural safeguards afforded defendants in criminal proceedings, including at least a reasonable doubt or other higher standard of roof; and ( c) there are inadequate standards and procedures for reviewing awards of punitive damages.

In addition, the claim for punitive damages as sought in the First Amended Complaint violates the Fourteenth Amendment to the United States Constitution in that the procedures pursuant to which punitive damages are awarded fail to provide specific standards for an amount of an award of punitive damages, thereby violating Cook's right of substantive due process.

Cook is immune from any award of punitive damages, because the imposition of a penalty in the form of punitive damages would most likely fall upon the innocent citizen-taxpayers of the municipality.  See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 267 (1981).

Because as a matter of federal law punitive damage awards that would most likely fall upon the innocent citizen-taxpayers of the municipality are invalid as against federal public policy, Cook asserts all Alabama State statutory and judicial limits on and preclusions of punitive damages awards as part of and encompassed within said

federal public policy, this includes all Alabama statutes applicable to punitive damages awards and judicially-required <u>Hammond</u> hearings and ratios of punitive to compensatory damages beyond which punitive damages awards are judicially-deemed unconstitutionally excessive, and the immunity from such damages Alabama affords to voluntary members of boards such as SHA's board and Cook.

**Defendant demands trial by jury.**

Respectfully submitted this 4th day of August 2020.

s/ *Barry V. Frederick*

Barry V. Frederick (ASB-4725-B59B)
Attorneys for Alma Jean Cook

OF COUNSEL:

**THE FREDERICK FIRM**
5409 Trace Ridge Lane
Birmingham, Alabama 35244
205-739-0043 phone
205-739-0044 fax
Barry@frederickfirm.net

Threatt, Michael C. v. Sylacauga Housing Authority
Civil Action No.: 20-CV-00096-SGC
Alma Jean Cook's Answer to Amended Complaint

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the 4th day of August, 2020, I have served a copy of the above and foregoing by electronically filing the same with the Court's ECF system, which will send a copy to counsel for all parties:

Richard A. Rice
The Rice Firm, LLC
420 20th Street
Suite 2200
Birmingham, AL  35203
rrice@rice-lawfirm.com

Roderick T. Cooks
Lee Winston
Winston Cooks, LLC
505 20th Street North, Suite 815
Birmingham, AL 35203
rcooks@winstoncooks.com
lwinston@winstoncooks.com

C. David Stubbs
Stubbs, Sills & Frye P.C.
1724 South Quintard Avenue
Anniston, AL 36202
david-ssf@cableone.net

Richard W. Lewis
Brandi B. Frederick
Austill Lewis Pipkin & Maddox, P.C.
600 Century Park South, Suite 100
Birmingham, AL 35226
(205) 870-3767 phone
(205) 870-3768 fax
r-lewis@maplaw.com
bfrederick@maplaw.com

s/ *Barry V. Frederick*

OF COUNSEL