FILED

2020 Nov-13  PM 07:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL C. THREATT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SYLACAUGA HOUSING AUTHORITY,** | ) | **Civil Action No.:** |
| **SYLACAUGA HOUSING AUTHORITY** | ) | |
| **COMMISSIONER JAMES ADAMS, in his** | ) | **20-cv-00096-ACA** |
| **official and individual capacities, SYLACAUGA** | ) | |
| **HOUSING AUTHORITY COMMISSIONER** | ) | |
| **ALMA JEAN COOK, in her official and individual** | ) | |
| **capacities, SYLACAUGA HOUSING AUTHORITY** | ) | |
| **COMMISSIONER MATT HUBBARD, in his official** | ) | |
| **and individual capacities, SYLACAUGA HOUSING** | ) | |
| **AUTHORITY COMMISSIONER PATRICK** | ) | |
| **LOZITO, in his official and individual capacities,** | ) | |
| **SYLACAUGA HOUSING AUTHORITY** | ) | |
| **COMMISSIONER PHILLIP MORRIS, in his** | ) | |
| **official and individual capacities, and MAYOR OF** | ) | |
| **SYLACAUGA JIM HEIGL, in his official and** | ) | |
| **individual capacities.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DECLARATION OF RICHARD A. RICE

I, Richard A. Rice, declare under penalty of perjury that the following facts are true and

correct to the best of my information and belief:

1.      I am the attorney for the Plaintiff, Michael Threatt, in this matter.

2.      I was engaged to represent Michael Threatt with regard to an employment dispute

with the Sylacauga Housing Authority ("SHA") on or about July 2019. The

engagement was memorialized in the form of an engagement letter/ employment

contract on or about July 2019.

1

3.      Prior to my representation of Michael Threatt as referenced above, I have not

provided legal representation to Michael Threatt either in his capacity as Executive

Director or Chief Executive Officer of the Sylacauga Housing Authority or otherwise.

(See attached Correspondence – SHA Attorney - Varner Law to Richard Rice)

4.      On or about March 2019, I met with Michael Threatt and April Collins  about

providing an assessment for the Sylacauga Housing Authority. The subject matter of

the discussion involved historic housing disparities and how to improve quality of life

factors for low-income citizens. Threatt did not share any information that would add

value to his employment dispute or that would have been confidential or privileged

and certainly did not discuss adverse employment actions or any matters related to

employment law. The March 2019 meeting occurred in Sylacauga and it was the _only_

meeting between myself, and Michael Threatt, prior to being retained by Threatt as

counsel in the instant matter.

5.      Following the meeting there was a series of emails regarding the assessment and

the scope of work to be provided (dated February 28, 2019 through April 22, 2019[1]),

but there was never a formal or informal agreement nor was there ever a meeting of

the minds with regard to being engaged to provide  the assessment. (All Emails

Attached)

6.      I never performed the assessment or any other tasks  or services for the SHA.

---

[1] The email exchanges regarding the assessment ended upon Collins stating that the scope of work was too broad
and that the required data had not yet been made available by the appropriate federal agency. There was no follow
up to address those issues and thus the assessment did not materialize. In relation to the assessment, Threatt asked
Rice to participate in a Fair Housing Symposium to speak on the topic of historical housing disparities and current
related quality of life issues but that did not occur due to Rice's other commitments and Rice did not attend the
symposium.

7.      I never received any documents or any information  from the SHA regarding the

abortive assessment or any other matter.

8.      I did not meet with the SHA Board members with regard to providing an

assessment for the SHA nor did I communicate with any of the SHA Board members

with regard to providing the assessment or any other matter.

9.      I have never met with Michael Threatt or anyone else in connection with a "Lean

and Mean" list. I have never received any documents from him regarding it and I

have never given him, or anyone connected with the SHA, advice on it.

10.     Prior to my representation of Threatt in this matter, I have never received from

Michael Threatt, or any other SHA representative, any confidential or privileged

information of the SHA, or access to any such information, at any time during the

March 2019 meeting described above, or within the email exchanges that followed

through to April 2019. I have never received any payment from the SHA, have not

entered into a written contract with it (as required by its policies and procedures) and

have not performed any services for it. (See SHA Procurement Policies).

11.     The subject matter of the March 2019 meeting and subsequent emails related

exclusively to the assessment of  housing disparities in Sylacauga, historic housing

patterns within Sylacauga, and how those housing patterns impact the quality of life

factors today. These are all matters of public record.

12.     Prior to his engagement of me as his attorney in this case which occurred in July

2019, I did not talk with Threatt about his employment relationship with SHA, any

adverse employment actions, SHA employment policies, or any other facet of the

operations of SHA.

13.     I have never held an attorney-client relationship with the Sylacauga Housing

Authority.

14.     I first learned of Michael Threatt's employment dispute with the SHA in July

2019, which was after he had initiated an EEOC charge with his local EEOC field

office. I first learned of the SHA Board's recalcitrance to the "fair housing" policies

Threatt intended to implement for the benefit of SHA and as *possibly* required by law

in July 2019.

15.     The instant lawsuit filed by Michael Threatt against the SHA is an employment

discrimination lawsuit and retaliation lawsuit based upon  his allegations that the

SHA and respective SHA Board members jointly and severally violated his statutory

and constitutional rights by: (1) discriminating  against him on the basis of his race in

violation of Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, 42

U.S.C. § 1981 (via 42 U.S.C. § 1983), and the 14th Amendment to Constitution of the

United States of America (via 42 U.S.C. § 1983); and, (2) subjecting him to

retaliation [including retaliatory discharge] in violation of Title VII of the Civil

Rights Act of 1964, the Civil Rights Act of 1866, 42 U.S.C. § 1981 (via 42 U.S.C. §

1983), the False Claims Act ("FCA"), and the Fair Housing Act of 1968 ("FHA").[2]

(See Attached – Pattern Jury Instructions for the 11th Circuit delineating "civil rights"

matters and further distinguishing "adverse employment" matters.

---

[2] Pursuant to 28 U.S.C. § 1367, Threatt also included a claim for breach of contract against the SHA in his initial
complaint and may seek to amend his pleadings to include the claim upon the resolution of the pending motion to
disqualify. Threatt did not discuss the terms of his employment or his relationship with the SHA Board of
Commissioners with Rice during the March 2019 meeting, subsequently in the related emails or at anytime in his
capacity as a representative for the SHA.

16.     The subject matter of the instant lawsuit is based on "adverse employment"

actions  and is not "substantially related" to the referenced assessment (housing

segregation/disparities and quality of life factors) which was never performed nor is it

"substantially related" to the March 2019 meeting and follow up emails exchanged

with Michael Threatt (March-April 2019).

[SIGNATURE PAGE TO FOLLOW]

*Richard A. Rice*

_____
Richard A. Rice
Attorney for Plaintiff