## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **MICHAEL C. THREATT,** | } |
| Plaintiff, | } |
| v. | } Case No.: 1:20-cv-00096-ACA |
| **SYLACAUGA HOUSING AUTHORITY, et al.,** | } |
| Defendant. | } |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants Sylacauga Housing Authority ("SHA"), Patrick Lozito, Phillip Morris, Matthew Hubbard, James Adams, and Alma Jean Cook's motion for sanctions against Plaintiff Michael C. Threatt, pursuant to Fed. R. Civ. P. 37(d)(1)(A)(i). (Doc. 97). Less than eleven hours before Defendants were scheduled to depose Mr. Threatt, his attorney attempted to postpone the deposition. (Doc. 97 at 3 ¶ 4; doc 101 at 2 ¶ 1). Defendants did not agree to the postponement and informed Mr. Threatt's counsel that they would go forward with the deposition as planned. (Doc. 97 at 3–4 ¶ 5; Doc. 101 at 3 ¶ 5). Mr. Threatt failed to appear for his June 7, 2021 deposition. (Doc. 97 at 5 ¶ 10).

Because the court finds that Mr. Threatt willfully failed to appear for his deposition, the court **GRANTS IN PART** Defendants' motion for sanctions and

**ORDERS** Mr. Threatt to pay Defendants' reasonable attorney's fees pursuant to Fed. R. Civ. P. 37(d)(3).

## I.     BACKGROUND

The facts relevant to this motion are largely undisputed. Defendants scheduled Mr. Threatt's deposition for June 7, 2021, at 9:00 a.m. (Doc. 97-1 at 20). His counsel agreed to the date and time (doc. 97-1 at 12–13), and on April 30, 2021, counsel for Defendants served a notice of his deposition on Mr. Threatt's counsel via email (*id.* at 17–18).

At 10:06 p.m. on June 6, 2021, attorney Roderick Cooks—counsel for Mr. Threatt—emailed Defendants' counsel and informed them that he had "a conflict [] with the depo of Mr. Threatt that is scheduled for tomorrow." (Doc. 97-1 at 4). Because he had "two briefs due [that] week," Mr. Cooks "just [did not] have the time" to attend the deposition. (*Id.*). The email also said that Mr. Cooks' co-counsel, attorney Richard Rice, was also unavailable because he had "been retained in a murder case." (*Id.*). The email did not give a reason that Mr. Threatt's third named attorney, Lee Winston, could not attend the deposition. (*Id.*).

Attorney Brandi Frederick responded within minutes. (Doc. 97-1 at 6). She expressed her displeasure at being informed of her opposing counsels' scheduling conflicts less than eleven hours before Mr. Threatt's deposition, which had "been scheduled and properly noticed since April 30." (*Id.*). She did not agree to postpone

the deposition and told Mr. Cooks that "[u]nless Mr. Threatt wants to voluntarily dismiss his case, I will proceed with his properly noticed deposition tomorrow." (*Id.*).

At 5:52 the next morning, attorney Barry Frederick—counsel for Ms. Cook—responded to Mr. Cooks' email. (Doc. 97-1 at 9). Like Ms. Frederick, Mr. Frederick told Mr. Cooks that he would not agree to a postponement. (*Id.*). Mr. Frederick was concerned that he had "spent many hours preparing to take [Mr. Threatt's] deposition" and that postponing the deposition would "entail [him] having to spend more time preparing for it again," which would "unnecessarily increase the cost" to his client. (*Id.*). Mr. Frederick also pointed out that a delay would disrupt "the order in which [the depositions] were carefully scheduled, starting with [Mr. Threatt]." (*Id.*). Further, he questioned why Mr. Winston could not attend the deposition, considering Mr. Cooks had not given a reason in his email. (Doc. 97-1 at 9).

At 8:17 a.m., Mr. Winston emailed Defendants' counsel and informed them that he had a conflict with the scheduled deposition because he was a single parent caring for two minor children visiting from out of state. (Doc. 97-1 at 22). At 8:45 a.m., only fifteen minutes before Mr. Threatt's deposition was scheduled to begin, Mr. Cooks emailed Defendants' counsel and said that he did not "understand the clutching of pearls tone of [opposing counsel's] emails" because the parties had

3

"sufficient time to get these depos done." (*Id.* at 26). He acknowledged that Defendants had planned to depose Mr. Threatt first, but offered to go forward with the other depositions "later in the week" as scheduled. (*Id.*). He did not acknowledge that Defendants had not agreed to postpone Mr. Threatt's deposition.

Defendants appeared for Mr. Threatt's deposition along with counsel for Defendant Jim Heigl and Sam Royster, a representative of SHA. (Doc. 97-1 at 1–2). Mr. Threatt, however, did not appear. (*Id.* at 1). After defense counsel read several emails into the record, the parties adjourned at 9:14 a.m. (*Id.* at 1–3). Defendants filed a motion for leave to move for sanctions against Mr. Threatt for failing to appear at his deposition. (Doc. 95). The court granted that motion (doc. 96), and Defendants filed the present motion for sanctions (doc. 97). The motion is fully briefed and ripe for review.

## II.   DISCUSSION

Defendants move for sanctions under Federal Rule of Civil Procedure 37(d). (Doc. 97). Rule 37(d) permits the court to "order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)." Fed. R. Civ. P. 37(d)(3). Rule 37(b)(2)(A) permits the court to (1) take certain matters as established for purposes of the action; (2) "prohibit[ ] the disobedient party from supporting or opposing designated claims

or defenses, or from introducing designated matters in evidence"; (3) strike pleadings; (4) stay the proceedings until the disobedient party obeys a discovery order; (5) dismiss the action; or (6) enter a default judgment against the disobedient party.  Fed. R. Civ. P. 37(b)(2)(A)(i)–(vi).  "Instead of or in addition to these sanctions, the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

Here, it is undisputed that Mr. Threatt's deposition was properly noticed and that he did not appear at his scheduled deposition.  Under these circumstances, the relevant question is whether Mr. Threatt's failure to appear was substantially justified.  The court finds that it was not.

The only justification that Mr. Threatt provides are the scheduling conflicts of his attorneys. (Doc. 101 at 1–2).  Mr. Cooks' conflict was avoidable and does not justify his client's failure to appear: Mr. Cooks simply "underestimated the time needed" to draft his briefs.  (Doc. 97-2 at 1).  Mr. Rice has not offered a conflict at all.  Mr. Threatt argues that Mr. Rice was "retained to represent Mr. Tyreke Bell in an attempted murder case" but does not give any specific scheduling conflict that would have kept him from attending the June 7 deposition.  (Doc. 101 at 2–3 ¶ 2). And although Mr. Winston's schedule may have presented an actual conflict—he

was responsible for the care of two minor children—he has not explained why the conflict was unavoidable. Regardless, at least two of Mr. Threatt's named attorneys could have appeared to defend him at the deposition.

Further, even if Mr. Cooks and Mr. Rice did have scheduling conflicts, they unduly delayed in contacting Defendants. Mr. Threatt offers no justification for why his attorneys waited until eleven hours before the scheduled deposition to raise the scheduling conflicts with opposing counsel. Further, after Defendants' counsel did not agree to postpone the deposition, Mr. Cooks waited until fifteen minutes before the deposition was scheduled to begin to tell Defendants that his client would not appear. (Doc. 97-1 at 3).

Mr. Threatt argues that Defendants' motion is "an abuse of the judicial process" and "requests that he be awarded attorneys' fees . . . for having to respond to this motion." (Doc. 101 at 9 ¶ 19). This argument is meritless. Not only did Defendants seek and obtain leave of the court before filing this motion (docs. 95, 96), it is undisputed that Mr. Threatt did not appear for his properly-noticed deposition, and he has offered no substantial justification for his failure. Accordingly, an award of attorney's fees and expenses is appropriate, and the court **GRANTS IN PART** Defendants' motion and **DIRECTS** Defendants to submit documentation detailing their fees and expenses **on or before August 17, 2021**.

Defendants also request that the court "enter an Order compelling [Mr. Threatt] to appear for his deposition at a time, date, and location convenient to Defendants," and "deem each of SHA's Requests for Admissions admitted." (Doc. 97 at 9 ¶ 25; *Id.* at 10 ¶ 27). First, Mr. Threatt has already appeared for his deposition; the parties contacted the court during the deposition because Mr. Cooks failed to return from his lunch break. Second, to the extent that Mr. Threatt has not responded to SHA's requests for admission, which Defendants served on him on November 12, 2020, they are admitted by operation of law. *See* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."). Accordingly, the court **DENIES** these requested sanctions as moot.

**DONE** and **ORDERED** this August 3, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE