

FILED
2021 Oct-14  AM 10:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| **MICHAEL C. THREATT,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  1:20-cv-00096-ACA** |
| | } | |
| **SYLACAUGA HOUSING** | } | |
| **AUTHORITY, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Defendants Sylacauga Housing Authority ("SHA"), Patrick Lozito, Phillip Morris, Matthew Hubbard, James Adams, Mayor Heigl, and Alma Jean Cook's motion for attorney fees and expenses, (doc. 104) pursuant to this court's order granting the same (doc. 103).  Defendants claim a total of $16,979.01 in fees and expenses incurred in connection with Mr. Threatt's failure to appear for his noticed deposition on June 7, 2021.  (Doc. 104).  In response, Mr. Threatt argues that the requested amount is unreasonable and that he should not be required to pay any expenses.  (Doc. 106 at 4).

## I.   <u>BACKGROUND</u>

This court previously granted Defendants' motion for sanctions against Mr. Threatt for his failure to appear at his scheduled deposition.   (Doc. 103 ("the

Order")).   Pursuant to the Order, Mr. Threatt is required to pay Defendants the reasonable fees and expenses they incurred because of his misconduct.  (*Id*. at 6).

Consistent with the Order, the court directed Brandi Frederick, Barry Frederick, and David Stubbs to submit documentation of their fees and expenses. (Docs. 104-1, 104-2, 104-3).  According to these submissions, Defendants are owed the following fees and expenses:

a. To Austill Lewis Pipkin & Maddox P.C., SHA's counsel, the amount of $10,150.88.

b. To Samuel Royster, SHA's Executive Director and corporate representative, the amount of $51.13.

c. To the Frederick Firm, Cook's counsel, the amount of $5,722.50.

d. To Stubbs, Sill, & Frye P.C., Heigl's counsel, the amount of $1,054.50.

Mr. Threatt stipulates that the hourly rates for Cook's counsel, SHA's counsel, and SHA's paralegal are reasonable.  (Doc. 104 at 2–3 ¶¶ 3, 4).   But he does not agree that the amount of time spent and work performed arising from his failure to appear is reasonable.  (Doc. 106 at 2 ¶ 3).   In fact, Mr. Threatt maintains that Defendants are not entitled to recover *any* fees and costs, again arguing that his failure to show for his scheduled deposition was substantially justified.  (*Id*. at 1 ¶ 1).  This court has already rejected this argument.

## II.   **DISCUSSION**

Before turning to the reasonableness of Defendants' requested expenses, the court must first clarify who is responsible for paying them. Rule 37(d)(3) permits the court to assess an award of attorney fees against the party who failed to act, the party's attorney, or both. Fed. R. Civ. P. 37(d)(3). Here, the record is clear that Mr. Threatt's attorneys caused Mr. Threatt's failure to appear at the June 7 deposition by cancelling the deposition at the last minute due to their own scheduling conflicts. (Doc. 103 at 2–4). Since the entry of the Order was entered, it has come to the court's attention that Mr. Threatt was never told that his deposition was scheduled for June 7. (Doc. 107 at 2 ¶ 2). Because it would be unjust to require Mr. Threatt to cover the cost of his attorneys' misdoings, his attorneys are jointly and severally liable for the expenses granted in this order.

Having resolved the issue of who is responsible for the payment of the expenses, the court turns to the issue of the amount of fees caused by the failure to appear. The Eleventh Circuit has described in detail the process for determining an award of attorneys' fees. *See Norman v. Housing Auth. of City. of Montgomery*, 836 F.2d 1292, 1299–1303 (11th Cir. 1988). "[T]he starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate." *Id*. at 1299. The party requesting fees and expenses bears the burden of demonstrating reasonableness, and a district court must use its discretion to exclude hours claimed for "excessive, redundant, or

3

otherwise unnecessary hours." *Id*. at 1301.  In using that discretion, the district court "may consider its own knowledge and experience" in reaching a conclusion on the reasonableness of the requested fees." *Id.*  A district court must give its reasons for striking expenses, but "[t]he level of specificity required by district courts is proportional to the specificity of the fee opponent's objections." *In re Home Depot Inc.*, 931 F.3d 1065, 1089 (11th Cir. 2019).

The expenses in this case are awarded pursuant to Federal Rule of Civil Procedure 37(d)(3), which explicitly limits reasonable fees and costs to those "caused by the failure" of the party that did not comply with discovery obligations. Therefore, there must be a causal link between Mr. Threatt's failure to appear for the June 7 deposition and each expense claimed by Defendants, as "the court can shift only those attorneys' fees incurred because of the misconduct at issue." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017).

The court first notes that all Defendants claim expenses for time spent preparing for Mr. Threatt's originally scheduled deposition.  But because Defendants would have incurred those preparatory expenses regardless of Mr. Threatt's failure to appear on June 7, the expenses were not "caused by" Mr. Threatt's misconduct. Further, the Defendants did have the opportunity to depose Mr. Threatt, albeit on a later date.  (Doc. 106 3–4 ¶ 7).  Defendants argue only that that the preparation "had to be done again" before deposing Mr. Threatt over a month after he originally

planned to do so.  (Doc. 104-2 at 5). This argument is unpersuasive.  Defendants may have needed to refresh their memory before the later deposition, but they did not have to start at square one.  Moreover, emails between counsel in this case indicate that Defendants further delayed rescheduling Mr. Threatt's deposition. (*See* doc. 106-1).  To the extent that Defendants forgot valuable information during the interim between the scheduled deposition and when the deposition finally took place, they bear at least some responsibility.

Accordingly, the court will not permit recovery of expenses relating to Defendants' deposition preparation.  The court will now consider each firm's requested expenses.

1.  Austill Lewis Pipkin & Maddox P.C.

Austill Lewis Pipkin & Maddox P.C. ("Austill") requests a total of $10,150.99 from Mr. Threatt.  This amount includes payment for 39 hours of work performed by attorney Brandi B. Frederick at a rate of $175.00 per hour, 28.9 hours of work performed by paralegal Teresa Isbell at the rate of $100.00 per hour, and the fee for the court reporter's appearance and transcript from June 7, 2021.  (Doc. 104-1). Austill also requests that SHA's Corporate Representative, Samuel Royster, be paid $51.13 to cover his mileage for traveling to and from the originally scheduled deposition on June 7, 2021.  (*Id*. at 14 ¶ 13).  Because Mr. Threatt has stipulated that

the above hourly rates are themselves reasonable (doc. 104 at 2 ¶ 3), the court will only address the reasonableness of the number of hours worked.

As discussed above, the court will not award expenses arising from Defendants' preparation for the June 7, 2021 deposition. (Doc. 104-1 at 5–6). The court also declines to award $51.13 to cover Mr. Royster's mileage. (*Id.* at 14 ¶ 13). As for paralegal Isbell's work, 28.8 of the 28.9 hours claimed involve tasks such as "identify[ing] key documents needed at Plaintiff's deposition in defense of claims alleged in complaint." (*Id.* at 12). Accordingly, the court strikes those 28.8 hours and turns to the reasonableness of the remaining expenses.

Remaining are the 29.9 hours claimed by Ms. Frederick and the .1 hour claimed by Ms. Isbell. (*Id.* at 11, 13). Mr. Threatt argues broadly that these expenses are unreasonable but provides no specific objections. (Doc. 106 at 2 ¶¶ 3, 4). The court finds that the .1 hour spent by Ms. Isbell examining the draft motion for sanctions is reasonable. (Doc. 104-1 at 13). The court further finds that the 2.9 hours billed by Ms. Frederick for time spent the night of June 6 and morning of June 7 which directly related to Mr. Threatt's failure to appear at the deposition reasonable and will award fees accordingly.

Turning to the remaining fees arising from 27 hours of work spent by Ms. Frederick relating to sanctions, the court has reviewed the documentation Ms. Frederick provided of the hours she claims to have worked on this issue. (Doc. 104-

6

1 at 5–11).  "Sworn testimony that, in fact, it took the time claimed is evidence of considerable weight on the issue of the time required in the usual case."  *Perkins v. Mobile Housing Bd.*, 847 F.2d 735, 738 (11th Cir. 1988).  But fee applicants must exercise "billing judgment" and exclude from its application "excessive, redundant, or otherwise unnecessary [hours]."  *Hensley v.* Eckhart, 461 U.S. 424, 434 (1983). Put simply, if a lawyer would not include time or tasks in a bill to the client, she should not include it in a fee petition.  *Norman*, 836 F.2d at 1301.

Mr. Threatt has provided no specific objections in response to Ms. Frederick's time entries.  Instead, he argues broadly that the total amount requested by all Defendants is unreasonable.  (Doc. 106 at 2 ¶¶ 3, 4).  Based on its review of the fee application, the court finds that the 27 hours spent on the matter of sanctions are obviously and convincingly excessive.

The issue presented is neither novel nor complex.  And the work Ms. Frederick performed is generally considered work that is capable of being performed by a junior lawyer billing at a lower rate.  When billed by an experienced lawyer such as Ms. Frederick, there is an expectation of efficiency that is obviously lacking here.  Indeed, the court notes that the time spent on the matter of sanctions is three times the total amount of time Ms. Frederick spent preparing for Mr. Threatt's deposition.  The court finds the amount billed for Mr. Threatt's deposition

preparation is evidence of what the market considers a reasonable amount of time for addressing important, non-dispositive, matters in a case of this kind.

Ms. Frederick spent a total of 4.5 hours on the motion for leave to file for sanctions, a motion that is typically cut and pasted into the body of the motion for sanctions after the court grants leave for filing.  The court finds that the amount of time spent on the motion is reasonable under the circumstances.

For her motion for sanctions, Ms. Frederick cut a significant portion of the motion for leave and pasted it into the body of her motion.  But she billed an *additional* 4.4 hours of time spent relating to that motion.  The court finds that the time billed for the motion for sanctions was excessive under the circumstances and finds that 2.5 total hours is a reasonable amount of time to spend on this motion.

Finally, Ms. Frederick applied for fees arising from her time spent replying to the opposition to the motion for sanctions.  The court did not request a reply to the opposition to the motion for sanctions.  (Doc. 105).  Nor was one necessary; as the reply points out, Mr. Threatt's opposition was largely an attempt to relitigate the issue of whether sanctions were appropriate.  (Doc. 107 at 1).  Given this, it is questionable whether *any* time spent on a reply was necessary and certain that **18 hours** of time spent is patently excessive.

Having reviewed the time spent on the reply, the court finds that 3.1 hours spent discussing the draft reply brief and revisions thereto with one of her co-

counsel[1] and 2.3 hours reviewing dockets in other cases to determine the legitimacy of Mr. Threat's counsels' excuses for not attending the deposition were unnecessary. In addition, the court finds that the 8.5 hours Ms. Frederick spent researching, drafting, and revising the reply excessive.  Given all of the foregoing, the court finds that 2 hours of time is a reasonable amount of time to expend on this particular reply.

Finally, the court finds the 2.9 hours spent in drafting and submitting Ms. Frederick's fee declaration reasonable and necessary.  However, the court will not award fees associated with Ms. Frederick's review and analysis of other cases establishing reasonable hourly rates because a request for a stipulation on the reasonableness of the rate was pending at the time the research was performed.

Based on the foregoing, the court **ORDERS** Mr. Threatt's attorneys to pay Austill a total of $2,746.88.  This amount includes the $146.88 court reporter fee, $2,590.00 for 14.8 hours of Ms. Frederick's work, and $10.00 for .1 hour of Ms. Isbell's work.

2.  <u>The Frederick Firm's Request for $5,722.50</u>

The Frederick Firm ("Frederick") requests a total of $5,722.50 for 32.7 hours of work by Attorney Barry Frederick at a rate of $175 per hour.  (Doc. 104-2). Because Mr. Threatt has stipulated that Mr. Frederick's rate is itself reasonable (*id*.

---

[1] According to the applications, Ms. Frederick only discussed, and accepted revisions for, each draft with Mr. Frederick.

at 4 ¶ 8), the court will only address the reasonableness of the number of hours Mr. Frederick claims to have spent on this matter.

Again, the court will not award fees for the 12.7 hours Mr. Frederick spent preparing for the June 7 deposition. (*Id*. at 1–2).  Remaining are 20 hours, which Mr. Threatt argues is an unreasonable amount of time to spend on the issue of sanctions. (Doc. 106 at 2 ¶¶ 3,4).  The court agrees.

The court will award expenses for the time Mr. Frederick spent on June 7 directly relating to Mr. Threatt's failure to appear at the deposition.  However, several of the entries made on June 7 reflect an excessive amount of time spent on a certain task.  For example, Mr. Frederick billed .5 hours for his email to Mr. Threatt's counsel sent on the morning of June 7.  (Doc. 104-2 at 2).  The court has reviewed this email (doc. 95 at 23), and finds that a reasonable amount of time to spend writing it would be .1 hour.  Mr. Frederick also billed .4 and .5 hours for his travel to and from Ms. Frederick's office on June 7.  (Doc. 104-2 at 2).  Given that the drive between Mr. Frederick and Ms. Frederick's offices should take no more than fourteen minutes, the court will allow only .3 hours for each of those trips.  Google Maps, https://google.com/maps/, (last visited Oct. 4, 2021).  Accordingly, the court will reduce the number of hours billed on June 7 to 2.6.

The court next turns to the time Mr. Frederick spent on the issue of sanctions. Although it was Ms. Frederick who wrote all three of the relevant filings in this case,

Mr. Frederick claims he spent 3.1 hours on the motion for leave to file sanctions, 5.3 hours on the motion for sanctions, and 2.1 hours on the reply brief. (Doc. 104-2 at 2–5). Mr. Frederick spent this time revising Ms. Frederick's drafts and conferring with her regarding those proposed revisions. (*See e.g.* doc. 104-2 at 3, 4).

Mr. Frederick's extensive review of Ms. Frederick's work product and his constant communication with co-counsel was both excessive and unnecessary given the simplicity of the issues involved. Ms. Frederick is herself an experienced attorney of nearly twenty years. (Doc. 104-1 at 2). There is no justification for Mr. Frederick so closely monitoring her work, especially on a straightforward issue usually handled by junior associates. Nor are there any thorny legal issues involved in Defendants' motions to justify the *numerous* strategy conferences and emails between co-counsel. Accordingly, the court reduces the number of hours spent by Mr. Frederick on the motion for leave to file sanctions, the motion for sanctions, and the reply brief to 1.5 hours in total for all filings.

Finally, the court finds the five hours Mr. Frederick spent preparing his declaration for attorney fees (doc. 104-2 at 5) is also excessive. And, because Mr. Threatt stipulated to the reasonableness of Mr. Frederick's hourly rate, it was unnecessary for Mr. Frederick to address in detail why his requested hourly fee is reasonable. (*See id.* at 3–4 ¶¶ 5–8). There is no disparity between Mr. Frederick's declaration and Ms. Frederick's declaration to adequately explain why Ms. Frederick

billed only 2.9 hours for drafting her declaration (doc. 104-1 at 10), whereas Mr. Frederick spent five hours on his. The court finds that 2 hours is a reasonable amount of time for Mr. Frederick to have spent on his Declaration.

Accordingly, the court **ORDERS** Mr. Threatt's attorneys to pay Frederick firm a total of $1,067.50 for 6.1 hours of Mr. Frederick's work.

3. Stubbs, Sills, & Frye P.C.'s Request for $1,054.50

Stubbs, Sills, & Frye P.C. ("Stubbs") requests a total of $1,054.50 for 5.7 hours of Attorney David Stubbs' work at a rate of $185.00 an hour. (Doc. 104-3 at 2–3). Mr. Threatt objects to this request in its entirety, arguing that because "[Mayor] Heigl never filed his own motion for expenses and attorney's fees . . . [his] claim should be deemed waived." (Doc. 106 at 4 ¶ 9).

Mr. Threatt's argument is unpersuasive. Although Mayor Heigl did not bring the motion for sanctions, the motion itself clearly requests payment of expenses for *all* defendants in this case, including Mayor Heigl. (Doc. 97 at 12 ¶ 27(d)). That Mayor Heigl did not join the motion for sanctions does not change the fact that Rule 37(d)(3) mandates the reimbursement of his expenses resulting from Mr. Threatt's failure to appear at his June 7, 2021 deposition.

Having established Stubbs' entitlement to attorneys' fees, the court next turns to whether Stubbs' hourly rate of $185.00 is reasonable. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by

lawyers of reasonably comparable skills, experience and reputation." *Norman*, 836 F.2d at 1299.  Satisfactory evidence that an hourly fee is reasonable requires "more than the affidavit of the attorney performing the work." *Id*.

Mr. Stubbs' affidavit states that his hourly rate "is below the market rate for attorneys with [his] level and years of experience in this district." (Doc. 104-3 at 2). The court agrees.  Additionally, Stubbs' hourly rate is only ten dollars over that of Mr. and Ms. Frederick's rate of $175.00, which Mr. Threatt has stipulated is reasonable in this case. (Doc. 104 at 2–3).  The court finds that, considered together, Mr. Stubbs' testimony and Mr. Threatt's stipulation to an hourly rate of $175.00 provide satisfactory evidence that the $185.00 hourly rate charged by Stubbs is also reasonable.

As to the number of hours Mr. Stubbs' billed, the court will only permit an award of fees for those expenses caused by Mr. Cook's failure to appear at the June 7, 2021 deposition.  Therefore, the court strikes the two hours Mr. Stubbs spent preparing for Threatt's deposition.

Accordingly, the court **ORDERS** Mr. Threatt's attorneys to pay Stubbs $684.50 for 3.7 hours of Mr. Stubbs' work.

## III.   <u>CONCLUSION</u>

Defendants are entitled to reasonable fees and expenses arising from Mr. Threatt's failure to appear at his originally scheduled deposition.  Because the failure

to appear was the fault of Mr. Threatt's attorneys and not Mr. Threatt himself, his attorneys Richard Rice, Rod Cooks, and Lee Winston are jointly and severally liable for the expenses outlined in this Order.

**DONE** and **ORDERED** this October 14, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE